IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANTOINETTE WOODLAND,** | : |
| Plaintiff, | : |
| v. | : Case No.: 1:05-cv-01611-PLF |
| **VIACOM, INC.,** | : |
| Defendant. | : |

## REPORT OF LOCAL RULE 16.3 CONFERENCE

Pursuant to the rules of this Court, Counsel in the above-captioned matter submit this report regarding the issues discussed during the parties' LCvR 16.3 Conference. A proposed Scheduling Order incorporating the parties' report is attached.

**I.   STATEMENT OF THE CASE**

Plaintiff is employed by Defendant's subsidiary, Black Entertainment Television ("BET"). Plaintiff alleges that she has suffered a material change in the conditions of her employment based upon sex discrimination. Specifically, Plaintiff has been relegated to duties essentially clerical in nature while another person, who is male, has been assigned the functions Plaintiff formerly performed and for which performance Plaintiff received superior appraisals. Plaintiff also alleges that concurrent with this change in job duties, other BET employees have engaged in ongoing harassment of her because of her sex.

Defendant states that Plaintiff has brought this claim against the wrong party. Although Plaintiff concedes that she was employed by BET, Plaintiff has named Viacom, Inc. as the Defendant. Plaintiff's claim of discrimination cannot be brought against Viacom, Inc., who is not Plaintiff's employer.

**II.     RULE 16.3 REPORT**

1. <u>Status of Dispositive Motions</u>.  Plaintiff does not believe that this action may be resolved by dispositive motion following discovery.  Defendant believes that this action may be dismissed for failure to join an indispensable party under Fed. R. Civ. P. 19 or through a Motion for Summary Judgment following discovery.

2. <u>Amended Pleadings</u>: Plaintiff does not at this time anticipate that it will be necessary to join third parties or amend the pleadings.  Defendant states that Plaintiff's employer, BET, cannot be made a party because it would preclude this Court's diversity jurisdiction over this matter.  Defendant therefore believes that the primary issue to be resolved is whether, in the absence of BET, this action in this Court can be maintained.

3. <u>Assignment to Magistrate Judge</u>: The parties do not consent to assignment of a magistrate judge for trial.

4. <u>Settlement Possibility</u>: Plaintiff believes that mediation may prove fruitful in this matter.  Because it is not a proper party to this litigation, Defendant does not believe there is a realistic possibility of settlement.

5. <u>Alternative Dispute Procedures</u>: Plaintiff believes that alternative dispute resolution in the form of mediation may prove fruitful in this matter.  Plaintiff does not seek a neutral evaluation of her claims at this time.  Because it is not a proper party to this litigation, Defendant does not believe this case would benefit from the Court's ADR procedures.

6. <u>Dispositive Motions</u>:  The parties believe that any dispositive motion should be filed within 60 days of the close of discovery, that any opposition to that motion should be filed within 30 days of the filing of the motion, and that any reply should be filed within 30 days of the filing of the opposition.

7. <u>Initial Disclosures</u>:  The parties agree that they should provide initial disclosures as required by Fed. R. Civ. P. 26(a)(1).

8. <u>Discovery</u>.  The parties request 150 days to complete discovery.  The parties agree to limit the number of interrogatories to 25 per side.   The parties agree to limit the number of depositions to 10 per side.

9. <u>Experts</u>: The parties agree that the requirements of Fed. R. Civ. P. 26(a)(2) should not be modified.  Plaintiff agrees to name his experts and provide the Expert Report(s) within sixty (60) days following the initial scheduling conference and believes the Defendant should name its experts and provide the Expert Report(s) within thirty (30) days thereafter.  The Defendant believes it should name its experts and provide the Expert Report(s) sixty (60) days thereafter, or after Plaintiff's experts are deposed.

10. <u>Class Action Procedures</u>: Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>:  The parties do not believe that bifurcation of this matter is necessary.  However, to the extent Plaintiff seeks punitive damages at trial, Defendant reserves the right to request bifurcation of that issue at trial.

12. <u>Proposed Date for the Pretrial Conference</u>: The parties believe that a pretrial conference should be scheduled at the initial scheduling conference.

13. <u>Trial Date</u>: The parties agree that, if necessary, a trial date should be set at the pretrial conference.

The parties hereby certify that all items required to be discussed by Rule 26(f) and LCvR 16.3(c) were addressed.

                                                    Respectfully submitted,

Date: November 9, 2005                                  _____/s/_____
                                                    Jimmy A. Bell, Esq. (Bar No. MD 14639)
                                                     Law Office of Jimmy A. Bell, P.C.
                                                     9610 Marlboro Pike
                                                     Upper Marlboro, MD  20772
                                                     (301) 599-7620
                                                     (301) 599-7623 (Fax)
                                                     jimbellesq@aol.com
                                                     Counsel for Plaintiff


Date: November 9, 2005                                  _____/s/_____
                                                     Grace E. Speights (D.C. Bar # 392091)
                                                     Ray E. Donahue (D.C. Bar # 482930)
                                                     Morgan, Lewis & Bockius LLP
                                                     1111 Pennsylvania Avenue, N.W.
                                                     Washington, D.C. 20004
                                                     (202) 739-3000
                                                     (202) 739-3001 (fax)

                                                     Counsel for Defendant Viacom Inc.

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          :
**ANTOINETTE WOODLAND,**                  :
                                          :
      Plaintiff,           :
                                          :
v.                                        :     Case No.: 1:05-cv-01611-PLF
                                          :
**VIACOM, INC.,**                         :
                                          :
      Defendant.          :
_____:

## INITIAL SCHEDULING ORDER

UPON CONSIDERATION of the Report of Local Rule 16.3 Conference and the entire record herein, it this _____ day of _____, 2005 hereby

ORDERED that the parties shall be allowed a discovery period of 150 days from the date of the initial scheduling conference in this matter, and it is further;

ORDERED that any dispositive motions shall be filed no later than 60 days after the close of discovery, any opposition thereto shall be filed no later than 30 days following the filing of the dispositive motion; and any reply shall be filed no later than 30 days following the filing of the opposition; and it is further

ORDERED that expert witness reports shall be exchanged in accordance with Fed. R. Civ. P. 26(a)(2), as modified.  Plaintiff will name experts and provide their reports within 60 days of the initial scheduling order.  The Defendant will name experts and provide their reports 60 days thereafter.

Date_____          _____
                                              Paul L. Friedman
                                              United States District Judge