IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANTOINETTE WOODLAND,** | : |
| Plaintiff, | : |
| v. | : Case No.: 1:05-cv-01611-PLF |
| **VIACOM, INC.,** | : |
| Defendant. | : |

## DEFENDANT VIACOM'S RULE 19 MOTION TO DISMISS

Defendant Viacom, Inc., by its undersigned attorneys, and based upon the accompanying Memorandum of Points and Authorities in Support thereof, hereby moves to dismiss Plaintiff's claim of employment discrimination under the District of Columbia Human Rights Act, D.C. Code § 2-1401, *et seq.*, for failure to join an indispensable party under Fed R. Civ. P. 19.

Respectfully submitted,

Date: January 17, 2006                    _____/s/_____
Grace E. Speights (D.C. Bar # 392091)
Ray E. Donahue (D.C. Bar # 482930)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 739-3000
(202) 739-3001 (fax)

Counsel for Defendant Viacom Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **ANTOINETTE WOODLAND,** | : |
| Plaintiff, | : |
| v. | : Case No.: 1:05-cv-01611-PLF |
| **VIACOM, INC.,** | : |
| Defendant. | : |

**DEFENDANT VIACOM'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS RULE 19 MOTION TO DISMISS**

Defendant Viacom, Inc. ("Viacom"), by its undersigned attorneys, moves to dismiss Plaintiff's claim of employment discrimination under the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401, *et seq.* for failure to join an indispensable party. Because Plaintiff's employer, Black Entertainment Television ("BET") is a necessary party to this action, but cannot be joined because its presence would preclude this Court's diversity jurisdiction, Rule 19 requires the dismissal of this action.

**I.    STATEMENT OF FACTS**

Plaintiff filed her Complaint in this action on August 12, 2005, and served Viacom on September 30, 2005. In her Complaint, Plaintiff alleged that she "was an employee of Defendant Viacom." (Complaint ¶ 6). However, a plain reading of Plaintiff's Complaint illustrates that BET, not Viacom, is Plaintiff's actual employer. *See, e.g.* Complaint at ¶ 8 (Plaintiff was hired "as a Property Manager for BET"); ¶ 9 (Plaintiff was promoted to the position of Senior Logistics Manager for BET); ¶ 45 (As a Senior Manager, Plaintiff managed the day-to-day operations on the BET Campus, handled interior design of the BET campus, and coordinated

logistical/facility concerns for BET remote sites); and ¶ 78 (Plaintiff was informed that "BET had formally withdrawn any performance evaluations regarding Plaintiff").

Upon receipt of Plaintiff's Complaint, Counsel for Viacom, Inc. notified Plaintiff's Counsel that "such a claim can only be brought, if at all, against Ms. Woodland's actual employer, Black Entertainment Television," and requested that Plaintiff dismiss her lawsuit before Viacom was required to file a responsive pleading. (*See* October 17, 2005 Letter to Jimmy Bell, a true and correct copy of which is attached hereto as Exhibit 1). Plaintiff declined, and Viacom subsequently filed its Answer with this Court.

In the parties' Joint Report filed with this Court on November 9, 2005, Plaintiff admitted that she actually "is employed by Defendant's subsidiary, Black Entertainment Television ("BET")." (*See* Report of Local Rule 16.3 Conference). Moreover, during the parties' November 16, 2005 Status Conference, Counsel for Plaintiff even offered to amend the Complaint to add BET as a party, but as the Court observed, such an amendment would preclude this Court's diversity jurisdiction. (*See* November 16, 2005 Transcript, a true and correct copy of which is attached as Exhibit 2, at 3-4). Based on the record before it, the Court invited the parties, if possible, to resolve prior to discovery the issue of who is the proper defendant in this action. (*Id.* at 8).

## II.    ARGUMENT

Fed R. Civ. P. 19 requires a two-part analysis to determine whether dismissal is appropriate. First, the Court must determine whether a party is necessary to the litigation. *See* Fed. R. Civ. P. 19(a). Second, if a party is necessary to the litigation, but cannot be joined, the Court must determine whether that party is indispensable – *i.e.* whether the action should be dismissed in the absence of that necessary party. *See* Fed. R. Civ. P. 19(b). As explained more

fully below, BET is both a necessary and indispensable party to this litigation, and Rule 19 therefore requires dismissal of this action.

      **A.**     **BET is a Necessary Party to this Action**

A party will be deemed necessary if: (1) in the person's absence complete relief cannot be afforded among the parties; (2) the absentee's ability to protect its interests may be impaired by the disposition of the action; or (3) those already parties will be subject to a substantial risk of incurring inconsistent obligations because of the absence. *Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Washington*, 699 F.2d 1274, 1278-79 (D.C. Cir. 1983) (citing Rule 19(a)). The central issue in the case is whether BET discriminated against Plaintiff in violation of the DCHRA. All three Rule 19(a) concerns are implicated when the person whose obligation is centrally at issue is missing from the action. *Cloverleaf*, 699 F.2d at 1279. More specifically, here, (1) Plaintiff cannot be afforded complete relief for employment discrimination in her employer's absence, (2) as a non-party to this action, BET cannot adequately protect its interests, and (3) Viacom, who has no employment relationship with the Plaintiff, cannot be asked to incur any obligations with respect to Plaintiff's employment. Because BET's presence is necessary to the resolution of Plaintiff's claim of employment discrimination, BET is a necessary party to this litigation.

Despite the fact that Plaintiff has conceded that that BET is her actual employer, Plaintiff appears intent on suing BET's corporate parent, Viacom, for employment discrimination. However, the doctrine of limited liability of corporations creates a strong presumption that a parent company is not the employer of its subsidiary's employees, and the courts have found otherwise only in extraordinary circumstances. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1362 (10th Cir. 1993); *see also Watson v. Gulf & Western Indus.*, 650 F.2d 990, (9th Cir. 1981) ("in

the absence of special circumstances, a parent corporation is not liable for the Title VII violations of its wholly owned subsidiary").[1] While this Court has noted that employers should not be permitted to circumvent the strictures of anti-discrimination laws through clever legal maneuvering, such as the deceptive creation of two separate entities, *see Brug v. Nat'l Coalition for the Homeless*, 45 F. Supp.2d 33, 39 (D.D.C. 1999) (internal quotations omitted), Plaintiff has made no allegation, nor can she, that Viacom or BET have used the corporate form to shield either party from liability for employment discrimination. In the absence of such an allegation, Plaintiff should not be permitted to proceed without her employer, BET, which is a necessary party to Plaintiff's claim of employment discrimination.

### B. Because BET is an Indispensable Party to this Action, Plaintiff's Claim Should be Dismissed

If a party, like BET, is deemed necessary but cannot be joined in the action, here because it would preclude this Court's diversity jurisdiction, the Court must determine "whether in equity and good conscience the action should proceed among the parties before it, or the action should be dismissed, the absent person being thus regarded as indispensable." Fed. R. Civ. P. 19(b). Rule 19(b) lists four factors the Court should consider: (1) whether judgment rendered in the party's absence would be prejudicial to the absent party or those already parties; (2) whether by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate, and (4) whether the plaintiff will have an adequate remedy if the action is dismissed. *Id.* The rule calls for a pragmatic decision based on practical considerations in the context of a particular litigation. *See Kickapoo Tribe of Indians v. Babbitt*, 43 F.3d 1491, 1495 (D.C. Cir. 1995) (citing *Provident Tradesmens Bank &*

---

[1] In deciding cases under the DCHRA, this Court can rely on decisions of the federal courts in Title VII cases as persuasive authority. *See Daka, Inc. v. Breiner*, 711 A.2d 86, 94 (D.C. 1998).

*Trust Co. v. Patterson*, 390 U.S. 102 (1968)).

Here, it is clear that a judgment rendered in BET's absence would be prejudicial to both BET, since as a non-party it will be unable to fully protect its own interests, and Viacom, who should not be held liable for the acts of its subsidiary. Relief cannot be shaped to avoid that prejudice. Moreover, to the extent Plaintiff has been subjected to unlawful discrimination, any judgment rendered in the absence of the allegedly offending party, here BET, would be inadequate.

Finally, as this Court noted, in the absence of diversity jurisdiction, this action would have been more appropriately brought in District of Columbia Superior Court. (*See* Exhibit 2 at 4). Here, Plaintiff knew that BET was her employer, and was reminded of this fact shortly after the Complaint was filed. (*See* Exhibit 1). Despite this notice, Plaintiff proceeded with this action in this Court. Under such circumstances, failure to dismiss for failure to join an indispensable party "would be a misconstruction of the rule and would contravene the established doctrine of indispensability." *See Wichita & Affiliated Tribes of Okla. v. Hodel*, 788 F.2d 765, 777 (D.C. Cir. 1986); *cf. Ellis v. U.S. Postal Service*, 784 F.2d 835, 838 (7th Cir. 1986) (noting that the plaintiffs were "not the unwitting victims of a technical trap" where they were warned that their claims were deficient for failing to name the proper defendant).

### III.    CONCLUSION

For all of the above reasons, the Court should grant Viacom's Motion and dismiss this action for failure to join an indispensable party under Fed. R. Civ. P. 19.

                    Respectfully submitted,

Date: January 17, 2006                        _____/s/_____
                                                Grace E. Speights (D.C. Bar # 392091)
                                                Ray E. Donahue (D.C. Bar # 482930)
                                                Morgan, Lewis & Bockius LLP
                                                1111 Pennsylvania Avenue, N.W.
                                                Washington, D.C. 20004
                                                (202) 739-3000
                                                (202) 739-3001 (fax)

                                                Counsel for Defendant Viacom Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January, 2006, a copy of the foregoing Rule 19 Motion to Dismiss was served via the electronic case filing (CM/ECF) system and first-class mail on Counsel for Plaintiff as follows:

>Jimmy A. Bell, Esq.
>The Law Offices of Jimmy A. Bell, P.C.
>9610 Marlboro Pike
>Upper Marlboro, MD 20772

_____/s/_____
Ray E. Donahue