IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTOINETTE WOODLAND, Plaintiff,

v.

VIACOM, INC., Defendant.

. Docket No. CA 05-1611 (PLF)
. Washington, D.C.
. November 16, 2005
. 9:45 a.m.

TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff: By: Jimmy A. Bell, Esquire
Janelle N. Richards, Esquire
9610 Marlboro Pike
Upper Marlboro, Maryland 20772

For the Defendant: Morgan, Lewis & Bockius, LLP
By: Grace E. Speights, Esquire
Ray E. Donahue, Esquire
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004

Court Reporter: LINDA L. RUSSO, RPR
Official Court Reporter
Room 6808, U.S. Courthouse
Washington, D.C. 20001
(202) 408-5222

Proceedings reported by machine shorthand, transcript produced by computer-aided transcription





P R O C E E D I N G S

THE CLERK: Civil action 05-1611, Antoinette Woodland versus Viacom, Incorporated. Mr. Bell and Ms. Richards for the plaintiff. Ms. Speights and Mr. Donahue for the defendant.

THE COURT: Good morning, Mr. Bell.

MR. BELL: Good morning, Your Honor.

THE COURT: Ms. Speights, how are you? Are you two going to be as accommodating with each other as the last two lawyers were?

MR. BELL: I'll try to be, Your Honor.

MS. SPEIGHTS: That depends.

THE COURT: Tell me a little about the case, Mr. Bell.

MR. BELL: Your Honor, my client was discriminated against because of her sex. In fact, there's a -- we've talked to senior level individuals who are no longer there with the company that verified what my client was talking about. My client is an employee of Viacom, irrespective of what they say, because they pay her taxes and they pay her paycheck. That's where we're at, at this point.

THE COURT: And you say she's not an employee of Viacom?

MS. SPEIGHTS: Mr. Bell has said that in the Rule 16 report, he said plaintiff is employed by defendant subsidiary BET. She is not an employee of Viacom.

MR. BELL: Your Honor, if in fact they really believe that, because we've had correspondence regarding that matter, if they believe that, they would have filed a motion to dismiss. The fact is, they understand that the case law will support the person who is your employer is a person who actually gives your -- who takes your payroll and takes the taxes from your payroll. If they want to be more technical, if they want for us to amend the complaint to take some more technical viewpoint of it, we don't have a problem with that. But in terms of the law, it's real clear, the person who takes it.

THE COURT: Your comment about amending the complaint, I understood from something I read that there was a concern that if BET were added, that we might have a problem with complete diversity. And if there were no complete diversity, because Ms. Woodland has an address in Southeast Washington, and BET is located where?

MS. SPEIGHTS: Washington, D.C.

THE COURT: So then we'd have a Washington, D.C. defendant and a New York defendant. And this is brought under the D.C. Human Rights Act not under Title 7. Does that mean you'd be back in Superior Court?

MR. BELL: That's if the Court ruled that BET was, in fact, her employer and not Viacom, which she gets her salary from.

THE COURT: I understand that. But if the problem were solved by simply adding BET as a defendant, then the question is whether you're back in Superior Court. Does the D.C. Human Rights Act, I haven't looked at it in a while, the D.C. Human Rights Act if it's a stand-alone claim must be brought in Superior Court. Not here.

MS. SPEIGHTS: Yes, unless there's diversity of jurisdiction.

THE COURT: Okay.

MR. BELL: Your Honor, that's like the Foreign Service agency discriminates against an employee, then they say you have to sue the Foreign Service agency and not the United States Department of Agriculture. That's the type of argument that they're making, Your Honor, and it's not supported by law.

THE COURT: Here's the question that I guess I need to ask you, Ms. Speights. Do you intend at some point to file a motion to dismiss or for summary judgment on this basis, and do you need discovery to do it?

MS. SPEIGHTS: Your Honor, we did not file a motion to dismiss because recognizing what Rule 12 requires, if you look at the four corners of the complaint, he alleged she was employed by Viacom, and he alleged that Viacom paid her paychecks. Based on that, we did not believe that a motion to dismiss -- we could have prepared it, we could have filed it, but that Your Honor would have granted that motion, so it would

not apply. We do intend to move for summary judgment on this issue.

THE COURT: Okay. So are you suggesting that that's going to be done after discovery, or is it going to be done during discovery, or are you proposing in some way bifurcating discovery, or should we just go forward? Your 16.3 does not suggest bifurcating discovery.

MS. SPEIGHTS: We are not suggesting bifurcation. You get into a lot of disputes about what falls into this part of the case, what falls into the other part. We're ready to move forward. And when we think we have the record to file for summary judgment, we'll file for summary judgment.

THE COURT: Okay, sounds like a good plan. You're proposing 150 days to complete discovery. Is that realistic in view of your schedule, Mr. Bell?

MR. BELL: Your Honor, as it is now, yes, Your Honor. If the Court would like to give more time, we don't have a problem with it.

THE COURT: I'm just asking.

MR. BELL: 150 is fine with us, Your Honor.

THE COURT: That gives us until the middle of April. And you've agreed no more than ten depositions per side. If it can be less, fine, and 25 Interrogatories. And I suppose there may be a request for admissions, and there will be document requests, I'm sure. Do you believe there's going to be expert

testimony?

MR. BELL: Not from the plaintiff's side.

MS. SPEIGHTS: I don't, Your Honor. We just put that in the Rule 16 report.

THE COURT: So we get done with discovery April 14th. You've agreed to provide initial disclosures in short order under Rule 26(a), and then 60 days after the close of discovery is June 14th, and then 30 days after that is July 14th, and 30 days after that for replies.

All right, so it will all be ripe by then. If you want to file earlier, you can file earlier I suppose. And Mr. Bell can respond in the timetable set under the rules. If for any reason that timetable doesn't work, you can reach some sort of agreement, I'm sure.

If you have any discovery disputes, try to work them out. If for any reason you can't work them out, call chambers. Don't file a Motion to Compel. We will have a conversation before you file anything.

Anything else, Mr. Bell, I need to know?

MR. BELL: No, Your Honor.

THE COURT: Ms. Speights, anything I need to know?

MS. SPEIGHTS: No.

THE COURT: Now, it seems to me that in this case, some cases, in the last one I know, maybe the one earlier this morning, we said we might come back before motions are due in

case there's a possibility of settlement, but it seems to me in this case you want at least to pursue this issue before there's any discussion of settlement?

MS. SPEIGHTS: That's correct, Your Honor.

THE COURT: If you win on this issue and you get summary judgment on the ground that he sued the wrong person, you will have gone through all of this discovery, and the case probably won't be over because if BET is the right employee, why doesn't he just refile in Superior Court?

MS. SPEIGHTS: And he may do that, Your Honor. We have suggested all along, we've said who we believe the proper party is, and there's an opportunity to do that now as opposed to going through this process, but Mr. Bell believes Viacom is the proper defendant so we have to proceed in that fashion.

THE COURT: I assume if I were to agree with you, and he then refiles in Superior Court, that at least you will have completed most of the discovery, and at least that's done.

MS. SPEIGHTS: It depends, Your Honor. I think one of the issues that we will have in this case is what information does Viacom, which we believe is a separate independent company, have concerning this dispute, and what control does it have over BET to get whatever information Mr. Bell might be seeking that will probably be a dispute.

MR. BELL: Your Honor, I can answer part of that question. BET uses Viacom's personnel managerial procedures.

The personnel decisions of what they make at BET comes from Viacom. We know that already. If we know it, they should know it.

THE COURT: I guess we'll find out.

MS. SPEIGHTS: We'll find out.

THE COURT: I guess if you need any documents from BET, there's subpoenas. It's all kind of strange. But it would be nice if there were some way to resolve this question before you go through discovery, but I don't know if there is. If there is, you'll figure it out.

Okay, I look forward to hearing from you.

(Proceedings concluded.)

CERTIFICATE

I, LINDA L. RUSSO, Official Court Reporter, certify that the foregoing pages are a correct transcript from the record of proceedings in the above-entitled matter.

Linda L. Russo, RPR
Virginia CCR No: 0313102