IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| **ANTOINETTE WOODLAND,** :  |   |
|  : |   |
| Plaintiff, : |   |
|  : |   |
| v. : | Case No.: 1:05-cv-01611-PLF |
|  : |   |
| **VIACOM, INC.,** : |   |
|  : |   |
| Defendant. : |   |

**DEFENDANT VIACOM'S REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF ITS RULE 19 MOTION TO DISMISS**

Defendant Viacom, Inc. ("Viacom"), by its undersigned attorneys, hereby submits its Reply Memorandum in support of its Rule 19 Motion to Dismiss. In her Opposition, Plaintiff confuses the applicable legal standard to adjudicate Defendant's Motion under Fed. R. Civ. P. 19. Neither the standard under Fed. R. Civ. P 12(b)(6) nor the D.C. Circuit's test for "single employer" status is relevant to the Court's analysis whether this action must be dismissed pursuant to Fed. R. Civ. P. 19. Under Rule 19, which provides the proper standard for this Court's analysis of Viacom's motion, Plaintiff's claim of employment discrimination under the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401, *et seq.* must be dismissed for failure to join Black Entertainment Television ("BET"), an indispensable party.

**I.   PLAINTIFF CONFUSES THE LEGAL STANDARD APPLICABLE TO THIS MOTION.**

As Viacom noted in its opening Memorandum, Fed R. Civ. P. 19 requires a two-part analysis to determine whether dismissal is appropriate. Rather than address the standard for a motion to dismiss pursuant to Rule 19, *which is plainly laid out in the rule itself and has been*

*addressed by this Court and the D.C. Circuit many times*, Plaintiff attempts to cloud this Court's analysis by referring the Court to the standard for dismissal under Fed. R. Civ. P. 12(b)(6) and the D.C. Circuit's standard for "single employer" status. Plaintiff goes so far as to assert that Defendant's Motion "skates perilously close to perpetrating a fraud upon this Court." (Plaintiff's Response in Opposition to Defendant's Rule 19 Motion to Dismiss ("Opp.") at 4). Plaintiff's bold statement lacks any foundation, and indeed, displays a complete misunderstanding of the applicable law. As more fully set forth below, neither the standard for dismissal under Fed. R. Civ. P. 12(b)(6) nor the D.C. Circuit's standard for "single employer" status are relevant to Viacom's Rule 19 motion. Because Plaintiff's Opposition completely misses the point, it should be disregarded by this Court.

      A.    **Plaintiff's Reference to the Standard Under Fed. R. Civ. P. 12(b)(6) is Totally Irrelevant to the Court's Analysis Under Fed. R. Civ. P. 19.**

Plaintiff's Opposition states that "[s]uch a heightened pleading standard is inapplicable at the pleading phase," and cites *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002) in support of its position. (Opp. at 12). In *Swierkiewicz*, the Supreme Court reversed a district court's dismissal of the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6)[1] because at the pleading stage, "a complaint must include only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz*, 534 U.S. at 512. Plaintiff's reference to *Swierkiewicz* completely ignores the fact that Defendant's motion was *not* brought at the pleading stage pursuant to Fed. R. Civ. P. 12(b)(6), but instead under Fed. R. Civ. P. 19. Indeed, Viacom acknowledged that it had elected not to file a Rule 12 motion to dismiss at the pleading stage

---

[1] While the Supreme Court's decision in *Swierkiewicz* does not specifically identify the basis for the district court's dismissal of the plaintiff's complaint, a review of the Second Circuit's opinion indicates that the dismissal was made pursuant to Fed. R. Civ. P. 12(b)(6). *See Swierkiewicz v. Sorema*, 5 Fed. Appx. 63, 64 (2d Cir. 2001). This unpublished opinion is not cited for any precedential value, but merely to identify the basis for the district court's dismissal.

1-WA/2518216.3                      2

"because recognizing what Rule 12 requires, if you look at the four corners of the Complaint, he alleged she was employed by Viacom." (*See* November 16, 2005 Transcript, which was attached as Exhibit 2 to Viacom's Motion to Dismiss, at 4). Unlike a motion to dismiss under Fed. R. Civ. P. 12(b)(6), which must be brought at the pleading stage, a motion to dismiss under Rule 19 may be brought at anytime. *See Park v. Didden*, 695 F.2d 626, 632 (D.C. Cir. 1982) ("[T]he relationship of an absent person to the action, and the practical effects of an adjudication upon him and others, may not be sufficiently revealed at the pleading stage; in such a case, it would be appropriate to defer decision until the action was further advanced") (quoting Fed. R. Civ. P. Advisory Cmte. Notes on 1966 Amendments). Plaintiff cites no reason or authority why the heightened pleading standard under *Swierkiewicz* for a Rule 12(b)(6) motion should be applied to a motion under Rule 19, which provides its own legal standard for dismissal.

Indeed, the additional evidence placed in the record since the pleading stage provides ample support for Defendant's Rule 19 motion. First, in the parties' Joint Report filed with this Court on November 9, 2005, Plaintiff admitted that she actually "is employed by Defendant's subsidiary, Black Entertainment Television ("BET")." (*See* Report of Local Rule 16.3 Conference). Second, during the parties' November 16, 2005 Status Conference, Counsel for Plaintiff even offered to amend the Complaint to add BET as a party, but as the Court observed, such an amendment would preclude this Court's diversity jurisdiction. (*See* November 16, 2005 Transcript, a true and correct copy of which is attached as Exhibit 2, at 3-4). Plaintiff's admissions contradict her Complaint, and support Viacom's position that Plaintiff's failure to join BET makes dismissal appropriate under Rule 19.

Finally, the discovery that Plaintiff served on Viacom since the filing of its motion only reinforces the necessity of BET's presence in this litigation. (*See* Plaintiff's Request for

1-WA/2518216.3                                 3

Admissions, Interrogatories, and Requests for Production of Documents, respectively attached as Exhibit 3, 4, and 5).  Plaintiff's discovery seeks information and documents related solely to her employment with BET.  Despite the Court's recognition that such information would have to be obtained by subpoena from BET (s*ee* Exhibit 2 at 8), Plaintiff directed her discovery to Viacom, who does not have the information or documents Plaintiff seeks.  Such misdirected discovery only further illustrates why this action cannot proceed without BET, and supports the dismissal of this action pursuant to Rule 19.

> **B.     The Court Does Not Need to Resolve the "Single Employer" Issue to Decide Viacom's Rule 19 Motion.**

As Plaintiff correctly notes, in determining whether separate corporations can be considered a single employer under the DCHRA, the Court should consider: (1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control.  *See Hunter v. Ark Restaurants Corp.*, 3 F. Supp. 2d 9, 18 (D.D.C. 1998); *see also E.E.O.C. v. St. Francis Xavier Parochial School*, 117 F.3d 621 (D.C. Cir. 1997) (applying these four factors in a single employer analysis under Title VII).  While an analysis of these four factors might be appropriate on a motion for summary judgment, such an analysis is not necessary to decide Viacom's Rule 19 motion.

To be successful on its Rule 19 Motion to Dismiss, Viacom need not show that the "single employer" test fails here.  Viacom need only show that the Court cannot conduct a "single employer" analysis in the absence of BET.  The cases cited by Plaintiff on the "single employer" issue illustrate this point.  In both *St. Francis* and *Hunter*, the plaintiff named his or her employer, *in addition* to the employer's parent company, as a defendant.  *See St. Francis*, 117 F.3d at 622 (naming both the St. Francis School *and* St. Francis Church as defendants);

*Hunter*, 3 F. Supp.2d at 12 (denying summary judgment to the plaintiff's direct employers, Ark D.C. Kiosk and Ark Union Station, but granting summary judgment to the corporate parent, Ark Restaurant Corp.). Plaintiff provides no explanation why, unlike the plaintiffs in *St. Francis* and *Hunter*, she did not join her employer as a defendant in this action. Indeed, in the absence of the allegedly offending party, here BET, it is hard to fathom how this Court can determine whether Plaintiff was discriminated against, and if so, whether BET's corporate parent, Viacom, can be held liable for such discrimination under a "single employer" theory.

This Court's decision in *Richard v. Bell Atlantic Corp.*, 946 F. Supp. 54 (D.D.C. 1996), another case affirmatively cited by Plaintiff, is further instructive on this issue. In *Richard*, the court noted that the Complaint alleged, in effect, that each of the plaintiffs was employed not only by Bell Atlantic Corp. ("BAC"), but also by each of the subsidiaries, who were not named as defendants. *Richard*, 946 F. Supp. at 60. The Court stated that "[s]uch an allegation is nonsensical," and ordered the plaintiffs "to file an amended complaint … in which they identify each BAC subsidiary for which each named plaintiff worked or works." *Id.* The Court further noted that "[i]f, by the close of a [limited, sixty-day discovery period], the plaintiffs discover that they cannot allege in good faith that BAC is their 'employer,' they shall dismiss BAC from this lawsuit, with prejudice." *Id.* at 67.

Plaintiff's allegation here that she is employed by both Viacom (*see* Complaint at ¶ 6) and BET (*see* Report of Local Rule 16.3 Conference) is similarly nonsensical. Like the plaintiffs in *Richard*, Plaintiff has admitted that she was employed by a subsidiary, here BET, but seeks to hold the parent corporation, here Viacom, responsible for the subsidiary's actions. Such a contradiction must be corrected. However, unlike in *Richard*, where the plaintiffs could correct their error by simple amendment without affecting this Court's federal question jurisdiction

pursuant to Title VII, Plaintiff's action here is brought solely under the DCHRA, and therefore relies on this Court's diversity jurisdiction. Because, as the Court has noted, the addition of BET as a party would preclude this Court's diversity jurisdiction, dismissal, under the standard provided by Rule 19, is the appropriate remedy.

## II.   THE ONLY STANDARD THAT NEEDS TO BE ADDRESSED BY THE COURT IS PLAINLY PROVIDED BY RULE 19.

As set forth in Viacom's opening memorandum, Fed R. Civ. P. 19 requires a two-part analysis to determine whether dismissal is appropriate.

First, the Court must determine whether a party is necessary to the litigation. *See* Fed. R. Civ. P. 19(a). A party will be deemed necessary if: (1) in the person's absence complete relief cannot be afforded among the parties; (2) the absentee's ability to protect its interests may be impaired by the disposition of the action; or (3) those already parties will be subject to a substantial risk of incurring inconsistent obligations because of the absence. *Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Washington*, 699 F.2d 1274, 1278-79 (D.C. Cir. 1983) (citing Rule 19(a)).

Second, if a party is necessary to the litigation, but cannot be joined, the Court must determine whether that party is indispensable – *i.e.* whether the action should be dismissed in the absence of that necessary party. *See* Fed. R. Civ. P. 19(b). In determining whether a party is indispensable, the Court should consider: (1) whether judgment rendered in the party's absence would be prejudicial to the absent party or those already parties; (2) whether by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate, and (4) whether the plaintiff will have an adequate remedy if the action is dismissed. *See* Fed. R. Civ. P. 19(b).

Viacom does not reiterate here the reasons set forth in its opening Memorandum why BET is an indispensible party, but does note that Plaintiff's Opposition addresses neither the elements for a necessary party under Rule 19(a) nor the factors to be considered by the Court under Rule 19(b).  The Court should therefore treat as conceded that Rule 19 has been satisfied in this case.  *See Powell v. Castaneda*, 390 F. Supp.2d 1, 8 (D.D.C. 2005).  Viacom does add, as noted above, that in order for Plaintiff to succeed in this action, she will ultimately have to prove that: (1) she was discriminated against by BET, and (2) Viacom, as BET's corporate parent, can be held liable for that discrimination.  Because neither determination can be made in the absence of BET, the Court should exercise its discretion to dismiss this action under Fed. R. Civ. P. 19.

### III.     CONCLUSION

For all of the above reasons, as well as the reasons set forth in Viacom's opening Memorandum, the Court should grant Viacom's Motion and dismiss this action for failure to join an indispensable party under Fed. R. Civ. P. 19.

Respectfully submitted,

Date: February 10, 2006                    _____/s/_____
Grace E. Speights (D.C. Bar # 392091)
Ray E. Donahue (D.C. Bar # 482930)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 739-3000
(202) 739-3001 (fax)

Counsel for Defendant Viacom Inc.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of February, 2006, a copy of the foregoing Reply Memorandum in Support of Defendant's Rule 19 Motion to Dismiss was served via the electronic case filing (CM/ECF) system and first-class mail on Counsel for Plaintiff as follows:

> Jimmy A. Bell, Esq.
> The Law Offices of Jimmy A. Bell, P.C.
> 9610 Marlboro Pike
> Upper Marlboro, MD 20772

                                    _____/s/_____
                                      Ray E. Donahue