## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANTOINETTE WOODLAND                  :
                                     :
                                     :
          Plaintiff,                 :        Case No.: 1:05cv01611
                                     :
v.                                   :
                                     :
VIACOM INC.,                         :
                                     :
          Defendant.                 :
                                     :
_____:

TO:        Defendant Viacom Inc.
           c/o Grace Speights
           Ray E. Donahue
           Morgan, Lewis & Bockius, L.L.P.
           1111 Pennsylvania Avenue, NW
           Washington, DC 20004-2541



FROM:      Antoinette Woodland
           c/o Jimmy A. Bell, Esq.
           Law Office of Jimmy A. Bell, P.C.
           9610 Marlboro Pike
           Upper Marlboro, MD 20772

## PLAINTIFF ANTOINETTE WOODLAND'S FIRST SET OF INTERROGATORIES TO DEFENDANT VIACOM INC.

   Pursuant to Fed. R. Civ. P. 33, Defendant is directed to respond to the interrogatories

propounded below, for the purposes of discovery, or for the use as evidence in this action, or

both. You are required by the Rules of this Court to answer each question fully and completely

in writing and under oath within thirty (30) days after service of the interrogatories upon you

and to serve a copy of your answers and responses upon counsel for Plaintiff.

## INSTRUCTIONS



1)      Unless otherwise specified, these interrogatories refer to the time, place, and circumstances of the occurrences mentioned or complained of in the pleadings.

2)      These interrogatories are continuing in character, so as to require you to file supplementary responses if you obtain further or different information before trial, as provided in Rule 26(e)(2) of the Federal Rules of Civil Procedure.

3)      When asked to "identify" a person, communication or document in your response to an interrogatory, please provide the following information:

     (a)      For natural persons, provide:

         (i)      The person's full name;
         (ii)      The person's race;
         (iii)      Present or last known business and residence address;
         (iv)      Present or last known telephone number;
         (v)      Present or last known position and business affiliation; and
         (vi)      Position, job description and business affiliation at the time in question.

     (b)      For persons other than natural persons, provide:

         (i)      The person's full name;
         (ii)      Present or last known address or principle place of business;
         (iii)      Present or last known telephone number; and
         (iv)      The nature of the relationship with you (past or present).

     (c)      For oral communications, provide:

         (i)      The identity of the speaker and any person hearing the communications;
         (ii)      The date of the communications;
         (iii)      The substance of the communications; and
         (iv)      Whether said communications has since been reduced to writing and, if so, identify each such document containing said commentary.

     (d)      For documents, provide:

         (i)      The author and all recipients;
         (ii)      The title of the document and/or any identifying numbers or designations;

     (iii)    The date of the document or, if undated, state the exact nature and substance thereof;

     (iv)    The nature and substance of the document;

     (v)    Identify each person having possession, custody or control of the original and copies thereof;

     (vi)    The identity of all persons having knowledge or information with regard to the document's subject matter; and

     (vii)    If such document was, but no longer is, in your possession, custody, or control, state what disposition was made of it.

4)     Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, the attorneys.

5)     If you object to an interrogatory based on a claim of privilege, work-product, or other exemption from discovery, please state the reasons for said objection and respond to the extent the claimed exemption does not apply.

## DEFINITIONS

In these interrogatories, the following definitions apply:

1)     "Document" includes, but is not limited to, the following:  a writing, book; manual; employee handbook; report; contract; agreement; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); official paperwork; minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notices; statements; journals; drawing; graph; chart; photograph; video; audio; or other electronic recording; and other data compilation from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form, i.e., typed in English prose.

3

2)      "Identify," "identity," or "identification:" 1) when used in reference to a natural person, means that person's full name, race, last known address, home and business telephone numbers, and present occupation or business affiliation; 2) when used in reference to a person other than a natural person, includes a description of the nature of the person (that is, whether it is a corporation, partnership, etc. under the definition of person below) and the person's last known address, telephone number, and principal place of business; 3) when used in reference to any person after the person has been properly identified previously means the person's name; and 4) when used in reference to a document, requires you to state the date, the author (or, if different, the signer or signers), the addressee, and the type of document (e.g. letter, memorandum, telegram, chart, etc.) or to attach an accurate copy of the document to your answer, appropriately labeled to correspond to the interrogatory.

3)      "Person" includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the state, an agency or political subdivision of the State, a court, and any other governmental entity.

4)      "Employee" or "employees" refers to any persons employed on a either a permanent or temporary, by the Defendant.

5)      "Communication" means any document or contact, written or oral, formal or informal, manually, mechanically, or electronically generated, in which information of any nature was transmitted, transferred or stored.

4

6) The term "occurrence" or "occurrences" means the alleged incident or incidents which are the subject of this lawsuit.

7) "You" and "your" means the Defendant.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:** Please state the full and correct name of the person answering these Interrogatories.

**INTERROGATORY NO. 2:** Please describe in detail the Plaintiff's performance appraisals and/or employment history with the Defendant.

**INTERROGATORY NO. 3:** Please identify the individuals responsible for the attempts to have the Plaintiff fired.

**INTERROGATORY NO. 4:** Please describe in detail the reasoning behind your employees' attempts to have the Plaintiff fired.

**INTERROGATORY NO.5:** Please describe in detail the events described in paragraphs 25 and 26 of the Plaintiff's Complaint.

**INTERROGATORY NO. 6:** Please describe in detail the reasoning behind your employees' decision to ban the Plaintiff from traveling on company business.

**INTERROGATORY NO. 7:** Please describe in detail any and all steps taken to inform Plaintiff of the alleged concerns regarding the Plaintiff's performance.

**INTERROGATORY NO. 8:** Please identify any and all informal or formal reports, complaints, charges or investigations of sex discrimination which have been made against you or any individual employed by you in the preceding five years.

**INTERROGATORY NO. 9:** For each report, charge or investigation identified in response to Interrogatory No. 8, provide:

a)    The date of each incident and the date of the report, charge or complainant;

b)    The names and positions of each employee at issue in each report or complaint;

c)    The file, case or docket number of each report or complaint;

d)    The final disposition or current status if still pending; and

e)    The names and positions held by all persons having possession, custody or control of the documents.

**INTERROGATORY NO. 10:**  Please describe in detail Plaintiff's attendance record with your company.

**INTERROGATORY NO. 11:**  Please describe in detail why the Plaintiff's position was advertised as opened and interviews conducted while the Plaintiff still held the position of Senior Logistics Manager.

**INTERROGATORY NO. 12:**  Please describe in detail the policies and procedures governing changing an employees job title or duties.

**INTERROGATORY NO. 13:**  Please state when the Plaintiff's job title and duties were changed from Senior Logistics Manager to Logistics Coordinator.

**INTERROGATORY NO. 14:**  Please state when Mr. Williams was hired as a Senior Logistics Manager.

**INTERROGATORY NO. 15:**  Please describe in detail the difference between the duties of a Senior Logistics Manager and a Logistics Coordinator.

**INTERROGATORY NO. 16:**  Please describe in detail why the Plaintiff's job title was changed from Logistics Coordinator to Senior Manager of Occupant Services.

6

**INTERROGATORY NO. 17:** Please describe in detail the steps taken to investigate the slanderous statements made about the Plaintiff and any conclusions arrived at during the course of any such investigations.

**INTERROGATORY NO. 18:** Identify each person, not already identified, who has personal knowledge of any facts relating to the issues, claims or asserted defenses in this lawsuit, and describe fully the knowledge each such person is believed to have, including, but not limited to, persons who witnessed any occurrences described in the Complaint.

**INTERROGATORY NO. 19:** Identify each fact witness that you intend to call at trial, and state the substance of his/her anticipated testimony.

**INTERROGATORY NO. 20:** Describe, in detail, every event or circumstance that you allege rebuts any of the claims of the Complaint. Your response should include the substance of what occurred (including identification of involved persons and their roles), the date, time, and location of the event or circumstance and the identity of the persons who witnessed the event or occurrence.

**INTERROGATORY NO. 21:** State the precise facts upon which you base each and every one of your defenses.

**INTERROGATORY NO. 22:** State the names and addresses of all persons from whom you have written, signed or recorded statements.

**INTERROGATORY NO. 23:** Identify all persons who assisted you in the preparation of the answers to these Interrogatories and all sources of information, including any documents, consulted or referred to in the preparation of these answers.

Respectfully submitted

Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, Maryland 20772
(301) 599-7620
(301) 599-7623 (FAX)
Bar No. MD 14639

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this __12__ day of __Jan__, 2006 a copy of

the foregoing Plaintiff's First Set of Interrogatories to Defendant Viacom Inc. was

mailed, via first class mail, to:

>Grace Speights
>Ray E. Donahue
>Morgan, Lewis & Bockius, L.L.P.
>1111 Pennsylvania Avenue, NW
>Washington, DC 20004-2541

Jimmy A. Bell, Esq.