# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANTOINETTE WOODLAND

   Plaintiff,

v.

VIACOM INC.,

   Defendant.

Case No.:  1:05cv01611

RECEIVED
JAN 1 7 2006
MORGAN LEWIS & BOCKIUS LLP

TO:  Defendant Viacom Inc.
   c/o Grace Speights
   Ray E. Donahue
   Morgan, Lewis & Bockius, L.L.P.
   1111 Pennsylvania Avenue, NW
   Washington, DC 20004-2541

FROM:  Antoinette Woodland
   c/o Jimmy A. Bell, Esq.
   Law Office of Jimmy A. Bell, P.C.
   9610 Marlboro Pike
   Upper Marlboro, MD 20772

### PLAINTIFF ANTOINETTE WOODLAND'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT VIACOM INC.

Plaintiff, by and through her attorney, Jimmy A. Bell, Esq. and the Law Office of

Jimmy A. Bell, P.C., pursuant to the rules of this Court, requests that the Defendant

produce for inspection and copying within thirty (30) days, the following notes,

documents, records and materials.  In lieu of producing the documents for inspection, the

Plaintiff will accept legible copies mailed to counsel's office within the required time.



1

## **INSTRUCTIONS**

A.    These requests are continuing in nature pursuant to Fed. R. Civ. P. 26(e)

so as to require you to file supplemental responses if you should obtain

further or different responsive documents prior to trial.

B.    The word "document" means any report, record, writing, drawing, graph,

chart, photograph, recording, and other data compilations from which

information can be obtained or translated, if necessary, through detection

devices into reasonably useable form.

C.    When asked to "identify" a person or document in your response to an

interrogatory, please provide the following information:

    1.    For natural persons, provide:

        (a)    The person's full name;
        (b)    The person's race;
        (c)    Present or last known telephone number;
        (d)    Present or last known position and business affiliation; and
        (e)    Position, job description and business affiliation at the time in question.
        (f)    Present or last known business and residence address.

    2.    For documents, provide:

        (a)    The author and all recipients;
        (b)    The title of the document and/or any identifying numbers or  designations;
        (c)    The date of the document or, if undated, state the exact nature and substance thereof;
        (d)    The nature and substance of the document;
        (e)    Identify each person having possession, custody or control of the original and copies thereof;
        (f)    The identity of all persons having knowledge or information with regard to the document's subject matter; and

       (g)      If such document was, but no longer is, in your possession, custody, or control, state what disposition was made of it.

C.     These requests call for the production of all documents described below that are under the possession, custody, or control of the Defendant, his agents, and anyone acting on his behalf.

D.     If you assert that any documents responsive to the following requests are protected by any privilege, please individually identify each document or, where appropriate, category of documents by date, subject, author and recipient(s) and state the basis for your assertion of privilege.

## DEFINITIONS

As used in this Request, the following words shall have the following meanings:

A.     "Document" includes by way of illustration and not by way of limitation, the following: a writing, book; manual; employee handbook; report; contract; agreements; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); official paperwork; minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notices; statements; journals; drawing; graph; chart; photograph; video; audio; or other electronic recording; and other data compilation from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form, i.e., typed in English prose.

B.    The term "you" or "yours" means the party or parties to whom the request is directed and agents, employees, attorneys, and representatives of said party or parties.

C.    The term "occurrence" or "occurrences" means the alleged incident or incidents, which are the subject of this lawsuit.

D.    "Employee" or "employees" as used herein refers to any persons employed on a either a permanent or temporary, by the Defendant.

E.    "Communication" means any document or contact, written or oral, formal or informal, manually, mechanically, or electronically generated, in which information of any nature was transmitted, transferred or stored.

F.    The term "occurrence" or "occurrences" means the alleged incident or incidents which are the subject of this lawsuit.

G.    "Relate to" and "refer to" mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

## REQUESTS

1.    Please provide a copy of any and all documents relating to the Plaintiff's performance and/or employment appraisals.

2.    Please provide a copy of any and all documents pertaining to the position description for the Senior Logistics Manager position.

3.    Please provide a copy of any and all documents pertaining to the position description for the Logistics Coordinator position.

4.    Please provide a copy of any and all documents pertaining to the position

description for the Senior Manager of Occupant Services position.

5.    Please provide a copy of any and all documents pertaining the changes in the
      Plaintiff's position changes.

6.    Please provide a copy of any and all complaints of sex discrimination filed against
      you or your employees as identified in your answer to Interrogatories 8 and 9.

7.    Please provide a copy of any and all policies and/or procedures pertaining to the
      changing of an employee's position description.

8.    Please provide a copy of any and all documents related to the investigations of the
      slanderous statements made about the Plaintiff.

9.    Please provide a copy of any and all documents related to the investigations about
      Ms. Gilmore initiated in response to the complaints of two female employees.

10.   Please provide a copy of any and all documents evidencing the Plaintiff's
      attendance record.

11.   Please provide a copy of any and all correspondence, notes, memoranda, or other
      writings prepared or signed by the Defendant that relate to the facts mentioned in
      the Complaint.

12.   Please provide a copy of any and all documents, including written reports,
      reviewed or prepared by any person that the Defendant intends to call as a witness
      at the trial of the case, including all documents pertaining to any compensation to
      be paid to said expert for testifying in this case, and a list of all cases in which the
      expert has testified at trial or deposition for the preceding four (4) years, and a
      copy of the curriculum vitae of said expert.

13.   Please provide a copy of any and all written statements, recordings, audiotapes, or

      transcripts of recorded statements made by Defendant or any other person,

      pertaining to the subject matter of this action.

14.   Please provide a copy of any and all records, documents or other writings

      pertaining to any claim made by Plaintiff to Defendant, or on your behalf, as set

      forth in your Answers to Interrogatories.

15.   Please provide a copy of any and all objects, materials, or samples related to any

      facts in the Complaint.

Respectfully submitted,

Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
(301) 599-7620
(301) 599-7623 (Fax)
Bar No. MD 14639

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___12___ day of _____Jan_____, 2006 a copy of the

foregoing Plaintiff's First Set of Requests for Production of Documents to the Defendant

Viacom Inc. was mailed, via first class mail, to:

> Grace Speights
> Ray E. Donahue
> Morgan, Lewis & Bockius, L.L.P.
> 1111 Pennsylvania Avenue, NW
> Washington, DC 20004-2541

_____
Jimmy A. Bell, Esq.