IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANTOINETTE WOODLAND,** | |
| Plaintiff, | |
| v. | Case No.: 1:05-cv-01611 (PLF) |
| **VIACOM INC.,** | |
| Defendant. | |

### NEW JOINT REPORT OF LOCAL RULE 16.3 CONFERENCE

Pursuant to the rules of this Court and the Court's Memorandum Opinion and Order issued on November 8, 2006 in the above-captioned matter, counsel submit this report regarding the issues discussed during the parties' LCvR 16.3 Conference. Each party's new proposed Scheduling Order is attached.

### I.   STATEMENT OF THE CASE

Plaintiff is employed by Defendant's subsidiary, Black Entertainment Television ("BET"). Plaintiff alleges that Defendant is Plaintiff's employer and BET is simply a level of management under Defendant. Plaintiff alleges that she has suffered a material change in the conditions of her employment based upon sex discrimination. Specifically, Plaintiff alleges that she has been relegated to duties essentially clerical in nature while another person, who is male, has been assigned the functions Plaintiff formerly performed and for which performance Plaintiff received superior appraisals. Plaintiff also alleges that concurrent with this change in job duties, other BET employees have engaged in ongoing harassment of her because of her sex.

Defendant maintains that Plaintiff has brought this claim against the wrong party. Although Plaintiff concedes that she was employed by BET, Plaintiff has brought her claim of

discrimination against Viacom Inc., who is not Plaintiff's employer. Defendant states that it cannot be held liable for the allegedly discriminatory acts of Plaintiff's superiors since it is not Plaintiff's employer. As such, and as discussed in further detail below, Defendant proposes that discovery be bifurcated into two phases: (1) a phase where discovery is limited to the issue of whether Defendant is Plaintiff's employer and, thus, can be held liable for the allegedly discriminatory acts of Plaintiff's superiors ("Phase I discovery"); and (2) a phase of discovery on the underlying claims and damages only after the Court rules on the issue of whether Defendant is Plaintiff's employer ("Phase II discovery"). At the close of Phase I discovery, the parties shall file dispositive motions. If it is determined that it is necessary to adjudicate Plaintiff's claims after the Phase I discovery period, the parties would then engage in Phase II discovery.

Plaintiff does not agree to Defendant's proposed bifurcated discovery schedule. Plaintiff believes that Defendant is trying to limit discovery because Defendant is trying to circumvent the real issues in this case – discrimination by agents, officers, employees, and/or representatives of Viacom, as managers at BET.

## II.    RULE 16.3 REPORT

1. Status of Dispositive Motions. Plaintiff does not believe that this action may be resolved by dispositive motions following discovery. Defendant believes that this action may be dismissed through a Motion for Summary Judgment following Phase I discovery.

2. Amended Pleadings: Plaintiff does not at this time anticipate that it will be necessary to join third parties or amend the pleadings. Defendant states that it cannot be held liable for the allegation of discrimination brought by Plaintiff as it is not Plaintiff's employer.

3. Assignment to Magistrate Judge: The parties do not consent to assignment of a magistrate judge for trial.

4. <u>Settlement Possibility</u>: Plaintiff believes that mediation may prove fruitful in this matter. Because it is not Plaintiff's employer, Defendant does not believe there is a realistic possibility of settlement.

5. <u>Alternative Dispute Procedures</u>: Plaintiff believes that alternative dispute resolution in the form of mediation may prove fruitful in this matter. Plaintiff does not seek a neutral evaluation of her claims at this time. Because it is not Plaintiff's employer, Defendant does not believe this case would benefit from the Court's ADR procedures.

6. <u>Dispositive Motions</u>: Defendant believes that any dispositive motion should be filed within 30 days of the close of Phase I discovery and, if necessary, Phase II discovery, that any opposition to that motion should be filed within 30 days of the filing of the motion, and that any reply should be filed within 30 days of the filing of the opposition. Plaintiff believes that any dispositive motion should be filed within 30 days of the close of all discovery.

7. <u>Initial Disclosures</u>:  The parties agree to make initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within 15 days of the Court entering a Scheduling Order in this case.

8. <u>Discovery</u>.  Plaintiff proposes 180 days to complete discovery. Plaintiff believes the Federal Rules of Civil Procedure should apply to the number of interrogatories per side. Plaintiff proposes to limit the number of depositions to ten (10) per side. Defendant proposes 45 days to complete Phase I discovery and, if necessary, 105 days to complete Phase II discovery. Defendant proposes to limit the number of interrogatories to 10 per side for Phase I discovery and, if necessary, 15 per side for Phase II discovery. Defendant proposes to limit the number of depositions to 3 per side for Phase I discovery and, if necessary, 7 per side for Phase II discovery.

9. <u>Experts</u>:  Defendant proposes that the requirements under Fed. R. Civ. P. 26(a)(2) be stayed until the beginning of Phase II discovery, if any.  Defendant believes that Plaintiff should name his experts and provide the Expert Report(s) within sixty (60) days following the beginning of Phase II discovery and believes it should name its experts and provide the Expert Report(s) forty-five (45) days thereafter, or after Plaintiff's experts are deposed.  Plaintiff believes he should name his experts and provide the Expert Report(s) within ninety (90) days following the beginning of discovery and agrees Defendant should name its experts and provide the Expert Report(s) forty-five (45) days thereafter, or after Plaintiff's experts are deposed.

10. <u>Class Action Procedures</u>: Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>:  As stated above, Defendant proposes that discovery be bifurcated into two phases.  Phase I discovery would be limited to inquiries regarding or related to the issue of whether Defendant is Plaintiff's employer and, thus, can be held liable for the allegedly discriminatory acts of Plaintiff's superiors.  If Plaintiff cannot show that Defendant is liable for the allegedly discriminatory acts of Plaintiff's superiors, Plaintiff cannot prevail on her claim of discrimination.  The issues and facts regarding whether Defendant is Plaintiff's employer are distinct from Plaintiff's DCHRA claim.  Thus, this critical employer issue is readily severable from Plaintiff's DCHRA claim and can potentially be resolved with very limited discovery, as set forth in paragraph 8 above.  Moreover, after only a limited amount of discovery, this matter could be resolved, thereby rendering unnecessary a lengthy and costly battle over Plaintiff's DCHRA claim.  Indeed, the Court suggested at the November 16, 2005 scheduling conference in this matter that the parties attempt to resolve the employer issue before going through a

lengthy discovery period. The bifurcation of discovery as proposed by Defendant would allow the parties to do just that. Finally, if necessary, the parties would be allowed discovery regarding Plaintiff's DCHRA claim during Phase II discovery. Plaintiff believes that Defendant is trying to re-litigate the issue that was already decided against it in its Rule 19 motion and does not believe a bifurcated discovery is necessary. Plaintiff believes that the doctrine of the law of the case and/or res judicata already governs this issue, which was decided against Defendant.

12. <u>Proposed Date for the Pretrial Conference</u>: Plaintiff believes that a pretrial conference should be scheduled at the initial scheduling conference. Defendant believes that the Pretrial Conference should be scheduled within 45 days following the close of Phase II discovery, if necessary.

13. <u>Trial Date</u>: The parties agree that, if necessary, a trial date should be set at the pretrial conference.

The parties hereby certify that all items required to be discussed by Rule 26(f) and LCvR 16.3(c) were addressed.

                Respectfully submitted,

Date: December 1, 2006                         /s/
                                              Jimmy A. Bell, Esq. (Bar No. MD 14639)
                                              Law Office of Jimmy A. Bell, P.C.
                                              9610 Marlboro Pike
                                              Upper Marlboro, MD  20772
                                              (301) 599-7620
                                              (301) 599-7623 (Fax)
                                              jimbellesq@aol.com
                                              *Counsel for Plaintiff*


Date: December 1, 2006                         /s/
                                              Grace E. Speights (D.C. Bar # 392091)
                                              John S. Ferrer (D.C. Bar # 489679)
                                              Morgan, Lewis & Bockius LLP
                                              1111 Pennsylvania Avenue, N.W.
                                              Washington, D.C. 20004
                                              (202) 739-3000
                                              (202) 739-3001 (fax)
                                              *Counsel for Defendant Viacom Inc.*

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ANTOINETTE WOODLAND,** :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>**VIACOM INC.,** :<br>:<br>Defendant. :<br>: | Case No.: 1:05-cv-01611 (PLF) |

### DEFENDANT'S PROPOSED SCHEDULING ORDER

UPON CONSIDERATION of the New Joint Report of Local Rule 16.3 Conference and the entire record herein, it this _____ day of _____, 2006 hereby

ORDERED that discovery in this matter will be bifurcated into two phases. Phase I discovery will be limited to the issue of whether Defendant is Plaintiff's employer and, thus, can be held liable for the allegedly discriminatory acts of Plaintiff's superiors. Phase I discovery must be completed within 45 days from the date of the scheduling conference in this matter. For Phase I discovery, the parties will be limited to 10 interrogatories and 3 depositions per side. It is further

ORDERED that any dispositive motions shall be filed no later than 30 days after the close of Phase I discovery, any opposition thereto shall be filed no later than 30 days following the filing of the dispositive motion; and any reply shall be filed no later than 30 days following the filing of the opposition; and it is further

ORDERED that, if necessary, Phase II discovery will be limited to Plaintiff's underlying claims and damages. Phase II discovery must be completed within 105 days from the Court's dismissal of dispositive motions filed after the close of Phase I discovery. For Phase II discovery, the parties will be limited to 15 interrogatories and 7 depositions per side. It is further

ORDERED that any dispositive motions shall be filed no later than 30 days after the close of Phase II discovery, any opposition thereto shall be filed no later than 30 days following the filing of the dispositive motion; and any reply shall be filed no later than 30 days following the filing of the opposition; and it is further

ORDERED that the requirements under Fed. R. Civ. P. 26(a)(2) are stayed until the beginning of Phase II discovery, if any. Plaintiff will name experts and provide their expert reports within 60 days of the beginning of Phase II discovery. The Defendant will name experts and provide their expert reports 45 days thereafter.

Date: _____        _____
                                                Paul L. Friedman
                                                United States District Judge

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANTOINETTE WOODLAND, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No.: 1:05-cv-01611 (PLF) |
| : | |
| VIACOM INC., : | |
| : | |
| Defendant. : | |

## PLAINTIFF'S PROPOSED SCHEDULING ORDER

UPON CONSIDERATION of the New Joint Report of Local Rule 16.3 Conference and the entire record herein, it this _____ day of _____, 2006 hereby

ORDERED that the parties shall be allowed a discovery period of 180 days from the date of the initial scheduling conference in this matter, and it is further;

ORDERED that any dispositive motions shall be filed no later than 30 days after the close of discovery, any opposition thereto shall be filed no later than 30 days following the filing of the dispositive motion; and any reply shall be filed no later than 30 days following the filing of the opposition; and it is further

ORDERED that expert witness reports shall be exchanged in accordance with Fed. R. Civ. P. 26(a)(2), as modified.  Plaintiff will name experts and provide their reports within 90 days of the initial scheduling order.  The Defendant will name experts and provide their reports 45 days thereafter.

Date: _____          _____
                                                                              Paul L. Friedman
                                                                              United States District Judge