IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTOINETTE WOODLAND, :
:
    Plaintiff, :
:
v. : Case No.: 1:05-cv-01611-PLF
:
VIACOM, INC., :
:
    Defendant. :

### DEFENDANT VIACOM INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF ANTOINETTE WOODLAND

Defendant Viacom Inc. ("Viacom") propounds the following Interrogatories upon Plaintiff Antoinette Woodland, and requests that she answer them separately, fully and under oath within thirty (30) days of service pursuant to Rule 33 of the Federal Rules of Civil Procedure.

### DEFINITIONS

    a.    The terms "Plaintiff," "you," "yours" and/or "yourself" mean Plaintiff Antoinette Woodland and any other persons acting, or purporting to act, on behalf of Plaintiff Antoinette Woodland.

    b.    "Viacom" means Defendant Viacom Inc., and its current and former officers, directors, employees, and/or agents.

    c.    The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

      d.      The term "correspondence" includes all letters, telegrams, notices, messages, phone logs, electronic mail, or other written communications or conferences or other oral communications.

      e.      The term "communication" means the transmittal of information by any means.

      f.      The term "date" shall mean the exact date, month and year, if ascertainable, or, if not, the best approximation of the date (based upon relationship with other events).

      g.      The term "documents" means each document or group of documents as defined in Rule 34 of the Federal Rules of Civil Procedure that are known to you or that can be located or discovered by reasonable, diligent efforts.  In addition, the word "document" shall mean any writing, recording, computer-stored information, or photograph in your actual or constructive possession, custody, care, or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, pamphlets, periodical, reports, charts, drawings, graphs, surveys, ledgers, invoices, computer printouts, computer discs, data she/sheet, microfilms, video tapes, or tape recordings.

      h.      The term "person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

      i.      The term "agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

      j.      The terms "pertains to" or "pertaining to" mean and include relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or

contradicts. These terms mean, without limitation, any reference or relationship which either: (1) provides information with respect to the subject inquiry, or (2) might lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

  k. The terms "relates to" or "relating to" mean and include constituting, referring to, pertaining to, evidencing, reflecting, describing, or has anything to do with, and in each instance, directly or indirectly. These terms mean, without limitation, any reference or relationship which either: (1) provides information with respect to the subject inquiry, or (2) might lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

  l. The term "action" shall mean the above captioned case, *Antoinette Woodland v. Viacom, Inc.*, Civil Action No. 1:05-cv-01611-PLF pending in the United States District Court for the District of Columbia before Judge Paul L. Friedman.

## **INSTRUCTIONS**

  1. In answer to these interrogatories, Plaintiff is requested to furnish all information that is available to her or within the possession, custody or control of her or her attorney, including but not limited to, information from any attorneys, agents, investigators, representatives or anyone acting in cooperation or in concert with the case to be presented by Plaintiff.

  2. If any interrogatory cannot be answered in full, after exercising due diligence to secure the information to do so, please so state and answer the interrogatory to the extent possible, specifying the reasons for any inability to answer the remainder of any such interrogatory and stating whatever information, knowledge, opinion or belief presently is available concerning the portion of the interrogatory that purportedly cannot be answered.

3. If you object to any Interrogatory because of a privilege, you must nevertheless provide the following information pursuant to Rule 26 of the Federal Rules of Civil Procedure, unless divulging the information would disclose the privileged information:

(a) the nature of the privilege claimed (including work product);

(b) if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(c) the date of the document or oral communication;

(d) if objecting to a document, its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

(e) if objecting to an oral communication, the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(f) the general subject matter of the document or the oral communication.

4. You are under a continuing obligation to supplement your answers to these Interrogatories under the circumstances specified in Rules 26(e) and Rule 33 of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**Interrogatory No. 1:** Identify all persons, including their addresses, telephone numbers, and job titles, who possess knowledge pertaining to any and all claims made by you against Viacom and, for each person, include a description of the person's knowledge and a description of all

documents which support, refute, tend to support, or tend to refute your response to this Interrogatory.

**Interrogatory No. 2:** Identify each document that you intend to use as evidence in support of any claim asserted in your Complaint, or in opposition to any defense or affirmative defense asserted by Viacom, giving a brief description of what you believe each document proves, and identifying all documents which support, tend to support, or tend to refute your response to this Interrogatory.

**Interrogatory No. 3:** Identify each and every document utilized, relied upon, or referred to by you in answering these Interrogatories.

**Interrogatory No. 4:** Describe in all possible detail the damages that you are seeking for any and all claims made by you against Viacom, including: the category into which each item of damages falls, (i.e. general damages, special or consequential damages, interest, and any other relevant categories); the factual basis for each item of damages; the amount claimed for each item of damages; an explanation of how each amount was calculated, including any mathematical formula; and a description of each document on which such calculation was based or which supports, tends to support, or tends to refute your response to this Interrogatory.

**Interrogatory No. 5:** Describe specifically and in all possible detail the steps you have taken to mitigate the damages claimed by you related to any and all claims made by you against Viacom or any damages which you claim to have suffered as a result of any act or omission by or on behalf of Viacom.

**Interrogatory No. 6:** Identify any person, other than any attorney who represents you in this action, who has provided you with a written statement or opinion of any kind relating to any allegation, claim, defense, or affirmative defense regarding any and all claims made by you

against Viacom, and, for each such person, describe the substance of such statement or opinion and identify the date on which such statement or opinion was provided to you.

**Interrogatory No. 7:** Aside from any attorney who represents you in this action, state the full names, addresses, and telephone numbers of all persons who assisted in the preparation of, or who prepared, your responses to these Interrogatories, and for each individual, please describe their role in preparing the Interrogatory responses and identify all documents used to prepare your responses to these Interrogatories.

**Interrogatory No. 8:** Identify all health care providers, including but not limited to, physicians, psychologists, therapists, counselors, and other health care providers from whom you have received consultation, treatment, and/or examination for any physical, mental or emotional illness, injury, or condition from December 1, 2001, to the present and, for each, provide the address of each provider, identify their specialty area of practice, and describe briefly the reason for the service(s) provided and the date(s) on which the service(s) were provided.

**Interrogatory No. 9:** Identify all individuals you believe may have witnessed, or actually did witness, any events pertaining to any and all claims made by you against Viacom or whom were otherwise made aware of events pertaining to any and all claims made by you against Viacom and, in responding to this Interrogatory, please identify all documents which support, refute, tend to support, or tend to refute your responses to this Interrogatory.

**Interrogatory No. 10:** Identify all employers with whom you were employed in any capacity during the ten years prior to your employment with Viacom, including the name, address, and telephone number of the employer; the name and title of your direct supervisor(s); your job title(s); the dates of your employment; the salary and benefits you received; and, if applicable, your reason(s) for leaving the employer.

**Interrogatory No. 11:** State whether you have ever filed a charge or complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC") or with any other federal, state, or local agency, or have ever been a party to a lawsuit other than this action. If so, for each charge, complaint, or lawsuit, state: (a) the name and location of the agency or court; (b) the charge or court file number; (c) the date the charge was filed or the action commenced; (d) whether you were the plaintiff or the defendant in the prior action; (e) the names and addresses of all other parties and their attorneys, including a designation whether the party was a plaintiff, defendant, etc.; (f) the nature of the charge, complaint, and defense(s); (g) the present status of the charge or lawsuit; and (h) if concluded, the final result of the charge, complaint, or lawsuit and, if applicable, the amount of any settlement or award.

**Interrogatory No. 12:** If you have ever complained of employment discrimination to an employer other than Viacom, either formally or informally, identify the employer to whom you complained, state the date on which you complained, and describe in detail the nature and resolution of each such complaint.

**Interrogatory No. 13:** Identify all facts and/or documents that support, refute, tend to support, or tend to refute your claim in Paragraph 6 of the Complaint that you are an employee of Viacom.

**Interrogatory No. 14:** Identify all facts and/or documents that support, refute, tend to support, or tend to refute your claim in Paragraph 7 of the Complaint that Viacom's payroll department prepared your pay stubs.

**Interrogatory No. 15:** Identify all facts and/or documents that support, refute, tend to support, or tend to refute your claim in Paragraph 8 of the Complaint that in December 2001, Viacom hired you as a Property Manager for BET.

**Interrogatory No. 16:** Identify all facts and/or documents that support, refute, tend to support, or tend to refute your claim in Paragraph 9 of the Complaint that in 2003, you were promoted to the position of Senior Logistics Manger for BET by Viacom.

**Interrogatory No. 17:** Identify all facts and/or documents that support, refute, tend to support, or tend to refute your claim in Paragraph 10 of the Complaint that you "performed well" in both of your positions.

**Interrogatory No. 18:** Identify all facts and/or documents that support, refute, tend to support, or tend to refute your claim in Paragraphs 18 and 19 of the Complaint that "negative, disparaging and/or slanderous remarks" were made about you and/or your job performance.

**Interrogatory No. 19:** Identify all facts and/or documents that support, refute, tend to support, or tend to refute your claim in Paragraph 48 of the Complaint that "the change in Plaintiff's job title from Senior Manager to Logistics Coordinator and the diminution and change of her employment duties … constituted a demotion."

**Interrogatory No. 20:** Identify all facts and/or documents that support, refute, tend to support, or tend to refute your claim in Paragraph 83 of the Complaint that you were discriminated against and suffered an adverse change in employment based on your sex.

**Interrogatory No. 21:** Identify all facts and/or documents that support, refute, tend to support, or tend to refute your claim in Paragraph 84 of the Complaint that you were discriminated against and suffered an adverse change in employment that deprived and/or tended to deprive you of employment opportunities and otherwise adversely affected your status as an employee and/or privileges of employment based on your sex.

**Interrogatory No. 22:** Identify all facts and/or documents that support, refute, tend to support, or tend to refute your claim in Paragraph 86 of the Complaint that Viacom "intentionally discriminated against Plaintiff ... on account of her sex (female)."

**Interrogatory No. 23:** Identify all civil, criminal and/or administrative actions to which you have been a party or in which you have testified, either in court or deposition, including the case name, court or agency name, and identifying numbers assigned by the agency or court.

**Interrogatory No. 24:** Identify any and all oral or written communications between you and any current or former director, officer, manager, supervisor, employee, or associate of Viacom regarding any and all claims made by you against Viacom or your employment with Viacom, and describe each such communication in all possible detail, including but not limited to the date of the communication, who initiated the communication, where the communication took place, the method of communication, the length of the communication, what was discussed during the communication, and who else was present, if applicable.

Respectfully submitted,

Date: March 16, 2007

Grace E. Speights (D.C. Bar # 392091)
John S. Ferrer (D.C. Bar # 489679)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 739-3000
(202) 739-3001 (fax)

*Counsel for Defendant Viacom Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2007, the foregoing Defendant Viacom Inc.'s First Set of Interrogatories was served via first-class mail on Counsel for Plaintiff as follows:

> Jimmy A. Bell, Esq.
> The Law Offices of Jimmy A. Bell, P.C.
> 9610 Marlboro Pike
> Upper Marlboro, MD 20772

*John S. Ferrer*