IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINETTE WOODLAND, | : |
| Plaintiff, | : |
| v. | : Case No.: 1:05-cv-01611-PLF |
| VIACOM INC., | : |
| Defendant. | : |

**DEFENDANT VIACOM INC.'S FIRST SET OF DOCUMENT REQUESTS TO PLAINTIFF ANTOINETTE WOODLAND**

Defendant Viacom Inc. ("Viacom"), by and through its undersigned counsel, propounds the following requests for documents and tangible things upon Plaintiff Antoinette Woodland, and requests that she answer them separately and fully and provide the requested documents within thirty (30) days of service pursuant to Federal Rule of Civil Procedure 34.

**DEFINITIONS**

1.  The terms "Plaintiff," "you," "yours" and/or "yourself" mean Plaintiff Antoinette Woodland and any other persons acting, or purporting to act, on behalf of Plaintiff Antoinette Woodland.

2.  The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

3.  The term "correspondence" includes all letters, telegrams, notices, messages, phone logs, electronic mail, or other written communications or conferences or other oral communications.

4. The term "communication" means the transmittal of information by any means.

5. The term "date" shall mean the exact date, month and year, if ascertainable, or, if not, the best approximation of the date (based upon relationship with other events).

6. The term "documents" means each document or group of documents as defined in Rule 34 of the Federal Rules of Civil Procedure that are known to you or that can be located or discovered by reasonable diligent efforts. In addition, the word "document" shall mean any writing, recording, computer-stored information, or photograph in your actual or constructive possession, custody, care, or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, pamphlets, periodicals, reports, charts, drawings, graphs, surveys, ledgers, invoices, computer printouts, computer discs, data sheets, microfilms, video tapes, or tape recordings.

7. The term "person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

8. The term "agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

9. The terms "pertains to" or "pertaining to" mean and include relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts. These terms mean, without limitation, any reference or relationship which either: (1) provides information with respect to the subject inquiry; or (2) might lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

10. The terms "relates to" or "relating to" mean and include constituting, referring to, pertaining to, evidencing, reflecting, describing, or has anything to do with, and in each instance, directly or indirectly. These terms mean, without limitation, any reference or relationship which either: (1) provides information with respect to the subject inquiry, or (2) might lead to individuals who, or documents which, might possess or contain information with respect to the subject of inquiry.

11. The term "action" shall mean the above captioned case entitled *Antoinette Woodland v. Viacom, Inc.*, Civil Action No. 1:05-cv-01611-PLF pending in the United States District Court for the District of Columbia before Judge Paul L. Friedman.

### INSTRUCTIONS

1. The document requests set forth below shall be deemed to be continuing to the full extent authorized by Rule 26(e) of the Federal Rules of Civil Procedure. When responsive documents become available subsequent to the filing of Plaintiff's initial responses, such documents shall be produced in a supplemental response.

2. As required under Rule 34(b) of the Federal Rules of Civil Procedure, when producing documents for inspection, such documents shall be kept in the usual course of business or shall be organized and labeled to correspond to each document request set forth below. Documents stapled, clipped, bound or otherwise attached to each other should not be separated. Documents contained, maintained, or stored in file folders or any other fastener should be produced in such a manner as to identify the label on such file folder or fastener.

3. Produce all electronic data responsive to the following requests, translated, if necessary, by you into reasonably usable form. For all data or electronic documents responsive to these requests, produce an exact duplicate of such data or documents on a computer disk that

can be read by a common spreadsheet or other program (such as Microsoft Excel or Word), as well as a hard-copy version of such data.

4. For any document, or part thereof, that contains information responsive to any request set forth below that you seek to withhold under a claim of privilege: (1) redact the information being withheld for privilege and indicate on the produced document where you have redacted information; and (2) for each document withheld under a claim of privilege or document containing information redacted under a claim of privilege provide an index with the following information:

    (a) the type and date of the document;

    (b) the title of the document and description of the subject matter of the document;

    (c) the name and position of each author, preparer (other than stenographic or clerical personnel), sender, addressee, and recipient of the document; and

    (d) a statement of the exact privilege being claimed.

Provide the information requested in this instruction with sufficient specificity to enable counsel for Defendant and the Court to assess the applicability of the privilege or protection.

## DOCUMENT REQUESTS

1. Any and all documents identified in Plaintiff's responses to Defendant's First Set of Interrogatories and/or which Plaintiff believes pertain to her responses to Defendant's First Set of Interrogatories.

2. Any and all documents that pertain to Plaintiff's allegations of discrimination based on sex by Viacom, its agents, managers, and/or employees.

3. Any and all witness statements and notes which pertain to any of the allegations made by Plaintiff in her Complaint.

4. Any and all diaries, journals, calendars, or similar documents or recordings which pertain to the period during which Plaintiff alleges that she was discriminated against.

5. Any and all documents that pertain to Plaintiff's allegation in paragraph 6 of her Complaint that she was an employee of Viacom.

6. Any and all documents that pertain to Plaintiff's allegations in paragraph 7 of her Complaint that Viacom's payroll department prepared her pay stubs.

7. Any and all documents that pertain to Plaintiff's allegations in paragraphs 8 and 9 of her Complaint that Viacom hired her as a Property Manager for BET and promoted her to the position of Senior Logistics Manager for BET, respectively.

8. Any and all documents that pertain to Plaintiff's allegations in paragraph 10 that she "performed well in both of her positions," including but not limited to, her performance appraisals referenced therein.

9. Any and all documents that pertain to Plaintiff's allegations in paragraph 11 of her Complaint that her overall performance ratings for the dates listed were as stated therein.

10. Any and all documents that pertain to Plaintiff's allegations in paragraph 14 of her Complaint that in 2003, she was awarded a 25% salary adjustment and 500 shares of Viacom stock for outstanding performance.

11. Any and all documents that pertain to Plaintiff's allegations in paragraphs 18 and 19 of her Complaint that she was the subject of negative, disparaging, and/or slanderous remarks.

12. Any and all documents that pertain to Plaintiff's allegations in paragraph 20 of her Complaint that she complained to management about the alleged remarks regarding Plaintiff's job performance as referenced in paragraphs 18 and 19.

13. Any and all documents that pertain to Plaintiff's allegation in paragraph 24 of her Complaint that Carol Holland, Director of Corporate Administrative Operations, was instructed to fire Plaintiff.

14. Any and all documents that pertain to Plaintiff's allegations in paragraphs 25 and 26 of her Complaint that Viacom and/or any of its agents or representatives characterized Plaintiff as a poor performer.

15. Any and all documents that pertain to Plaintiff's allegation in paragraph 27 of her Complaint that she was banned from traveling on business.

16. Any and all documents that pertain to Plaintiff's allegations in paragraphs 35-38 of her Complaint concerning Ms. Holland's opinion of Plaintiff's job performance.

17. Any and all documents that pertain to Plaintiff's allegations in paragraphs 42-44 and 48 of her Complaint that Viacom and/or any of its agents or representatives demoted Plaintiff.

18. Any and all documents that pertain to Plaintiff's allegations in paragraph 53 and 54 of her Complaint that Viacom and/or any of its agents or representatives counseled Plaintiff regarding the invoice referenced in paragraph 16.

19. Any and all documents that pertain to the outside investigation referenced in paragraph 64 of Plaintiff's Complaint.

20. Any and all documents that pertain to the outside investigations referenced in paragraphs 71 and 78 of Plaintiff's Complaint, including but not limited to any and all documents that pertain to Plaintiff's interview with an outside investigator as referenced in Paragraph 79 of the Complaint.

21. Any and all documents that pertain to Plaintiff's allegation in paragraph 83 of her Complaint that she was discriminated against and suffered an adverse change in employment based on her sex.

22. Any and all documents that pertain to Plaintiff's allegation in paragraph 84 of her Complaint that she was discriminated against and suffered an adverse change in employment that deprived and/or tended to deprive her of employment opportunities and otherwise adversely affected her status as an employee and/or privileges of employment based on her sex.

23. Any and all documents that pertain to Plaintiff's allegation in paragraph 86 of her Complaint that Viacom intentionally discriminated against Plaintiff on account of her sex.

24. Any and all writings of any type, notes, journals, diaries, summaries, transcripts or tape recordings of any conversations involving Plaintiff or any current or former director, officer, manager, supervisor or employee of Viacom.

25. Any and all documents relating to any communication between Plaintiff and Viacom, by and through its employees or agents, pertaining to the allegations made in Plaintiff's Complaint.

26. Any and all documents concerning any charge or complaint alleging discrimination or retaliation which Plaintiff has filed with the EEOC, or any other state of federal agency, commission or other administrative body against any employer with whom Plaintiff was or is employed (including, but not limited to, Viacom), or by whom Plaintiff was denied employment.

27. Any and all handbooks, employment manuals, documents, personnel records, policies, reports, statement, affidavits, or other documents relating to Viacom's policies and

procedures, Plaintiff's employment with Viacom, or Plaintiff's claims against Viacom, including all documents that Plaintiff received from Viacom.

28. Any and all documents relating to reports of witnesses or potential witnesses that pertain to Plaintiff's allegations, or that may be used by Plaintiff as evidence or at the trial of this action, including but not limited to documents that contain any statements, sworn or unsworn, of any person with knowledge of any of the allegations made by Plaintiff in this action or which Plaintiff believes pertain to her claims.

29. Any and all documents concerning or providing substantiation or support for any damages, other than monetary damages, that Plaintiff allegedly suffered or will suffer as a result of the subject matter of this lawsuit and/or the allegations set forth in the Complaint.

30. Any and all documents concerning Plaintiff's receipt of income or income substitutes (whether taxable or non-taxable) from any source from 2001 to the present.

31. Any and all documents concerning any earnings, salary, wages or other compensation, including, but not limited to, fringe benefits such as pension benefits or medical and life insurance, that Plaintiff has received from any person(s) for work, labor or services of any kind performed or rendered by Plaintiff (including self-employment) from 2001 to the present.

32. Any and all correspondence and/or documents exchanged between Plaintiff and any non-party, concerning the allegations or claims in the Complaint.

33. Any and all documents concerning any admissions allegedly made by Viacom and/or any of its representatives or employees, or by anyone acting on their behalf, concerning any issues contained in the Complaint.

34. Any and all documents, including pleadings and discovery propounded and produced, concerning any other lawsuit, or administrative or judicial proceeding, to which Plaintiff is or was a party.

35. Any and all documents concerning any allegation of race, sex, national origin and/or retaliation made by Plaintiff concerning any employment she has held.

36. Any and all documents concerning any claim or demand of any person, entity, or insurer made by Plaintiff for any asserted injury or other basis for damages.

37. Any and all documents, to the extent not otherwise produced in response to the foregoing requests, concerning or providing substantiation or support for any of the allegations in the Complaint or which Plaintiff may seek to introduce at the trial in this matter.

38. All documents, texts, publications, or other written material that Plaintiff may use in the presentation of her case at trial or in cross-examining any defendant, witness, or expert retained by any party.

39. Any and all medical, psychological, counseling and prescription records and reports relating to treatment provided to Plaintiff from December 2001 to the present, and an executed form releasing such information to the undersigned law firm for the limited purpose of use in this lawsuit in the form annexed hereto as Exhibit A.

40. Any and all documents relating to any fee agreement Plaintiff entered into with any counsel pertaining to representation in this action, or where retention was sought in any way relating to Plaintiff's employment with Viacom.

41. Any and all documents Plaintiff obtained or received from Viacom or from any other source which relate in any way or are relevant to her claims, job duties, work performance, and/or discipline received at Viacom.

Respectfully submitted,

Date: March 16, 2007

_____
Grace E. Speights (D.C. Bar # 392091)
John S. Ferrer (D.C. Bar # 489679)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 739-3000
(202) 739-3001 (fax)

*Counsel for Defendant Viacom Inc.*

# EXHIBIT A

## AUTHORIZATION AND RELEASE FOR MORGAN, LEWIS & BOCKIUS, LLP TO USE OR DISCLOSE PROTECTED HEALTH INFORMATION

I, ANTOINETTE WOODLAND, hereby authorize _____ (the "Covered Health Care Provider") to disclose protected health information ("PHI") about me as described below:

1. The information to be disclosed is all medical records regarding ANTOINETTE WOODLAND's physical or mental health, including, but not limited to: office records; hospital records; laboratory reports; records of counseling or therapy or treatment; medical or psychological diagnoses and prognoses; subjective symptoms; objective symptoms; contributing factors; any period of disability; prescriptions; clinical notes; doctors' orders; nurses' notes; out-patient records; applications for insurance; billing records; summaries of records; or abstracts of records.

2. The Covered Health Care Provider may disclose the above-described information to John S. Ferrer, Esquire of Morgan, Lewis & Bockius, LLP, 1111 Pennsylvania Avenue, NW, Washington DC 20004.

3. This disclosure is made at the request of ANTOINETTE WOODLAND in connection with employment-related litigation.

4. I understand that the information disclosed pursuant to this authorization may no longer be protected by the federal health privacy rule and may be subject to re-disclosure by the recipient.

5. I understand that I have the right to revoke this authorization in writing at any time by sending a letter to John S. Ferrer, Esquire, Morgan, Lewis & Bockius, LLP, 1111 Pennsylvania Avenue, NW, Washington DC 20004, and that the effective date of my revocation will be the date that John S. Ferrer, Esquire receives it. I further understand that any revocation will be effective only to the extent that the Covered Health Care Provider has not already taken action in reliance on this authorization.

6. This Authorization and Release shall expire at the conclusion of the employment litigation.

7. A photostatic copy of this Authorization and Release shall have the same force and effect as the original.

_____          _____
Signature of ANTOINETTE WOODLAND                       Date

_____
SS # of ANTOINETTE WOODLAND

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2007, the foregoing Defendant Viacom Inc.'s First Set of Document Requests was served via first-class mail on Counsel for Plaintiff as follows:

Jimmy A. Bell, Esq.
The Law Offices of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772

_____
John S. Ferrer