IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANTOINETTE WOODLAND, | : |
| Plaintiff, | : |
| v. | : Case No.: 1:05-cv-01611-PLF |
| VIACOM INC., | : |
| Defendant. | : |

**DEFENDANT VIACOM INC.'S RESPONSES TO PLAINTIFF'S
SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure and Rules 26.2(d) and 30.4 of the Civil Rules of the U.S. District Court for the District of Columbia, Defendant Viacom Inc. ("Viacom"), by and through its attorneys, hereby submits its responses and objections to Plaintiff's Second Request for Production of Documents. Viacom reserves the right to supplement or amend these responses as may be necessary or appropriate in the future.

**GENERAL OBJECTIONS**

1. Viacom objects to Plaintiff's Document Requests to the extent they purport to impose an obligation on Viacom that is inconsistent with or greater than required by the Federal Rules of Civil Procedure or the Civil Rules of the U.S. District Court for the District of Columbia. Viacom will respond to these Requests within the scope of those rules.

2. Viacom objects to Plaintiff's Document Requests to the extent they seek documents protected by the attorney-client privilege, work product privilege, or any other applicable privilege. Any inadvertent production of privileged documents shall not constitute a waiver of any of the rights or privileges of Viacom.

1-WA/2715583.3

3. Viacom objects to Plaintiff's Document Requests to the extent they are vague, ambiguous, overly broad, or unduly burdensome.

4. Viacom objects to Plaintiff's Document Requests to the extent they seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5. Viacom objects to Plaintiff's Document Requests to the extent they seek documents that are not within the possession, custody, or control of Viacom.

6. Viacom objects to the term "BET business unit" on the grounds that it is vague and ambiguous.

## SPECIFIC OBJECTIONS AND RESPONSES

All of the foregoing objections shall be deemed reasserted as to each document request to which they are applicable as if fully set forth in response to that request. In addition to the foregoing general objections, and without waiver thereof, Viacom makes the following specific objections and responses to Plaintiff's individual document requests:

**Document Request No. 1:** Please provide a copy of any and all documents relating to the Plaintiff's performance and/or employment appraisals at Defendant's BET business unit.

Objections:

None.

Response:

Viacom states that it has no documents in its possession, custody, or control responsive to Document Request No. 1.

**Document Request No. 2:** Please provide a copy of any and all documents pertaining to the position Description(s) for the Senior Logistics Manager position at Defendant at Defendant's BET business unit.

Objections:

Viacom objects to Document Request No. 2 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Response:

Subject to the foregoing objections, and without waiving them, Viacom states that it has no documents in its possession, custody, or control responsive to Document Request No. 2.

**Document Request No. 3:** Please provide a copy of any and all documents pertaining to the position Description(s) for the Logistics Coordinator position at Defendant at Defendant's BET business unit.

Objections:

Viacom objects to Document Request No. 3 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Response:

Subject to the foregoing objections, and without waiving them, Viacom states that it has no documents in its possession, custody, or control responsive to Document Request No. 3.

**Document Request No. 4:** Please provide a copy of any and all documents pertaining to the position description for the Senior Manager of Occupant Services position at Defendant's BET business unit.

Objections:

Viacom objects to Document Request No. 4 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Response:

Subject to the foregoing objections, and without waiving them, Viacom states that it has no documents in its possession, custody, or control responsive to Document Request No. 4.

**Document Request No. 5:** Please provide a copy of any and all documents pertaining the changes in the Plaintiff's position at Defendant's BET business unit.

Objections:

None.

Response:

Viacom states that it has no documents in its possession, custody, or control responsive to Document Request No. 5.

**Document Request No. 6:** Please provide a copy of any and all Defendant's policies and procedures that employees at Defendant's BET business unit are required to follow.

Objections:

Viacom objects to Document Request No. 6 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Response:

Subject to the foregoing objections, and without waiving them, Viacom is producing a copy of its Business Conduct Statement and Information Security Policies, both of which are utilized by BET. See WOODLAND000001-WOODLAND000039 and WOODLAND000040-WOODLAND000064, respectively.

1-WA/2715583.3                                           4

**Document Request No. 7:** Please provide a copy of any and all policies and/or procedures pertaining to the changing of an employee's position description at Defendant's BET business unit.

Objections:

Viacom objects to Document Request No. 7 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Viacom also objects to Document Request No. 7 as vague and ambiguous.

Response:

Subject to the foregoing objections, and without waiving them, Viacom states that it has no documents responsive to Document Request No. 7 that are relevant or reasonably calculated to lead to the discovery of admissible evidence in this matter.

**Document Request No. 8:** Please provide a copy of any and all documents and reports related to the investigations of the claims made by plaintiff at Defendant's BET business unit prior to filing of this lawsuit.

Objections:

Viacom objects to Document Request No. 8 as vague and ambiguous. Also, Viacom objects to Document Request No. 8 to the extent it seeks documents protected by the attorney-client privilege, work product privilege, or any other applicable privilege.

Response:

Subject to the foregoing objections, and without waiving them, Viacom states that it has no documents in its possession, custody, or control responsive to Document Request No. 8.

**Document Request No. 9:** Please provide a copy of any and all documents or reports of investigation related to the investigations that Ms. Gilmore initiated in response to the complaints of two female employees at Defendant's BET business unit.

Objections:

None.

Response:

    Viacom states that it has no documents in its possession, custody, or control responsive to Document Request No. 9.

**Document Request No. 10:** Please provide a copy of any and all documents evidencing the Plaintiff's attendance record at Defendant's BET business unit.

Objections:

    None.

Response:

    Viacom states that it has no documents in its possession, custody, or control responsive to Document Request No. 10.

**Document Request No. 11:** Please provide a copy of any and all correspondence, notes, memoranda, or other writings prepared or signed by the Defendant that relate to the facts mentioned in the Complaint regarding at Defendant's BET business unit.

Objections:

    Viacom objects to Document Request No. 11 to the extent it seeks documents protected by the attorney-client privilege, work product privilege, or any other applicable privilege.

Response:

    Subject to the foregoing objections, and without waiving them, Viacom states that it has no documents in its possession, custody, or control responsive to Document Request No. 11.

**Document Request No. 12:** Please provide a copy of any and all documents, including written reports, reviewed or prepared by any person that the Defendant intends to call as a witness at the trial of the case, including all documents pertaining to any compensation to be paid to said expert for testifying in this case, and a list of all cases in which the expert has testified at trial or deposition for the preceding four (4) years, and a copy of the curriculum vitae of said expert.

Objections:

    Viacom objects to Document Request No. 12 to the extent it seeks documents protected by the attorney-client privilege, work product privilege, or any other applicable privilege.

Viacom further objects to this request on the grounds that it is premature under the Court's scheduling order in this case.

Response:

Subject to the foregoing objections, and without waiving them, Viacom states that such documents will be produced at the time provided for in the Court's scheduling order if Viacom decides to designate an expert witness to testify.

**Document Request No. 13:** Please provide a copy of any and all written statements, recordings, audiotapes, or transcripts of recorded statements made by Defendant or any other person, pertaining to the subject matter of this action at Defendant's BET business unit.

Objections:

Viacom objects to Document Request No. 13 to the extent it seeks documents protected by the attorney-client privilege, work product privilege, or any other applicable privilege.

Response:

Subject to the foregoing objections, and without waiving them, Viacom states that it has no documents in its possession, custody, or control responsive to Document Request No. 13.

**Document Request No. 14:** Please provide a copy of any and all records, documents or other writings pertaining to any claim made by Plaintiff to Defendant, or on your behalf, as set forth in your Answers to Interrogatories.

Objections:

Viacom objects to Document Request No. 14 to the extent it seeks documents protected by the attorney-client privilege, work product privilege, or any other applicable privilege.

Viacom also objects to Document Request No. 14 as vague and ambiguous.

Response:

Subject to the foregoing objections, and without waiving them, Viacom states that it has no documents in its possession, custody, or control responsive to Document Request No. 14.

**Document Request No. 15:** Please provide a copy of any and all objects, materials, or samples related to any facts in the Complaint.

Objections:

Viacom objects to Document Request No. 15 as vague and ambiguous.

Response:

Subject to the foregoing objections, and without waiving them, Viacom states that it has no documents in its possession, custody, or control responsive to Document Request No. 15.

**Document Request No. 16:** Please provide all insurance policies that cover the allegations in the complaint against Defendant's BET business unit and state the police [sic] limits.

Objections:

Viacom objects to Document Request No. 16 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Response:

Subject to the foregoing objections, and without waiving them, Viacom is prepared to produce the declarations for the insurance policy that cover the allegations in this matter once the parties have agreed to a protective order.

**Document Request No. 17:** Please provide a copy of all indemnification agreements between Defendant and Defendant's BET business unit.

Objections:

Viacom objects to Document Request No. 17 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Response:

Subject to the foregoing objections, and without waiving them, Viacom states that it has no documents in its possession, custody, or control responsive to Document Request No. 17.

**Document Request No. 18:**  Please provide all documents that state or explain when and why Plaintiff's job title and duties were changed from Senior Logistics Manager to Logistics Coordinator at Defendant's BET business unit.

Objections:

Viacom objects to Document Request No. 18 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Response:

Subject to the foregoing objections, and without waiving them, Viacom states that it has no documents in its possession, custody, or control responsive to Document Request No. 18.

**Document Request No. 19:**  Please provide all documents that state or explain in the difference between the duties of a Senior Logistics Manager and a Logistics Coordinator at Defendant's BET business unit.

Objections:

Viacom objects to Document Request No. 19 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Response:

Subject to the foregoing objections, and without waiving them, Viacom states that it has no documents in its possession, custody, or control responsive to Document Request No. 19.

**Document Request No. 20:**  Please provide all documents that state or explain the reason(s) that the Defendant began to make the payroll deductions from pay check to pay stub from employees at Defendant's BET business unit.

Objections:

Viacom objects to Document Request No. 20 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Viacom also objects to Document Request No. 20 as vague and ambiguous.

Response:

Subject to the foregoing objections, and without waiving them, Viacom states that it has no documents in its possession, custody, or control responsive to Document Request No. 20. Viacom further states that it does not "make" payroll deductions for BET employees.

**Document Request No. 21:** Please provide all documents that state or explain the reason(s) that the Defendant required the employees at Defendant's BET business unit to sign Defendant's Business Conduct Statement.

Objections:

Viacom objects to Document Request No. 21 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Response:

Subject to the foregoing objections, and without waiving them, Viacom states that the purpose of the Business Conduct Statement is stated therein. See WOODLAND000001-WOODLAND000039.

**Document Request No. 22:** Please provide all documents that identify the person(s) on the corporate compliance committee, divisional compliance committee and company-wide compliance council responsible for training at Defendant's BET business unit.

Objections:

Viacom objects to Document Request No. 22 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Viacom further objects to this request on the grounds that it is vague and ambiguous.

Response:

Subject to the foregoing objections, and without waiving them, Viacom states that it has no documents in its possession, custody, or control responsive to Document Request No. 22. Viacom further states that it does not control who provides training at BET.

**Document Request No. 23:**  Please provide all documents that state or explain the reason that employees at Defendant's BET business unit are required to be trained by Defendant.

Objections:

Viacom objects to Document Request No. 23 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Response:

Subject to the foregoing objections, and without waiving them, Viacom states that it has no documents in its possession, custody, or control responsive to Document Request No. 23.

**Document Request No. 24:**  Please provide all documents that state or explain all required training that employees at Defendant's BET business unit are required to take from Defendant.

Objections:

Viacom objects to Document Request No. 24 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Response:

Subject to the foregoing objections, and without waiving them, Viacom states that it has no documents in its possession, custody, or control responsive to Document Request No. 24.

**Document Request No. 25:**  Please provide all documents that state or explain why the Plaintiff's position was advertised as opened and interviews conducted while the Plaintiff still held the position of Senior Logistics Manager at Defendant's BET business unit.

Objections:

Viacom objects to Document Request No. 25 because it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Response:

Subject to the foregoing objections, and without waiving them, Viacom states that it has no documents in its possession, custody, or control responsive to Document Request No. 25.

Date: March 14, 2007

Respectfully submitted,

*/s/ Grace E. Speights*

Grace E. Speights (D.C. Bar # 392091)
John S. Ferrer (D.C. Bar # 489679)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 739-3000
(202) 739-3001 (fax)

*Counsel for Defendant Viacom Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of March, 2007, the foregoing Responses to Plaintiff's Second Request for Production of Documents were served via certified mail on Counsel for Plaintiff as follows:

> Jimmy A. Bell, Esq.
> The Law Offices of Jimmy A. Bell, P.C.
> 9610 Marlboro Pike
> Upper Marlboro, MD 20772

*/s/ John S. Ferrer*
John S. Ferrer

1-WA/2715583.3                                    13