IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANTOINETTE WOODLAND** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-CV-01611 (PLF) |
| ) | |
| **VIACOM INC.** ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT VIACOM INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO EXTEND DISCOVERY**

Defendant Viacom Inc. ("Viacom"), by and through their undersigned counsel, hereby opposes Plaintiff's Motion to Extend Discovery, and in support thereof states as follows.

**I.     INTRODUCTION**

Discovery in this matter initially was set to close on May 11, 2007.  See December 5, 2006 Scheduling Order.  On May 9, 2007, Viacom filed a motion to extend discovery to June 15, 2007 for the limited purpose of enabling Viacom to take Plaintiff's deposition.  See Defendant's Motion to Extend Discovery.  On May 11, 2007, the Court issued an Amended Minute Order granting Viacom's motion to extend discovery up to and including June 15, 2007 "for the limited purpose of enabling defendant to take plaintiff's deposition."  See May 11, 2007 Amended Minute Order.

On May 11, 2007, the last day of the initial discovery period, Plaintiff filed a motion to extend discovery to June 15, 2007 "for the purpose of enabling Plaintiff to take the depositions." See Plaintiff's Motion to Extend Discovery.  Plaintiff seeks to extend discovery to take the depositions of Quinton Bowman, Shelley Johnson, Debra Heard, Naomi Young, and Edward

Gilmore. Plaintiff also seeks to extend discovery to take the deposition of a Viacom corporate representative pursuant to Rule 30(b)(6). For the reasons set forth below, Plaintiff's motion should be denied.

## II.     PLAINTIFF HAS FAILED TO ESTABLISH GOOD CAUSE FOR EXTENDING THE DISCOVERY PERIOD

As noted above, per the Court's Scheduling Order, discovery in this matter was to be completed by May 11, 2007. Rule 16(b) of the Federal Rules of Civil Procedure states: "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge … ." Because Plaintiff has not met this standard, her motion must fail.

### A.     Plaintiff Failed To Subpoena And Take The Depositions Of The Individuals At Issue Prior To The Close Of Discovery, And Has Not Provided Any Legitimate Reason for Failing to Do So.

Plaintiff requests the Court's permission to take the depositions of Quinton Bowman, Shelley Johnson, Debra Heard, Naomi Young, and Edward Gilmore. As discussed below, Plaintiff is well aware that none of these individuals are employees of Viacom and, therefore, Viacom cannot ensure their presence for their depositions. Despite having such knowledge, Plaintiff failed to subpoena these individuals and take their depositions during the initial discovery period. In addition, Plaintiff has failed to set forth any legitimate reason whatsoever for her failure to take these individuals' depositions prior to the close of discovery, or even for her failure to issue subpoenas to these individuals. Plaintiff therefore has not established good cause to extend discovery for the purpose of enabling her to take these depositions.

Plaintiff issued a notice *to Viacom* to take the depositions of the individuals at issue

allegedly on Friday, May 4, 2007.[1]  See Plaintiff's Notice of Deposition, attached hereto as Exhibit A.  Plaintiff set all five depositions for May 11, 2007, to begin an hour apart from each other.  Id.  On May 9, 2007, Viacom informed Plaintiff that these individuals are not employees of Viacom and, therefore, Viacom could not ensure their presence at their depositions.  See Defendant's May 9, 2007 letter, attached hereto as Exhibit B.  Viacom further informed Plaintiff that in order to ensure these individuals' presence at their depositions, she would have to subpoena them.  Id.

Even before May 9, 2007, however, Plaintiff was aware that she would have to issue subpoenas to the individuals at issue if she wished to depose them.  In this regard, on February 26, 2007, Plaintiff's counsel requested from Defendant's counsel dates the depositions of certain persons, including the five individuals at issue, could be taken.  See E-mail between Plaintiff's counsel and Defendant's counsel, attached hereto as Exhibit C (Plaintiff's counsel's e-mail sent February 26, 2007 4:15 AM).  On March 2, 2007, Defendant's counsel informed Plaintiff's counsel that the persons he was inquiring about were not represented by Defendant's counsel and, thus, Defendant's counsel could not provide him with their availability.  Id. (Defendant's counsel's e-mail sent March 2, 2007 12:03 PM).  Defendant's counsel did, however, provide Plaintiff's counsel with his availability for depositions in March and April 2007.  Id. (Defendant's counsel's e-mail sent March 2, 2007 2:42 PM).

Therefore, Plaintiff has known since at least March 2, 2007, that she would have to subpoena the individuals at issue if she wished to depose them.  To Viacom's knowledge, Plaintiff has never issued a subpoena to depose any of the individuals at issue.  As Plaintiff failed

---

[1]  Defendant's counsel received Plaintiff's notice of deposition for these five individuals via fax on Friday, May 4, 2007, at approximately 6:13 p.m.  Defendant's counsel also received the notice via e-mail on May 4, 2007, at 6:17 p.m.  Although Plaintiff's certificate of service indicates that the notice was mailed to Defendant's counsel on May 4, 2007, Defendant's counsel has never received such notice via mail.  See Exhibit A.

to subpoena or take any depositions of the individuals at issue prior to the date discovery was initially set to close, and because Plaintiff has not proffered any legitimate reason for her failure to do so, she should not be permitted to extend discovery to take such depositions.

### B. Plaintiff Failed To Issue A Timely Rule 30(b)(6) Notice Of Deposition Prior To The Close Of Discovery, And Has Not Provided Any Legitimate Reason For Failing To Do So.

Plaintiff's Rule 30(b)(6) notice of deposition was faxed to Defendant's counsel's office on Saturday, May 5, 2007, at approximately 12:13 a.m.[2] The notice set the deposition for May 11, 2007, the last day of the initial discovery period. See Plaintiff's 30(b)(6) Notice of Deposition, attached hereto as Exhibit D. As an initial matter, Defendant has never consented to being served via facsimile (or by electronic means), and thus faxing (and e-mailing) the notice is not sufficient service pursuant to Rule 5(b)(2). Although Plaintiff certified that the notice was mailed to Defendant's counsel on Friday, May 4, 2007, Defendant's counsel has never received the notice by mail. Id. Therefore, Defendant has never been properly served with Plaintiff's notice of deposition.

Even, assuming arguendo, that Plaintiff did serve her notice of deposition on May 4, 2007, such notice is untimely. Federal Rule 30(b)(1) states that "[a] party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to take the deposition." Local Rule 30.1 defines reasonable notice as service of the notice of deposition five days *in advance* of the date set for taking the deposition. Five days *advance* notice means five business days (i.e., excluding intermediate weekends and holidays per Rule 6). Plaintiff noticed the deposition for May 11, 2007, the fifth day *after* service. Thus,

---

[2] Plaintiff's counsel also e-mailed the notice to Defendant's counsel on May 5, 2007, at about 12:08 a.m.

even if Plaintiff did serve her notice on May 4, 2007 (which Defendant does not concede she did), she did not provide for reasonable notice as required by the Rules.[3]

Plaintiff further contends that Defendant has failed to provide "the Insurance Information and Defendant's Personnel Policies and procedures that BET is required to follow," and purports that such information is "critical to Plaintiff's case and to the depositions of the witnesses." First, Plaintiff has failed to explain how not having this information prevented her from issuing a Rule 30(b)(6) notice of deposition in a timely manner before the close of discovery. Second, Defendant (unlike Plaintiff) responded to Plaintiff's discovery requests in a timely manner, and provided Plaintiff with all requested documents except for Defendant's insurance policy on March 14, 2007. See Defendant's Responses to Plaintiff's Second Request for Production of Documents, attached hereto as Exhibit E (sans documents). Other than making a conclusory statement, Plaintiff has failed to explain how not having Viacom's insurance policy prevented her from taking a Rule 30(b)(6) deposition prior to the close of the initial discovery period. Plaintiff simply cannot excuse her failure to timely notice or take a Rule 30(b)(6) deposition prior to the close of discovery on her not receiving Viacom's insurance policy, especially where Viacom has offered up the policy in relevant part.[4]

As noted above, Defendant's counsel provided Plaintiff's counsel with his availability for depositions in March and April 2007. Yet, Plaintiff did not issue a Rule 30(b)(6) notice of deposition until (allegedly) May 4, 2007, which failed to provide reasonable notice under the

---

[3] Defendant informed Plaintiff that her notice was untimely in its May 9, 2007 letter. See Exhibit B.

[4] On May 11, 2007, Plaintiff filed a Motion to Compel Defendant's Discovery Requests. Specifically, Plaintiff seeks to compel Defendant to turn over its entire insurance policy. Defendant has offered to provide Plaintiff with the declarations of its insurance policy pursuant to a stipulated protective order since March 14, 2007. See Exhibit E (Response to Document Request No. 16). Plaintiff has refused to agree to such order. Notably, Plaintiff's motion to compel does not make any request for "Defendant's Personnel Policies and procedures that BET is required to follow." Indeed, Defendant has provided Plaintiff with such documents pursuant to her production request. Id. (Response to Document Request No. 6).

Rules. It is apparent that Plaintiff simply failed to do what she should have done prior to the close of discovery. Plaintiff should not be permitted to circumvent the Rules and be allowed to take such deposition during the extended discovery period.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff has clearly failed to show good cause for extending the discovery period to June 15, 2007 so that she can take depositions. Plaintiff has offered no legitimate reason at all for her failure to take depositions during the initial discovery period. Therefore, Defendant respectfully requests that Plaintiff's motion to extend discovery be denied in its entirety.

Date:  May 21, 2007                                         Respectfully submitted,


                                                            _____/s/_____
                                                            Grace E. Speights (D.C. Bar No. 392091)
                                                            John S. Ferrer (D.C. Bar No. 489679)
                                                            MORGAN, LEWIS & BOCKIUS LLP
                                                            1111 Pennsylvania Avenue, NW
                                                            Washington, DC 20004
                                                            202-739-3000
                                                            202-739-3001 (facsimile)
                                                            *Attorneys for Defendant Viacom Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2007, a copy of the foregoing Defendant Viacom Inc.'s Opposition to Plaintiff's Motion to Extend Discovery was served via the electronic case filing (CM/ECF) system and first-class mail on Counsel for Plaintiff as follows:

>Jimmy A. Bell, Esq.
>The Law Offices of Jimmy A. Bell, P.C.
>9610 Marlboro Pike
>Upper Marlboro, MD 20772

>_____/s/_____
>John S. Ferrer