**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ANTOINETTE WOODLAND ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VIACOM INC. ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:05-CV-01611 (PLF) |

**DEFENDANT VIACOM INC.'S OPPOSITION TO PLAINTIFF'S**
**MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES**

Defendant Viacom Inc. ("Viacom"), by and through their undersigned counsel, hereby opposes Plaintiff's Motion to Compel Defendant's Discovery Responses, and in support thereof states as follows.

Discovery in this matter initially was set to close on May 11, 2007. See December 5, 2006 Scheduling Order.[1] On May 11, 2007, the last day of the initial discovery period, Plaintiff filed a motion to compel Defendant's discovery responses. Specifically, Plaintiff seeks Viacom's "entire insurance agreement" that covers the allegations in the Complaint. See Plaintiff's Motion to Compel. For the reasons set forth below, Plaintiff's motion should be denied.

At issue is Document Request No. 16 of Plaintiff's request for production of documents, which states: "Please provide all insurance policies that cover the allegations in the complaint against Defendant's BET business unit and state the police [sic] limits." In its responses to Plaintiff's request for production of documents, which were timely served on Plaintiff on March

---

[1] On May 11, 2007, the Court issued an Amended Minute Order granting Viacom's motion to extend discovery up to and including June 15, 2007 "for the limited purpose of enabling defendant to take plaintiff's deposition." See May 11, 2007 Amended Minute Order.

14, 2007, Viacom informed Plaintiff that " … [it] is prepared to produce the declarations for the insurance policy that cover the allegations in this matter once the parties have agreed to a protective order." See Defendant Viacom Inc.'s Responses to Plaintiff's Second Request for Production of Documents, attached hereto as Exhibit A (Document Request No. 16).  On March 19, 2007, Defendant sent Plaintiff's counsel a proposed stipulated protective order.  See Defendant's March 19, 2007 letter, attached hereto as Exhibit B.

Thus, since on or about March 14, 2007, Plaintiff has been in possession of Viacom's discovery responses.  Moreover, since that time, Plaintiff has been aware that Viacom was willing to provide her only with its insurance policy declarations pursuant to a protective order.  Plaintiff, however, waited approximately two months and until *the very last day* of discovery to file her motion to compel.  In fact, Plaintiff's counsel did not make Defendant's counsel aware that Plaintiff would not agree to Viacom's proffer – the insurance declarations with a protective order – *until* May 11, 2007.

The Court's Scheduling Order states that:  "Counsel must resolve all discovery disputes or bring them to the Court's attention *in a timely manner* so as to allow sufficient time for the completion of discovery by this date."  See December 5, 2006 Scheduling Order (emphasis added).  Not only did Plaintiff wait until the last day of discovery (which fell on a Friday) to file her motion to compel, she filed it (electronically) at approximately 7:05 p.m.  Plaintiff clearly did not bring her dispute in a timely manner as required by the Court, and she has not provided any reason for not complying with the Court's order.  As such, Plaintiff's motion should be denied.

Accordingly, Plaintiff should be ordered to pay all reasonable attorney's fees and costs incurred by Defendant in opposing Plaintiff's motion.  In this regard, Rule 37(a)(4)(B) of the Federal Rules of Civil Procedure states that when a motion to compel is denied, the moving party

or the moving party's attorney shall pay the defending party's reasonable expenses incurred in opposing the motion, including attorney's fees, unless the failed motion was substantially justified or other circumstances make an award of expenses unjust. A party is substantially justified if "reasonable people could differ" as to the appropriateness of the motion. *Campbell v. Microsoft Corp.*, 2006 U.S. Dist. LEXIS 9995, at *8 (D.D.C. Feb. 24, 2006) (*citing Alexander v. FBI*, 186 F.R.D. 144, 147 (D.D.C. 1997)). Reasonable people cannot disagree that Plaintiff's motion to compel is untimely and, thus, inappropriate, where the Court requires that the parties bring discovery disputes to its intention in a timely manner, and Plaintiff waited until 7:05 p.m. of the very last day of discovery to file her motion. Moreover, Plaintiff's counsel did not inform Defendant's counsel of the dispute until the last day of discovery. Finally, Plaintiff's motion contains no supporting authority, only conclusory statements. Therefore, Plaintiff's motion to compel is inappropriate and Viacom is entitled to reasonable attorney's fees and costs incurred by it in opposing Plaintiff's motion. *Id*. at *9 (Defendant awarded costs in opposing plaintiff's motion to compel where, among other things, plaintiff's motion contained general conclusory statements and no supporting authority).

Notwithstanding Plaintiff's inappropriate motion, Viacom is still prepared to provide Plaintiff with the declarations of its insurance policy pursuant to a protective order. A protective order is necessary because the insurance policy contains confidential information. As Defendant's counsel informed Plaintiff's counsel by phone, the declarations of Viacom's insurance policy provide all relevant information concerning the policy, including the entities covered and the policy limits.

For the reasons set forth above, Viacom respectfully requests that Plaintiff's motion to compel Defendant's discovery responses be denied, and Plaintiff be ordered to pay all reasonable attorney's fees and costs incurred by Viacom in opposing Plaintiff's motion.

Date:  May 24, 2007                                    Respectfully submitted,

                                                       _____/s/_____
                                                       Grace E. Speights (D.C. Bar No. 392091)
                                                       John S. Ferrer (D.C. Bar No. 489679)
                                                       MORGAN, LEWIS & BOCKIUS LLP
                                                       1111 Pennsylvania Avenue, NW
                                                       Washington, DC 20004
                                                       202-739-3000
                                                       202-739-3001 (facsimile)
                                                       *Attorneys for Defendant Viacom Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 24th day of May, 2007, a copy of the foregoing Defendant Viacom Inc.'s Opposition to Plaintiff's Motion to Compel Defendant's Discovery Responses was served via the electronic case filing (CM/ECF) system and first-class mail on Counsel for Plaintiff as follows:

      Jimmy A. Bell, Esq.
      The Law Offices of Jimmy A. Bell, P.C.
      9610 Marlboro Pike
      Upper Marlboro, MD 20772

                             /s/
                        John S. Ferrer