Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: 202.739.3000
Fax: 202.739.3001
www.morganlewis.com



**Morgan Lewis**
COUNSELORS AT LAW

**John S. Ferrer**
Associate
202.739.5317
jferrer@morganlewis.com

March 19, 2007

**VIA FIRST CLASS MAIL AND E-MAIL**

Jimmy A. Bell, Esquire
The Law Offices of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772

Re:   <u>Woodland v. Viacom Inc., Case No. 1:05-cv-01611 (PLF)</u>

Dear Mr. Bell:

As we discussed, please find attached a proposed stipulated protective order to cover confidential and/or proprietary information exchanged during discovery in the above-referenced matter. We will produce such information once the parties have entered into a stipulated protective order governing the use and disclosure of such information.

Please review the proposed order and let us know as soon as possible whether you have any comments. If the order meets your approval, please sign and date the order and return it to us.

Sincerely,

John S. Ferrer

Attachment

cc:    Grace E. Speights

1-WA/2721315.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINETTE WOODLAND<br>Plaintiff,<br><br>v.<br><br>VIACOM INC.,<br>Defendant. | Case No. 1:05-cv-01611 (PLF) |

## STIPULATED PROTECTIVE ORDER

The undersigned parties hereto, through their counsel, now notify this Court that they intend to exchange confidential and/or proprietary information and material during discovery, and thus, stipulate and agree to the entry of this Protective Order and the following terms and provisions. Upon this Stipulation, the Court hereby directs as follows:

1. This Protective Order governs the handling of Confidential Discovery Material, as defined in Part 2(c) below, including documents or things produced by or obtained from any party, or any nonparty who agrees to be bound by this Protective Order.

2. The following definitions shall apply to this Protective Order:

(a) "Parties" shall mean and refer to the Plaintiff Antoinette Woodland and Defendant Viacom, Inc. in the case now pending in the United States District Court for the District of Columbia, entitled *Antoinette Woodland v. Viacom Inc.*, Civ. A. No. 1:05cv01611.

(b) "Qualified Person(s)" shall mean and refer to: (i) outside or inside counsel that have appeared for a party in the above-captioned case and their employees; (ii) experts or consultants assisting counsel in this litigation and their employees; (iii) employees of any party who are required to assist counsel in the conduct of this case or who have been, or are expected

I-WA/2719995.1

to be, designated as witnesses in this case; (iv) deposition and trial witnesses, provided that each such witness shall first be informed of the terms of this Protective Order and shall agree to abide by its terms. Additionally, such witnesses' access to "Confidential" information shall be strictly limited to that information necessary for purposes of the witness' testimony, their review of "Confidential" information shall occur in counsel's presence, and such persons shall not be provided copies of "Confidential" materials to retain in their possession; (v) the Court and/or a duly empanelled jury if and when the Court admits such document(s) into evidence with an appropriate instruction regarding the confidential, proprietary or sensitive nature of the document; (vi) any Court personnel, including Court reporters transcribing testimony in court or at a deposition; and (vii) other persons only upon order of the Court, or upon stipulation of the party that produced or disclosed the Confidential Discovery Material. Before disclosing any Confidential Discovery Material to Qualified Persons, counsel shall advise each individual of the terms of this Protective Order.

(c) "Confidential Discovery Material" shall mean and refer to any document, material or other information (written or oral) that counsel for the producing party determines in good faith contains or discloses trade secrets, proprietary or confidential information, financial, business or personal information, or other sensitive material that is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or by order of this Court.

3. Any party or nonparty producing Confidential Discovery Material in this action may designate such discovery material as Confidential, by marking the face of the material "Confidential".

4. Confidential Discovery Material shall be used solely for purposes of the prosecution and/or defense of this case or other litigation between the parties, and will be disclosed only to Qualified Persons who are bound by this Protective Order. All Confidential information shall be stored and maintained in a manner that will prevent access to that information by unauthorized persons. Qualified Persons may not disclose the Confidential Discovery Material to, or discuss it with, anyone who is not also a Qualified Person. However, this Stipulated Protective Order is not intended to restrict the right of either party to disclose its own confidential documents to whomever it chooses.

5. Upon the request of the producing party's counsel, counsel for the party receiving Confidential Discovery Material shall disclose whether they have given identified individuals access to Confidential Discovery Material in this case. Producing party's counsel may make this request only upon good cause showing that this Protective Order has been violated.

6. Any portion of depositions containing or referring to Confidential Discovery Material may be marked "Confidential," and will be subject to the procedures set forth in this Protective Order.

7. Any party seeking to file Confidential Discovery Material must first obtain Court approval. The motion for leave of Court shall generally describe the Confidential Discovery Material and set forth the necessity of its receipt under seal. The parties shall confer prior to bringing such a motion. Only after the Court rules that such information may be received may the Confidential Discovery Material be filed. If such motion is granted, the Confidential Discovery Material shall be filed under seal in a container bearing the caption of the case, the identification of the documents, and the name of the party filing the sealed items.

8.      Prior to the commencement of trial, the Court shall establish procedures for the use of Confidential Discovery Material at trial. Nothing in this Protective Order shall constitute a waiver by any party limiting the use of the Confidential Discovery Material protected herein for any purpose at trial pursuant to the governing rules of evidence and substantive law or as otherwise ruled upon by the Court.

9.      If any party objects to the designation of any discovery material as "Confidential," the objecting party shall so notify the producing party in writing. The parties will use their best efforts to resolve such objections between themselves. However, if the efforts are unsuccessful, to preserve its "Confidential" designation, the producing party, within TEN (10) DAYS after receipt of any such notice, must apply to the Court for a ruling that the discovery material objected to shall be treated as confidential, and notice of such application shall be provided to all other parties. If no such application is made, the discovery material will cease to be treated as confidential. If an application is made, until this Court enters an order determining the confidentiality of the discovery material objected to, such discovery material shall be treated as Confidential Discovery Material and protected as provided in this Order.

10.     With respect to documents that are produced by either party, the parties agree that there is no intention to reveal the contents of any document insofar as that document is protected by attorney-client privilege, the work product doctrine, or any other applicable legal privilege. If any such privileged or protected document is disclosed to the adverse party, that party will take every precaution to avoid learning of the contents of the document, will promptly return the document to its owner without retaining copies, and will make no use in this litigation or otherwise of information obtained from privileged or protected documents so disclosed.

11. Within NINETY (90) DAYS after the conclusion of this litigation (whether by settlement or dismissal or final judgment or appeal) all originals and reproductions of all Confidential Discovery Material shall be returned to the attorney for the producing party. Any summaries of or extracts therefrom shall be destroyed.

12. All parties to whom Confidential Discovery Material is disclosed shall be subject to the jurisdiction of this Court for purposes of enforcing this Protective Order. This Protective Order shall continue to be binding after the conclusion of this litigation, and this Court reserves jurisdiction over all parties to whom such information was disclosed for purposes of enforcing it.

AGREED AND CONSENTED TO,

Dated: _____, 2007          Dated: _____, 2007

_____       _____
Jimmy A. Bell, Esq.                    Grace E. Speights (D.C. Bar No. 392091)
Law Office of Jimmy A. Bell, P.C.      John S. Ferrer (D.C. Bar No. 489679)
9610 Marlboro Pike                     Morgan, Lewis & Bockius LLP
Upper Marlboro, MD 20772               1111 Pennsylvania Ave., N.W.
(301) 599-7620                         Washington, D.C. 20004
Attorney for Plaintiff Woodland        (202) 739-3000
                                       Attorneys for Defendant Viacom Inc.

SO ORDERED BY THE COURT this ___ day of _____, 2007:


_____
United States District Judge

5

1-WA/2719995.1