IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ANTOINETTE WOODLAND**           :
                                  :
                                  :   Case No.: 1:05cv01611
    Plaintiff,                 :
                                  :
v.                                :
                                  :
**VIACOM INC.,**                  :
                                  :
    Defendant.                 :
_____:

### RESPONSE TO THIS COURT'S SHOW CAUSE ORDER

COMES NOW, Jimmy A. Bell, Esq., and the Law Office of Jimmy A. Bell, PC, respectfully presents this Response to this Court's Show Cause Order. For Cause, Plaintiff Counsel states as follows:

First I would like to apologize to the court. Plaintiff's failure to respond to the discovery within the timeframe was not an attempt at being arrogant or disrespectful to this Court. I would like to stress that the serving the Plaintiff's discovery responses was not an attempt to treat this Court's deadlines with disrespect or cavalierly. Nor was Counsel attempting to abuse the judicial process. Plaintiff was continuing to gather documents which will show that Defendant's repetitious argument that Defendant is not Plaintiff's employer, even though this argument had already been ruled upon by this Court, is false. This required Plaintiff to go through old boxes of information which took more time than expected. The same day my secretary called Defense Counsel's office to say he would have the discovery in the next day or two Defense Counsel filed his motion to compel, which this court denied.

Federal courts apply the "American Rule" when deciding if an award of attorneys' fees is appropriate. Generally, each party in a lawsuit bears its own attorneys' fees "unless there is



express statutory authorization to the contrary." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). The Supreme Court has recognized three exceptions, according to which a federal court can award attorneys' fees through its inherent powers. Specifically, a court may award attorney's fees: (1) where a party's litigation efforts directly benefit others (the "common fund" exception); (2) where a party willfully disobeyed a court order; and (3) where a party acts in bad faith, vexatiously, or for oppressive reasons. See Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991). The Supreme Court warned that "because of their very potency, inherent powers must be exercised with restraint and discretion." Chambers, 501 U.S. at 44. In the instant case, as stated above, neither Plaintiff nor Plaintiff's Counsel willfully disobeyed any order of this Court. Specifically, Plaintiff worked diligently to respond completely and thoroughly to Defendant's discovery requests and Plaintiff's Counsel contacted Defendant regarding the extra time needed to completely respond to Defendant's requests. Plaintiff's effort to comply with this Court's deadlines and contact with Defense Counsel regarding the time needed to completely respond to Defendant's requests demonstrate that Plaintiff and Plaintiff's Counsel were, in fact, acting in good faith to timely comply with this Court's deadlines.

The extra time taken to adequately respond to Defendant's discovery requests was used by Plaintiff to locate two very important documents that illustrate that Viacom is Plaintiff's employer. These documents were provided to Defendant. One document shows that Plaintiff was awarded 500 shares of Viacom's Class B Common Stock for excellent management service to Viacom's BET business unit by Defendant. The second document was a letter from William A. Roskin, Senior Vice President, Human Resources and Administration for Viacom, Inc., dated March 3, 2003 regarding 500 shares of Viacom stock and the stock certificate at the same. The March 3, 2003 letter specifically stated, "You may exercise these options at any time until they



expire at the close of business on January 29, 2013, provided you continue as an <u>employee</u>. If you leave the Company's employ, you will generally have (6) months from your last day of employment to exercise theses options." The letter further states that the stock options have been granted "under the Company's Long-Term management Incentive Plan." The Stock certificate says, "this certifies that Viacom Inc. (the "company") granted to the <u>employee</u> named above (the "participant")…" the stock options awarded.

It is important to note that Defense Counsel did not reply to Plaintiff's Response to Defendant's Motion to Compel because Defendant had the discovery responses in its possession said responses being sufficiently responsive to Defendant's requests. Moreover, Defendant did not file a motion for reconsideration of this Court's denial of its Motion to Compel specifically because Defendant could not make the requisite showing needed to prevail on such a motion, namely that a mistake of law or fact existed.

Additionally, Federal Rule of Civil Procedure 37 governs both the entitlement to expenses and the amount of such expenses when attorney's fees are sought in connection with a motion to compel. Where a motion to compel is granted, the Rule provides, in pertinent part that:

> The Court shall . . . require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorneys' fees, unless the Court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's non-disclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust. <u>Fed. R. Civ. P. 37</u>.



In this case Defendant's Motion to Compel was denied and Defendant is not entitled to fees associated with said Motion. Defendant has never stated that Plaintiff's responses were not sufficient, in fact, Defense Counsel questioned Plaintiff at length regarding her discovery responses in Plaintiff's deposition. Defendant's portion of said Deposition on one day lasted longer than 7 hours authorized by the local rule and Defendant proceeded without having sought leave of Court. Defendant has not, nor can Defendant argue that it was prejudiced in this case. Moreover, Plaintiff has not objected to Defendant's request to extend discovery.

I am hopeful that this Court will look at the totality of the circumstances and discharge the instant Show Cause Order.

## CONCLUSION

Plaintiff's Counsel respectfully requests that this Court discharge the instant Show Cause Order.

    Respectfully submitted

_____
Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, Maryland 20772
(301) 599-7620
(301) 599-7623 (FAX)
Bar No. MD 14639

