IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANTOINETTE WOODLAND<br>　　　　Plaintiff, | )<br>)<br>)<br>) |  |
| v. | )<br>) | Case No. 1:05-cv-01611 (PLF/JMF) |
| VIACOM INC.,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>) |  |

**DEFENDANT VIACOM INC.'S REPLY TO
PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

Defendant Viacom Inc. ("Viacom") hereby replies to Plaintiff's Response to the Court's August 1, 2007 order to show cause as to why Plaintiff should not be ordered to pay the attorneys' fees and costs incurred by Viacom in bringing a motion to compel Plaintiff's discovery responses. As set forth below, Viacom should be awarded its attorneys' fees and costs for filing its motion to compel because Plaintiff has failed to show that her delay in responding to Viacom's requests for production of documents and interrogatories was substantially justified or that other circumstances make an award of expenses unjust.

### BACKGROUND

On August 12, 2005, Plaintiff filed a complaint against Viacom alleging discrimination in violation of the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401. On March 16, 2007, Viacom propounded interrogatories and requests for production of documents upon Plaintiff pursuant to Federal Rules of Civil Procedure 33 and 34 (hereafter the "Discovery Requests"). Plaintiff's responses to the Discovery requests were due on April 18, 2007.

On April 20, 2007, Viacom's counsel, John S. Ferrer, contacted Plaintiff's counsel, Jimmy A. Bell, by e-mail to notify him that he had not yet received Plaintiff's responses to Viacom's Discovery Requests. On April 26, 2007, having not received a response from Plaintiff's counsel, Viacom's counsel contacted the Court regarding Plaintiff's failure to respond to Viacom's Discovery Requests. On that same date, Viacom's counsel attempted to contact Plaintiff's counsel by phone. Viacom's counsel received a voice message indicating that Mr. Bell's office was closed, but that it would reopen the following day, April 27, 2007. Viacom's counsel left Mr. Bell a voice message indicating that he had contacted the Court regarding this issue and asked that Mr. Bell return his call. In addition, on April 26, 2007, Viacom's counsel also sent Plaintiff's counsel an e-mail informing him that Viacom's counsel had notified the Court about Plaintiff's failure to respond to Viacom's Discovery Requests and requesting that Plaintiff's counsel contact him. Viacom's counsel put Plaintiff's counsel on notice that if Viacom did not hear back from Plaintiff's counsel by 11:00 a.m. on April 27, 2007, Viacom's counsel would request that the Court schedule a conference call to discuss this matter. Furthermore, in an April 26, 2007 letter to Plaintiff's counsel regarding Viacom's Notice of Deposition of Plaintiff, Viacom's counsel requested Plaintiff's immediate response to Viacom's Discovery Requests.

On April 27, 2007, Viacom's counsel again contacted the Court regarding this matter. The Court gave Viacom's counsel permission to file a Motion to Compel. On May 1, 2007, Viacom filed a Motion to Compel Plaintiff's responses to Viacom's interrogatories and requests for production. Viacom requested that the Court award Viacom its reasonable expenses, including attorneys' fees, incurred in preparing its motion to compel. As of the writing of the

motion to compel, Viacom had not received responses to the Discovery Requests, nor had Plaintiff requested any extension of time to respond to Viacom's discovery requests.[1]

On May 15, 2007, after discovery was set to close on May 11, 2007 per the Court's December 5, 2006 Scheduling Order, Viacom finally received Plaintiff's responses to its Discovery Requests.[2] As such, it did not file a reply to Plaintiff's Opposition to its Motion to Compel. On August 1, 2007, the Court denied Viacom's Motion to Compel as moot because Plaintiff had since responded to Viacom's Discovery Requests. In addition, the Court ordered Plaintiff to show cause as to why she should not be ordered to pay the fees and costs incurred by Viacom in bringing the Motion to Compel. On August 15, 2007, Plaintiff filed her Response to the Court's order to show cause ("Response"). For the reasons set forth herein, Plaintiff should be ordered to pay Viacom's reasonable attorneys' fees and costs associated with it having to file a motion to compel Plaintiff's discovery responses.

## DISCUSSION

Rule 37(a)(4) of the Federal Rules of Civil Procedure provides that if a motion to compel discovery is granted or if the requested discovery is provided after the motion was filed, a court may award reasonable expenses incurred in making the motion, including attorneys' fees. Rule 37(a)(4)(A) states:

> If the motion is granted *or if the disclosure or requested discovery is provided after the motion was filed*, the court shall, after affording an opportunity to be heard, require the

---

[1] In Plaintiff's Response, Plaintiff's counsel asserts that his secretary called Viacom's counsel on May 1, 2007 (the day Viacom filed its motion to compel), to say Viacom's counsel would have Plaintiff's responses "in the next day or two." *See* Plaintiff's Response at 1. However, Viacom's counsel does not recall receiving any call or message from Plaintiff's counsel or his secretary on May 1 concerning Plaintiff's responses. In fact, it was not until May 8, 2007 that Plaintiff's counsel informed Viacom's counsel that he would be serving Plaintiff's responses "shortly." *See* attached hereto as Exhibit A, Plaintiff's Counsel's E-mail dated 5/08/2007. In any event, Viacom did not receive Plaintiff's discovery responses until May 15, 2007, two weeks after it filed its motion to compel.

[2] Plaintiff did not send the signature page to her responses to Viacom's interrogatories until May 20, 2007. *See* Plaintiff's counsel's e-mail dated 5/20/2007 with Plaintiff's signature page, attached hereto as Exhibit B.

> party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust. (emphasis added).

"An opposing party's objection qualifies as 'substantially justified' if 'there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" *Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F. Supp. 2d 83, 87 (D.D.C. 2005) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)). The award of expenses is intended to "deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." *Cobell v. Norton*, 213 F.R.D. 1, 15 (D.D.C. 2003). District courts have broad discretion regarding whether to impose sanctions under Rule 37, and the nature of the sanctions to be imposed. *Id.* at 14.

Pursuant to Rule 37(a)(4), Viacom requests that the Court order Plaintiff to pay Viacom the reasonable attorneys' fees and expenses incurred in preparing its Motion to Compel. Indeed, there is no dispute that Viacom made a good faith effort to obtain Plaintiff's responses to the Discovery Requests prior to filing its Motion to Compel. Specifically, Viacom's counsel contacted Plaintiff's counsel on <u>four</u> occasions – by e-mail on April 20, 2007, by phone and e-mail on April 26, 2007, and by letter on April 27, 2007 – to request Plaintiff's responses to the Discovery Requests before it filed its Motion to Compel on May 1, 2007. Plaintiff's counsel failed to respond to any of these attempts before Viacom filed its motion.

Plaintiff has failed to show that her failure to timely respond to Viacom's Discovery Requests was "substantially justified" or that "other circumstances make an award of expenses unjust." F.R.C.P. 37(a)(4)(A). In her Response to the Order to Show Cause, Plaintiff's sole

justification for why she failed to respond to Viacom's Discovery Requests by the deadline was that she had "to go through old boxes of information which took more time than expected." Plaintiff's Response at 1.  This is simply an insufficient reason for Plaintiff's failure to respond to Viacom's Discovery Requests until <u>nearly one month</u> after they were due.  Notably, at no point did Plaintiff convey to Viacom or the Court that she needed more time to respond to the Discovery Requests.  Plaintiff could have asked Viacom for an extension of the deadline or simply supplemented her responses once she found the two documents that she allegedly was looking for, but she did not.  Plaintiff's Response at 2.  In reality, Plaintiff ignored the discovery deadline and Viacom's subsequent attempts to resolve the situation and left Viacom no option but to file a motion to compel.

      Finally, Plaintiff's argument that Viacom is not entitled to fees and costs incurred in preparing its motion to compel because Viacom's motion was denied as moot clearly has no basis whatsoever.  In this regard, Plaintiff's counsel ignores that Rule 37(a)(4)(A) expressly provides for the payment of reasonable expenses, including attorney's fees, incurred by the moving party in filing a motion to compel where, as here, the requested discovery is provided <u>after</u> the motion was filed.  *See* Plaintiff's Response at 4.  In the instant case, Plaintiff did not provide her discovery responses until nearly a month after they were due and two weeks after Viacom was forced to file its motion to compel.  Because Plaintiff has failed to set forth any substantial justification for her delinquency or cite to any circumstances that make an award of expenses unjust, it is evident that Plaintiff simply disregarded the Court's Scheduling Order and

the Rules.[3]  As such, Plaintiff has failed to show cause as to why she should not be ordered to pay Viacom's attorneys' fees and costs associated with its motion to compel.

## CONCLUSION

For the reasons stated above, Viacom respectfully requests that the Court award Viacom the reasonable expenses, including attorneys' fees, incurred in preparing its May 1, 2007 Motion to Compel.

Dated this 29th day of August, 2007.  Respectfully submitted,

                      /s/
Grace E. Speights (D.C. Bar No. 392091)
John S. Ferrer (D.C. Bar No. 489679)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C.  20004
(202) 739-3000
(202) 739-3001  (Fax)
*Attorneys for Defendant Viacom Inc.*

---

[3] Plaintiff's blatant disregard for the Court's rules and its processes is also evident by her attempt to make legal arguments in her Response that are totally unrelated to the Court's Show Cause Order.  For example, Plaintiff argues that certain documents that she provided late to Viacom somehow show that Viacom is her employer.  Plaintiff's Response at 2-3.  This issue is clearly not related to the Court's Show Cause Order.  Nevertheless, contrary to Plaintiff's assertion, Viacom is not Plaintiff's employer and the documents do not show otherwise.  Moreover, this Court has not made any determination on the issue of whether Viacom is Plaintiff's employer.  Viacom therefore respectfully requests that the Court ignore all of Plaintiff's arguments that are not related or relevant to the Court's Show Cause Order.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANTOINETTE WOODLAND<br>      Plaintiff,<br><br>v.<br><br>VIACOM INC.,<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 1:05-cv-01611 (PLF/JMF) |

## **ORDER**

Upon consideration of Plaintiff's Response to the Court's Show Cause Order and Defendant's Reply thereto, it is this _____ day of _____

ORDERED, that Plaintiff shall pay Defendant's reasonable attorneys' fees in bringing its Motion to Compel Discovery Responses. Defendant shall submit a verified statement of fees within five days.

 

_____
U.S. District Court Judge

## CERTIFICATE OF SERVICE

    I hereby certify that on this 29th day of August, 2007, a copy of the foregoing Defendant Viacom Inc.'s Reply to Plaintiff's Response to the Court's Order to Show Cause was served via the electronic case filing (CM/ECF) system and first-class mail on Counsel for Plaintiff as follows:

> Jimmy A. Bell, Esq.
> The Law Offices of Jimmy A. Bell, P.C.
> 9610 Marlboro Pike
> Upper Marlboro, MD 20772

                                            /s/
                                  John S. Ferrer