IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINETTE WOODLAND<br>Plaintiff,<br><br>v.<br><br>VIACOM INC.,<br>Defendant. | )<br>)<br>)<br>)<br>) Case No. 1:05-cv-01611 (PLF/JMF)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF BETTY A. PANARELLA

I, Betty A. Panarella, declare as follows:

1. I serve as the Senior Vice-President of Human Resources for Viacom Inc. ("Viacom").

2. I am personally aware of the ownership, management, and general operations of Viacom and Black Entertainment Television, LLC, and the relationships between these entities.

3. Viacom is a media conglomerate with various interests in cable and satellite television networks and movie production and distribution. Viacom is headquartered in New York City, with offices around the world, including in Los Angeles, California and the United Kingdom. Viacom has approximately 10,000 employees worldwide, 7,000 of whom are located in the United States. Viacom is comprised of several hundred subsidiary companies, including BET Holdings LLC. Black Entertainment Television LLC ("BET") is a subsidiary of BET Holdings LLC.

4. BET is a media and entertainment company, whose primary business is operating cable networks targeted towards African-American and urban audiences. BET is headquartered in Washington, D.C., with offices in New York City, Chicago, and Los Angeles, California.

BET has approximately 417 employees. At all times material to Plaintiff's Complaint, BET Holdings LLC was a wholly-owned subsidiary of Viacom. It became a subsidiary of Viacom in 2001.

5.  Viacom and BET are separate legal entities and, among other things, have separate tax identification numbers.

6.  Viacom does not manage the day-to-day operations of BET. Viacom and BET have separate operations, locations, managers and employees. BET and Viacom have separate bank accounts, and BET has its own accounting and finance departments. Viacom and BET do not share equipment, and they have separate telephone numbers.

7.  Viacom and BET utilize a computerized payroll processing system called "Infinium." This system electronically processes individual compensation, including making any withholdings or deductions. Viacom and BET have separate payroll departments. All payroll information, including hours worked, pay rate, deductions and withholdings, for BET employees is input into the Infinium system solely by BET's payroll department and/or BET's managers or supervisors. The pay stubs or pay checks issued to BET employees contain the BET corporate logo. Furthermore, BET is responsible for its own payroll expenditures.

8.  There is no centralized control of labor relations and personnel between Viacom and BET. Viacom does not manage the day-to-day labor relations of BET. Viacom and BET have separate and independent human resources departments. With the exception of a small number of BET's senior level executives, BET is solely responsible for determining whom should be offered jobs, which employees it hires, what functions they will perform, what their terms and conditions of employment shall be, and who shall be laid off, terminated and disciplined,

including the type of discipline issued. Viacom and BET have separate employee benefits, including separate health and retirement plans.

9. Viacom has not been involved in any employment-related decisions relating to the Plaintiff, Antoinette Woodland. Viacom played no role in hiring Ms. Woodland, determining what her terms and conditions of employment would be, promoting her, or allegedly demoting her. Viacom played no role in the day-to-day management of Ms. Woodland. It is my understanding that all employment-related decisions relating to Ms. Woodland were made exclusively by BET employees in Washington, D.C.

10. The Viacom Business Conduct Statement is a general corporate code of conduct that applies to Viacom employees and employees of Viacom's divisions and subsidiaries. All Viacom employees and employees of Viacom's divisions and subsidiaries are required to sign a form acknowledging receipt of the Viacom Business Conduct Statement every year. BET, not Viacom, is responsible for securing the acknowledgments from BET employees. The Viacom Business Conduct Statement sets forth general employment-related policies regarding, among other things, conflicts of interest, illegal discrimination, use of employer resources, and the handling of intellectual property. Many of the policies set forth in the Viacom Business Conduct Statement are mandated by law.

11. I understand that BET has its own employment policies that apply solely to BET's employees, and that Viacom did and does not play any role in creating or enforcing such policies. The Viacom Business Conduct Statement supplements but does not supersede any of BET's own employment policies.

12. Viacom and BET have some common corporate officers. The officers common to both Viacom and BET do not exercise any day-to-day control over BET's operations or BET's

employees. BET has separate and independent management located in Washington, D.C., including its Chairman and CEO, its President and Chief Operations Officer, its Chief Financial Officer, its General Counsel and Chief Administrative Officer, and its Senior Vice President of Human Resources. These BET executives and other BET managers and supervisors determine, among other things, staffing, hiring, terminations, discipline and layoffs, and all day-to-day operational, business, and employment decisions.

13. The employment decisions at issue in this case were not made by Viacom and Viacom did not direct BET to take any employment actions with respect to Plaintiff. It is my understanding that the employment decisions at issue in this case were made exclusively by employees of BET who were acting solely on behalf of BET and not on behalf of any other entity, including Viacom.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Nov 1, 2007.

_____
Betty A. Panarella