IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANTOINETTE WOODLAND<br>    Plaintiff, | )<br>)<br>)<br>) |  |
| v. | )<br>) | Case No. 1:05-cv-01611 (PLF/JMF) |
| VIACOM INC.,<br>    Defendant. | )<br>)<br>)<br>)<br>) |  |

**DEFENDANT VIACOM INC.'S RESPONSE TO PLAINTIFF
ANTOINETTE WOODLAND'S STATEMENT OF MATERIAL FACTS IN DISPUTE**

Plaintiff Antoinette Woodland's ("Plaintiff's" or "Ms. Woodland's") Opposition to Defendant's Motion for Summary Judgment and Request For Hearing ("Pl.'s Opp") does <u>not</u> respond to Defendant Viacom Inc.'s Statement of Material Facts As To Which There Is No Genuine Issue ("SMF").  In addition to her Opposition, Ms. Woodland provides a Statement of Material Facts In Dispute.  It is not clear, however, whether Ms. Woodland is asserting that she disputes these statements, or that Viacom disputes these statements.  Regardless, Ms. Woodland's assertions are generally either unsupported by record evidence, legal conclusions, facts not in dispute, not material facts, and in some cases, in direct conflict with the evidence proffered by Ms. Woodland herself.

    1.    Ms. Woodland asserts that "Defendant took over paying Plaintiff and withholding her Federal income taxes and other deductions as employers are required by law to do."  The evidence cited by Ms. Woodland fails to support her assertion.  In addition, Ms. Woodland's assertion is a legal conclusion, not a statement of fact.

2. Viacom does not dispute that Ms. Woodland was required to sign a form acknowledging her receipt of the Viacom Business Conduct Statement ("BCS"). Ms. Woodland's assertion that she was required to certify her receipt of the BCS "as Defendant's employee" is a legal conclusion rather than a statement of fact.

3. There is no genuine dispute as to any material fact. Viacom does not dispute that BET's Senior Vice President of Human Resources Quinton Bowman forwarded the e-mail cited by Ms. Woodland to BET employees, but maintains that it is immaterial. Ms. Woodland's assertion that Mr. Bowman's forwarding of this e-mail proves that Viacom "exercises such significant control over BET" is a legal conclusion, not a statement of fact.

4. Ms. Woodland cites to no record evidence in support of this statement. As such, it does not merit a response. In any event, Ms. Woodland's assertions are not material.

5. Ms. Woodland cites to her own testimony, which is immaterial and does not create a dispute with Viacom's assertions in Viacom's SMF ¶ 7.

6. Ms. Woodland cites to no record evidence in support of this statement. Moreover, Viacom disputes Ms. Woodland's characterizations of Mr. Bowman's testimony, but maintains that such mischaracterizations are immaterial and do not create a dispute with Viacom's assertions in SMF ¶ 10.

7. Viacom does not dispute the testimony of Mr. Bowman cited by Ms. Woodland. The testimony cited by Ms. Woodland is immaterial and does not create a dispute with Viacom's assertions in Viacom's SMF ¶ 7.

8. There is no genuine dispute of material fact. Whether BET had a choice as to whether to utilize the Infinium system is immaterial.

9. There is no <u>genuine</u> issue of <u>material</u> fact. Viacom does not dispute that Ms. Woodland received Viacom stock options for her performance, but such fact is immaterial. Further, Ms. Woodland's assertion that she was received such stock options "as Defendant's employee" is a legal conclusion rather than a statement of fact.

10. There is no <u>genuine</u> issue of <u>material</u> fact. Viacom does not dispute that Viacom and BET have common legal representation and that BET paid for legal fees associated with this case, but maintains that these facts are immaterial. Ms. Woodland's assertion that Viacom's payment of legal fees in the instant case establishes that "Defendant exercised such control over BET" is not a statement of fact.

11. Ms. Woodland's assertion that she was demoted is a legal conclusion rather than a statement of fact. Furthermore, Carol Holland's affidavit, which Ms. Woodland cites in support of the statement that she was demoted at Edward Gilmore's request, expressly states that the decision to change Ms. Woodland's title was made by Byron Marchant. *See* Pl.'s Opp., Ex. 5.

12. Ms. Woodland's assertion that she was demoted is a legal conclusion rather than a statement of fact. In addition, Ms. Holland's affidavit, which Ms. Woodland cites in support of the statement that "all of her supervisory responsibilities were taken away from her," expressly states that Ms. Woodland continued to direct the work of the help desk ticket crew following her alleged title change. *See* Pl.'s Opp., Ex. 5. Ms. Woodland's assertion that her supervisory responsibilities were given to a person outside of her protected class is a legal conclusion rather than a statement of fact.

13. There is no <u>genuine</u> dispute of <u>material</u> fact. Ms. Woodland's assertion that she had to adhere to procedures regarding reimbursement and petty cash that persons outside of

Plaintiff's protected class were not required to follow is a legal conclusion rather than a statement of fact and immaterial.

14. Ms. Woodland's assertion that the circumstances surrounding her demotion give rise to an inference of illegal discrimination is a legal conclusion rather than a statement of fact.

Dated: November 21, 2007                Respectfully submitted,

                                        /s/
                                        Grace E. Speights (D.C. Bar No. 392091)
                                        John S. Ferrer (D.C. Bar No. 489679)
                                        Morgan, Lewis & Bockius LLP
                                        1111 Pennsylvania Ave., N.W.
                                        Washington, D.C.  20004
                                        (202) 739-3000
                                        (202) 739-3001  (Fax)
                                        *Attorneys for Defendant Viacom Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November, 2007, a copy of the foregoing Defendant Viacom Inc.'s Response to Antoinette Woodland's Statement of Material Facts In Dispute was served via the electronic case filing (CM/ECF) system and first-class mail on Counsel for Plaintiff as follows:

>Jimmy A. Bell, Esq.
>The Law Offices of Jimmy A. Bell, P.C.
>9610 Marlboro Pike
>Upper Marlboro, MD 20772

>/s/
>John S. Ferrer