**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ANTOINETTE WOODLAND** | : | |
| | : | |
| | : | Case No.: 1:05cv01611 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **VIACOM INC.,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**OPPOSITION TO THE REASONABLENESS OF DEFENDANT'S REQUEST FOR ATTORNEY'S FEES**

COMES NOW, Jimmy A. Bell, Esq., and the Law Office of Jimmy A. Bell, PC, respectfully submits this Opposition to the Reasonableness of Defendant's Request for Attorney's Fees. For Cause, Plaintiff Counsel states as follows:

First this Court ordered that Plaintiff pay Defendant fees incurred with the filing of its Motion to Compel. Moreover, Defendant was ordered to file a petition seeking fees and expenses in reference to its filing of Defendant's Motion to Compel. See Order dated March 6, 2008. Here, Defendant's Affidavit filed with this Court complies with neither of the above orders. Defendant has filed the Affidavit of John Ferrer Itemizing Attorneys' Fees and Costs Incurred by Defendant. This is the only affidavit filed, despite the fact that Defendant is claiming to have incurred fees for two attorneys, neither of which has submitted an affidavit outlining their experience and/or the work alleged to have been spent on the instant Motion. Accordingly, because Attorney Ferrer cannot attest to the work done by Attorney Speights or Hankin and neither has submitted an affidavit on their own behalf, all charges associated with Attorney Speights and Hankin must be stricken. These fees total $669.50 and because they have not been substantiated properly, must be stricken and not assessed against Plaintiff.


created using
BCL easyPDF
Printer Driver
Click here to purchase a license to remove this image

Furthermore, as this Court order fees to be paid as incurred in the filing of the Motion to Compel, all fees associated with Defendant's emails to Plaintiff's Counsel, from Defense Counsel to its client, and telephone calls to the Court are inappropriate and must not be awarded. In Tequila Centinela, S.A. DEC.V. v. Bacardi Co. Ltd., Civil Action No.: 04-cv-02201-RCL (Decided March 4, 2008), Exhibit A, the Court found that fees associated with discussions regarding ongoing discovery issues do not necessarily constitute fees awardable by this Court in reference to Defendant's Motion to Compel. The Court further found that an order regarding fees incurred in the filing of a Motion to Compel did not encompass discussions regarding ongoing discovery issues and stated that any award should be reduced by the amount reflecting such ongoing issues. Id. Accordingly, the fees associated with Defendant's emails and telephone conversations, which total $840.00, and were not incurred in the filing of Defendant's Motion to Compel must be stricken and not assessed against Plaintiff.

Moreover, Defendant's Affidavit does not specify any details as to the experience of any of the attorneys for whose work costs and fees are being sought. Defendant has also failed to identify the fees customarily charged by each attorney and instead relies solely on the Laffy Matrix as the basis for the hourly rate identified for each attorney. The reasonable hourly rate of an attorney is based on the prevailing market rate commanded by lawyers of similar skill, experience, and reputation in the relevant community. Xiao-Yue Gu, 127 F.Supp.2d at 767. The burden is on the fee applicant to substantiate the hours worked and the rates claimed. Id.

In Hensley v. Eckerhart, the Supreme Court would not allow a recovery of fees where Defendant had not substantiated the attorney's billing rate and where the work performed was redundant. 461 U.S. 424, 434 (1983). Specifically, the Court noted that the affidavit provided to not supply any information regarding the attorney's level of skill and experience. Id. Moreover,


created using
BCL easyPDF
Printer Driver
Click here to purchase a license to remove this image

Defendant has supplied no information regarding he customary billing rate for any of the attorneys for which fees are being claimed as required when petitioning a court for an award of fees. See generally, Id.

Here, Defendant's Affidavit gives only minimal information regarding the skill level of the attorneys for whom fees are being sought, said information is limited only to the year of graduation and conclusory statements attesting to the fact that Attorney Speights has "substantial" experience and Attorney Ferrer has "litigated numerous unfair labor practice cases." Affidavit of Ferrer at 2. Despite Defendant's claim that Attorney Ferrer has litigated numerous unfair labor practice cases, a quick search of pacer reveals that Defendant has participated in only three cases, all involving the same Defendants. Defendant has not submitted an affidavit for either Attorney Speights or Hankin and thus cannot make the required showing regarding customary fees, work performed, or skill and/or experience regarding either attorney and all such fees must be striken. Furthermore, Defendant has not provided any details regarding the customary fee for Attorney Ferrer, nor the level of skill or experience possessed by Attorney Ferrer, thus there is not any basis upon which this Court can award fees in the amount of $420.00 as requested by Defendant for the work performed by the same. Accordingly the fees itemized in Defendant's affidavit are unreasonable and must not be awarded.

Finally, Defendant's Motion, being only three pages in length and citing not a single case, Defendant's request for fees in the amount of $1134.00 is unreasonable and not justifiable in light of the simplicity of Defendant's Motion to Compel. Defendant's Motion was not complex, nor did the subject matter of Defendant's Motion present any unique or unusual legal issues requiring extensive research. Defendant can satisfy its burden of demonstrating that its time was reasonably spent by submitting " 'sufficiently detailed information about the hours



logged and the work done' that permits the district court to 'make an independent determination whether or not the hours claimed are justified.' " Cobell v. Norton, 231 F. Supp. 2d 295, 306 (D.D.C. 2002) (quoting Nat'l Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1327 (D.C. Cir. 1982)). Here, although this Court ordered that Defendant submit business records in support of the amount sought, Defendant has not submitted any such documents, but rather has drafted a document outlining the fees it is claiming. See Defendant's Exhibit 2, attached to Defendant's Affidavit. Defendant has not submitted a bill or invoice detailing what it actually charged its client in relation to this motion, nor submitted any documentation upon which this Court could determine that the hours Defendant allegedly worked were actually performed and if performed, were reasonable in relation to the Motion filed. See Id.; see generally, Affidavit of Ferrer. In Tequila Centinela, S.A. DEC.V. v. Bacardi Co. Ltd., Civil Action No.: 04-cv-02201-RCL (Decided March 4, 2008), the Court found that because Defendant had not submitted any bills documenting the amount actually charged to the client in drafting the Motion, Defendant could not recover for fees not actually charged to the client.

Thus the above fees are not reasonable and must not be assessed against Plaintiff as Defendant has not submitted any proof that the fees requested are reasonable, nor that they are fees that were actually charged to the client regarding the drafting of its Motion to Compel.

**CONCLUSION**

Plaintiff's Counsel respectfully requests that this deny Defendant's request for attorney's fees as said request is unreasonable, unsubstantiated and not in compliance with the order of this Court.

Respectfully submitted

______________________________


created using BCL easyPDF Printer Driver Click here to purchase a license to remove this image

Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, Maryland 20772
(301) 599-7620
(301) 599-7623 (FAX)
Bar No. MD 14639

