UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TEQUILA CENTINELA, S.A. de C.V., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-02201 (RCL) |
| BACARDI & COMPANY LIMITED, | ) ) ) | |
| Defendant. | ) ) ) | |

### MEMORANDUM OPINION

This matter comes before the Court on the plaintiff's Motion [46] for Attorneys' Fees and Costs. Upon consideration of the motion, the opposition and reply thereto, the record herein, and the applicable law, the Court concludes that plaintiff is entitled to reasonable costs in the amount of $33,382.16.

### I. BACKGROUND

The plaintiff, Tequila Centinela, S.A. de C.V., ("Centinela"), brought this action seeking review and reversal of the March 5, 2003, February 24, 2004, and October 19, 2004 Decisions and Orders of the Trademark Trial and Appeal Board (TTAB) to the extent they were adverse to Centinela. (*See* Pl.'s Mot. Att'ys Fees 1.) A scheduling order and discovery plan was issued on March 7, 2005. On April 24, 2006, Centinela filed a motion to compel discovery requesting an order directing defendant Bacardi & Company Limited ("Bacardi") to: (1) execute the parties' Stipulated Protective Order; (2) serve a log of documents withheld due to claims of privilege or work product; (3) produce for deposition a knowledgeable Rule 30(b)(6) witness to testify as to

matters known or reasonably available to Bacardi as listed in Centinela's Notice of Deposition; (4) respond in full to Centinela's Interrogatories Nos. 2–4; (5) serve a verification of Bacardi's answers to Centinela's interrogatories by an authorized representative; produce documents responsive to Centinela's Requests for Production of Documents and Things Nos. 4, 7, 8, 10, 12–28, and 36–38; and (7) respond properly and in full to Centinela's Requests for Admissions Nos. 28, 31–42, 61, and 62.

On March 29, 2007, this Court granted in part and denied in part Centinela's First Motion [14] to Compel Discovery. As a result, Bacardi had to provide the following discovery requests to Centinela by April 12, 2007: a log of documents withheld due to claims of confidentiality, privilege, or attorney work product; a knowledgeable representative or representatives under Federal Rule of Civil Procedure 30(b)(6) for deposition; full and complete responses to Centinela's Interrogatories Nos. 2 and 3 provided that such information is not privileged; documents responsive to certain of Centinela's document requests; and full and complete responses to certain of Centinela's requests for admissions. (*See* Order 1–2, March 29, 2007.)

On April 12, 2007, in response to the Court's Order, Bacardi provided its supplemental discovery responses. Dissatisfied with those responses, Centinela filed its Second Motion [35] to Compel Discovery on May 7, 2007. In that motion, Centinela sought an order directing Bacardi to: (1) produce all documents withheld on the grounds of confidentiality; (2) serve a list of documents produced corresponding to the categories of Centinela's document requests; (3) respond in full to Centinela's Interrogatories Nos. 2 and 3 (and produce the documents referred to in Bacardi's answers thereto). (*See* Pl.'s Mot. Att'ys Fees 3.) Centinela further requested that the Court impose sanctions upon Bacardi for failure to comply with the Court's March 29, 2007

Order. (*See id*.)

Bacardi filed its opposition to Centinela's Second Motion to Compel on May 21, 2007. Accompanying service of its opposition papers, Bacardi: (a) signed and returned the parties' Stipulated Protective Order; (b) produced its confidential documents; (c) served a list of documents produced corresponding to the categories of Centinela's documents requests; and (d) provided supplemental responses to Centinela's Interrogatories Nos. 2 and 3. (*See id*.)

This Court's Memorandum and Order dated June 28, 2007, granted in part and denied in part Centinela's Second Motion to Compel Discovery and for Sanctions. (*See* Memorandum and Order 10, June 28, 2007.) Since Bacardi had already signed and returned the parties' Stipulated Protective Order and produced its confidential documents, that part of Centinela's motion was denied as moot. (*See id*. at 11.) The Court also denied as moot Centinela's request to compel Bacardi to provide a list of all documents produced corresponding to Centinela's document requests. (*See id*.) The Court denied Centinela's request to compel Bacardi to respond in full to Interrogatory No. 3, finding that there had been no waiver of Bacardi's work product immunity as to that interrogatory. (*See id*. at 7–8.)

Centinela's request to compel was granted, however, as to Interrogatory No. 2. Finding that Bacardi failed to comply with the Court's March 29, 2007 Order, the Court directed Bacardi to provide a full and complete response to Interrogatory No. 2 within 10 days of the Court's Order. (*See id*. at 10–11.)

As for sanctions, this Court ruled that Bacardi had no substantial justification for its discovery failures and issued an order requiring Bacardi to pay Centinela for reasonable attorney's fees associated with filing the Second Motion [35] to Compel. (*See id*. at 11.) In the

3

memorandum opinion supporting its order, this Court explained that, "Centinela is victorious in its motion [35] to compel Bacardi to respond fully to Centinela's Interrogatories No. 2. Furthermore, although the Court did not waive Bacardi's work product immunity concerning Interrogatory No. 3, sanctions are appropriate for Bacardi's failure to include all communication on its initial non-production log." (*Id*. at 8–9 (citation omitted).)

Centinela filed this Motion [46] for Attorneys' Fees and Costs on July 13, 2007, pursuant to Federal Rule of Civil Procedure 37 and this Court's June 28, 2007 Order. In its motion, Centinela seeks attorneys' fees in the amount of $56,593.80, and costs in the amount of $8,578.58 for hours spent on Centinela's Second Motion to Compel Discovery. (*See* Pl.'s Mot. Att'ys Fees 15.) Centinela further seeks attorneys' fees in the amount of $19,844.00, and costs in the amount $77.00 for hours spent on the instant motion for fees and costs. (*See id*. at 16.) Total fees and costs sought by Centinela amount to $85,093.38. (*See id*. at 18.) Centinela's motion was followed by an opposition filed August 1, 2007, and a reply thereto filed August 10, 2007. It is the motion for attorneys' fees and costs and the filings responsive to it that are presently before this Court.

## II. ANALYSIS

### A.   Legal Standard

Under Rule 37, the district court has broad discretion to impose sanctions for discovery violations, and to determine what sanctions to impose. *Kister v. District of Columbia*, 229 F.R.D. 326, 329 (D.D.C. 2005) (citing *Bonds v. District of Columbia*, 93 F.3d 801, 807 (D.C. Cir. 1996) (citations omitted)) (internal quotation omitted). The proper method of awarding attorneys' fees for a violation of Rule 37 is the lodestar method, in which the court multiplies a

reasonable hourly rate by a reasonable number of hours expended. *Cobell v. Norton*, 231 F. Supp. 2d 295, 300 (D.D.C. 2002) (Lamberth, J.) (citing *Weisberg v. FBI*, 749 F.2d 864, 872–73 (D.C. Cir. 1984) (determining a fee for a Rule 37 sanction by applying *Nat'l Ass'n of Concerned Veterans v. Sec. of Defense*, 675 F.2d 1319 (D.C. Cir. 1982), which advocated the use of the lodestar method)). The burden is on the moving party to prove that the request for attorneys' fees is reasonable. *See Kister*, 229 F.R.D. at 329 (citing *Stein v. Foamex Int'l, Inc.*, 204 F.R.D. 270, 271 (E.D. Pa. 2001)). "However, if the party opposing the fee request objects with specificity the Court has a great deal of discretion to adjust the fee award in light of those objections." *Id.* (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)) (internal quotation omitted).

**B.     Reasonableness of the Hourly Rate**

To determine the proper compensation, the Court must set a reasonable hourly rate, or lodestar, to apply to each attorney's time. *Blum v. Stenson*, 465 U.S. 886, 888 (1984). The Court must choose a rate that is sufficient to attract competent counsel, but not so excessive as to produce a windfall. *See Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4, 16 (D.C. Cir. 1984). Generally, this means that the rates must be in line with rates charged by other attorneys of comparable skill, reputation, and ability within the community. *Id.*

In the instant matter, Centinela provided the Court with, *inter alia*, the *Laffey* Matrix 2003–2007, to support the general reasonableness of its attorneys' hourly rates. (*See* Pl.'s Mot. Att'ys Fees 16.) Defendant Bacardi does not dispute the hourly billing rates of Centinela's counsel used in its fee calculations. (*See* Def.'s Opp'n 3.) Rather, Bacardi accepts Centinela's proposed hourly rates as being the reasonable hourly rates prevailing in the community for similar work. (*Id.*) Accordingly, this Court will calculate the award based upon the proposed

hourly billing rates of Centinela's counsel.

C.   **Reasonableness of the Number of Hours Expended**

The Court must next determine whether the number of hours expended on the litigation is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Centinela claims that it is entitled to be compensated for 199.08 hours of attorney and support staff time in the amount of $56,593.80 for time spent on its Second Motion to Compel.  (*See* Pl.'s Mot. Att'ys Fees 15.) Centinela claims that another 84 hours of attorney and support staff time was spent on its present fee request amounting to an additional $30,824.  (*See id*. at 16; Pl's. Reply 1.)  Bacardi contests the number of hours that Centinela claims it spent on both filings.  Bacardi argues that Centinela included time spent on unrelated issues and on issues on which it did not prevail, and that the amount of time Centinela spent preparing the motions was "grossly unreasonable and excessive." (Def.'s Opp'n 4.)  The Court will address each of Bacardi's challenges below.

1.   **Centinela's Second Motion to Compel**

a.   **Time Spent on Ordinary Litigation Activities**

Bacardi states that among the hours Centinela claims to have spent on its Second Motion to Compel, a number of those hours reflect time spent indexing, organizing and reviewing documents that were produced by Bacardi in response to the Court's March 29, 2007 Order and in its opposition papers to Centinela's Second Motion to Compel.  (*Id*. at 8.)  Bacardi claims that any document review efforts "are the ordinary and necessary activities which any litigant must undertake when it requests production of documents and receives thousands of pages of such documents." (*Id*.)  These efforts, according to Bacardi, were unnecessary to Centinela's filing of its Second Motion to Compel Discovery and did not contribute to the basis for the sanctions

6

imposed. (*See id*.) Bacardi therefore asks the Court to deduct hours spent on document review from its calculation of reasonable attorneys' fees. (*See id*.) Centinela asserts that in order to prepare its reply papers, a review and analysis of the recently produced documents was necessary for Centinela to consider whether Bacardi had fully complied with the Court's March 29, 2007 Order. (Pl.'s Reply 6–7.) According to Centinela, the document review would not have been necessary but for Bacardi's unfair discovery tactics. (*Id*. at 7.)

This Court has previously noted that "the causal connection between defendants' violations of Rule 37 and reasonable expenses incurred by plaintiff was 'not to be taken lightly.'" *Cobell*, 231 F. Supp. 2d at 303 (quoting *Cobell v. Babbitt*, 188 F.R.D. 122, 127 (D.D.C. 1999) (Lamberth, J.)). "Rather, '[a] near 'but for' relationship must exist between the Rule 37 violation and the activity for which fees and expenses are awarded.'" (*Id*.) Here, Centinela has fallen short of the required "near but for" standard. The documents that Bacardi produced in response to the Court's March 29, 2007 Order and along with its opposition papers were documents that were sought by Centinela. As such, Centinela would have had to organize, index and review these documents in any event as an ordinary and necessary litigation activity. The Court does not ignore that Centinela expedited its handling and review of the materials so that it could prepare an adequate reply on its Second Motion to Compel, however, the Court will not award attorneys' fees on this basis alone. On the other hand, Centinela is entitled to payment for the limited number of hours spent comparing the documents produced by Bacardi with its non-production log and with Centinela's document requests.[1] Unlike the remaining document review activities,

---

[1] This time includes billing entries from David H. Aleskow on May 31, 2007, and Shemal Ahmed on June 1, 2007.

the Court finds that these efforts are reasonably linked to Centinela's preparation of its reply memorandum in further support of its Second Motion to Compel.  Accordingly, the Court will reduce the number of hours claimed by Centinela by 85.1 hours which amounts to **$16,563**.  The Court's reduction reflects hours spent on document review or related activities (i.e. document indexing, labeling, etc.) by the following attorneys and support staff on the following dates: (1) Jonathan Hudis's entries dated April 13, 16, 17, 2007, May 24, 25, 28–31, 2007; Stacey L. Campbell's entries dated April 17, 24–25, 27, 2007, May 30–31, 2007, June 6, 12, 13–15, 19–21, 25, 2007; Jeffrey H. Kaufman's entries dated May 24–25, 2007; David H. Aleskow's entries dated May 24–25, 30, 2007, June 4–5, 2007; and Shamal Ahmed's entry dated May 30, 2007.[2]

      Similarly, Bacardi further argues that Centinela has improperly included in its fee request hours spent on ordinary and necessary litigation activities such as strategy, settlement discussions, client management, discovery deposition preparation.  (*See* Housey Decl. ¶ 8.)  The Court agrees that these sorts of activities lack the "near but for" relationship with Bacardi's Rule 37 violation and should not be included the fee award.  Centinela argues, however, that activities such as attorney conferences and client communications concerning Bacardi's lack of cooperation during discovery are properly included in its fee request even where those activities are not directly related to the Second Motion to Compel.  (*See* Pl.'s Reply 4–7.)  While Centinela is

---

[2] Some of these entries reflect an overlap between time spent on document review or related activities and time spent on other litigation related activities such as strategy and correspondence.  (*See, e.g.*, Jonathan Hudis's entry dated April 16, 2007 (listing 2.1 hours for time spent on Hudis's review of Bacardi's supplemental responses, review of e-mail correspondence from Bacardi's counsel, and preparation of e-mail correspondence forwarding documents re-sent by Bacardi.)  Because the Court finds that both categories of activities constitute ordinary litigation activities unnecessary for Centinela's Second Motion to Compel, the Court sees no basis for it to attempt to segregate the time spent on each activity.

8

entitled to hours reasonably spent on its motion, "[i]t does not necessarily follow that 'the amount of time *actually* expended is the amount of time *reasonably* expended.'" *Kister*, 229 F.R.D. at 330 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (emphasis added)). "A party is only entitled to compensation for the work that is 'useful and of a type ordinarily necessary' to secure the final result obtained from the litigation." *Id*. (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561 (1986) (citing *Webb v. Bd. of Educ. of Dyer County, Tenn.*, 471 U.S. 234, 235 (1985))). Here, time spent discussing ongoing issues such as the status of and adequacy of Bacardi's discovery responses do not necessarily constitute hours reasonably spent on filing the motion to compel nor do they directly arise from it. Moreover, while this Court does not doubt the necessity for Centinela to engage in internal discussions and activities concerning Bacardi's discovery failures, this Court's June 28, 2007 Order simply does not embrace such activity in its entirety. Rather, that Order is limited to reasonable attorney's fees associated with *filing* Centinela's Second Motion to Compel. (*See* Memorandum and Order 11, June 28, 2007.) As such, the Court will further reduce the number of hours claimed by Centinela by 32.48 hours which amounts to **$11,403.30**. The Court's reduction reflects hours spent on ordinary and necessary litigation activities by the following attorneys and support staff on the following dates: (1) Jonathan Hudis's entries dated April 12, 18–20, 23, 27, 2007, May 17–18, 23, 2007,[3] June 1, 12–15, 2007;[4] Stacey L. Campbell's entries dated May 21, 2007, June 5, 2007;

---

[3] Hudis's entry dated May 23, 2007, includes two components: an office conference related to the motion to compel and another office conference related to document organization. The time claimed for that date will therefore be reduced by 50%.

[4] Hudis's time entry dated June 1, 2007, includes two components: issues related to the motion to compel and issues related to document organization. The time claimed for that date will therefore be reduced by 50%. The same analysis applies to Hudis's time entry dated June 15,

Jeffrey H. Kaufman's entries dated April 13, 16, 18–19, 23, 2007, June 5, 12–13, 2007; and David H. Aleskow's entries dated April 20, 2007.

### b. Time Spent Between March 29, 2007 and April 12, 2007

The Court's March 29, 2007 Order gave 10 days for Bacardi to serve a privilege log, produce for deposition a Rule 30(b)(6) witness, serve responses to certain interrogatories, produce documents responsive to certain document requests and serve responses to certain requests for admissions. (*See* Order 1–2, March 29, 2007 [31].) Bacardi submitted its responses to the Court's Order on April 12, 2007. Bacardi challenges whether Centinela is entitled to reimbursement for time spent attempting to secure Bacardi's compliance with the Court's March 29, 2007 Order during the period between March 29 and April 12—the date Bacardi submitted its responses thereto. (*See* Def.'s Opp'n 9–10.) Bacardi argues that prior to April 12, 2007, Centinela could not have any belief, one way or the other, whether Bacardi would comply the Court's Order. (*See id*. at 10.) Thus, according to Bacardi, at no time prior to April 12, 2007 could Centinela reasonably contemplate the filing of a second motion to compel discovery. (*See id*.) It is impossible for this Court to determine the precise point when Centinela decided to file a second motion to compel—nor will it attempt to do so. However, Centinela has failed to establish that the expenses it seeks to recover for the period March 29 through April 12 directly arise from the filing of its Second Motion to Compel. As the Court has previously stated, its June 28, 2007 Order granting Centinela's motion for sanctions is limited to expenses related to the filing of its Second Motion to Compel. Accordingly, Centinela's fee award shall be further reduced by 14.5 hours which amounts to **$5,257.50**. This reduction reflects all time entries for

2007.

attorneys and support staff for the period March 29, 2007 through April 11, 2007.

    c.    **Further Reduction for Time Spent on Unsuccessfully Litigated Issues**

  Having reduced Centinela's attorneys' fees for time spent on matters not directly related to its Second Motion to Compel, Centinela has only claimed $23,370 in *reasonable* fees associated with filing the motion. Bacardi argues that this amount should be further reduced to reflect only those issues for which Centinela prevailed. (*See* Def.'s Opp'n at 6–7.) Attorney's fees are not recoverable for time expenses on issues on which the party seeking the fees did not ultimately prevail. *See Nat'l Ass'n of Concerned Veterans*, 675 F.2d at 1332–33 (D.C. Cir. 1982) (citing *Copeland*, 641 F.2d at 902 (D.C. Cir. 1980) (no compensation should be paid for time spent litigating claims upon which the party seeking the fee did not prevail)). In the instant matter, the single issue that was decided adversely to Centinela was its request to compel Bacardi to respond in full to Interrogatory No. 3.[5] (*See* Memorandum and Order 11, June 28, 2007.) And as to that issue, this Court specifically held that "although the Court did not waive Bacardi's work product immunity concerning Interrogatory No. 3, *sanctions are appropriate* for Bacardi's failure to include all communication on its non-production log." (*Id*. at 8 (emphasis added).)

  As for Centinela's Interrogatory No. 2, Bacardi claims that Centinela did not prevail on that issue since the Court found that Centinela already had all documents relevant to that interrogatory. While Bacardi correctly states the Court's finding, its conclusion is based on an incomplete reading of the Court's Order. To be sure, the Court granted Centinela's request to compel Bacardi to provide a full and complete response to Interrogatory No. 2 having found that

---

  [5] For the purposes of this analysis, the Court does not include requests that were denied as moot since those matters were only mooted due to Bacardi's latent decision to comply with the Court's March 29, 2007 Order.

Bacardi had failed to supplement that interrogatory with a formal response. (*See id*. at 5.)

Bacardi further claims that Centinela was unsuccessful in arguing in its reply memorandum that Bacardi had committed discovery violations in connections with continued problems with Bacardi's document production. (*See* Def.'s Opp'n 6–7.) However, the Court's June 28, 2007 Memorandum and Opinion reached no conclusions as to this issue. The Court therefore declines to further reduce Centinela's fees as Bacardi requests.

### d.     Overall Number of Hours Spent

Bacardi argues that the total amount of time Centinela spent on its Second Motion to Compel Discovery was grossly excessive. Bacardi therefore requests a 50% reduction of the hours found to have been actually expended on the motion. (*See* Def.'s Opp'n at 10–11 (citing *Cobell*, 188 F.R.D. at 126).) Bacardi further seeks a reduction for duplicative efforts of senior attorneys in their review of drafts of a junior associate. (*See* Housey Decl. ¶¶ 15–16.) As this Court has previously recognized, "[t]he touchstone inquiry is whether the time expended on particular tasks was reasonable. Parties cannot be reimbursed for nonproductive time or duplicative activities." *Cobell*, 231 F. Supp. 2d at 306 (quotation omitted). Moreover, the determination of how much to trim from a claim for fees is committed to the district court's discretion. *Id*. (quoting *Oklahoma Aerotronics, Inc. v. United States*, 943 F.2d 1344, 1347 (D.C. Cir. 1991) (internal quotation marks omitted)).

The first step in the Court's inquiry is to examine Centinela's individual time entries to determine whether each entry is detailed enough for this Court to determine independently whether the amount of time claimed is justified. Centinela has submitted electronic billing records that detail the time spent working its Second Motion to Compel. Based on the Court's in

depth review of these records, the Court finds that the time entries are sufficiently detailed and that there is no evidence that they are inaccurate.

Next, the Court must determine whether the hours claimed are reasonable. As a preliminary matter, the Court recognizes that Centinela's counsel already has reduced their requested fees by 50.73 hours amounting to $15,250.80 for billing entries that pertained to other matters in this case and for entries that the Court may view as duplicative. (*See* Confidential Kaufman Decl. ¶ 23.) As reflected in today's ruling, the only problem with Centinela's voluntary reduction is that it did not quite go far enough. Nonetheless, since this Court has already reduced the claimed number of hours from 199.08 to 67, *see* Section II.C.1.a and b, *supra*, Bacardi's request to further reduce the total hours by 50% is unwarranted. Rather, the Court will apply a 10% reduction to Centinela's fee award to further compensate for any billing of redundant time. This additional reduction brings Centinela's total fee award for time spent on its Second Motion to Compel to **$21,033**.

### 2. Motion for Attorney's Fees

Centinela seeks reimbursement for the preparation of its Motion for Attorneys' Fees. Specifically, Centinela claims that its attorneys and support staff spent 84 hours on the motion for a total amount of $30,824.[6] (*See* Pl.'s Mot. Att'ys Fees 16; Pl.'s Reply 1.) Bacardi urges the Court to reduce Centinela's claimed hours in proportion to the time spent calculating hours that were not spent preparing the Second Motion to Compel Discovery. (*See* Def.'s Opp'n at 12.)

---

[6] This total includes 55.15 hours (amounting to $19,844) to prepare the Motion for Attorneys' Fees and Costs, and 28.85 hours (amounting to $10,980) to prepare Centinela's (1) reply in further support of the fee motion; (2) reply in further support of sealing Centinela's confidential materials submitted in support of the fee motion; and (3) motion to strike Bacardi's papers in opposition to the fee motion as being untimely.

Within bounds, time reasonably devoted to obtaining attorney's fees in the context of litigation where the court must be petitioned for such an award is itself subject to an award of fees. *Cobell*, 231 F. Supp. 2d at 306–07 (quoting *Environmental Defense Fund v. EPA*, 672 F.2d 42, 62 (D.C. Cir. 1982)). The Court will not compensate a moving party, however, for time spent calculating hours not spent on the matters for which the opposing party was sanctioned. *See id*. at 307.

The Court finds that a reduction of hours spent preparing the fee request in proportion to the time excluded by the Court for preparing the motion to compel is an appropriate method to determine attorneys' fees in this case. Of the 199.08 hours that Centinela claimed were associated with filing its Second Motion to Compel, 132.08 hours, or approximately 66%, have been excluded by this Court. Therefore, the Court will reduce the amount of time that Centinela spent preparing its Motion for Attorneys' Fees and Costs by 66%, or 55.44 hours. That brings Centinela's claimed hours for preparing its fee request from 84 to 28.56 hours which translates into a fee award of **$10,480.16** (reducing Centinela's claimed fee of $30,824 by 66%).

**D.    Expenses**

Centinela seeks payment of $8,578.58 for expenses incurred in relation to its Second Motion to Compel and $77.00 for expenses incurred in relation to its Motion for Attorneys' Fees and Costs. Centinela's billing records include out-of-pocket costs for document imaging, photocopying, overnight courier services, and electronic research (Lexis). Bacardi argues that Centinela is not entitled to the payment it seeks because its expenses are not properly itemized. (Def.'s Opp'n 12–13.) Particularly, Bacardi asserts that Centinela's records fail to show that the expense was necessarily incurred in preparation of one of the two motions.

Out-of-pocket expenses such as reasonable photocopying, postage, long distance

telephone, messenger, and transportation and parking costs are customarily considered part of a reasonable attorney's fee. *Sexcius v. District of Columbia*, 839 F. Supp. 919, 927 (D.D.C. 1993) (citation omitted). Recovery is limited, however, to expenses associated with filing Centinela's Second Motion to Compel and its Motion for Attorneys' Fees and Costs. Under ordinary circumstances, Centinela's claim for expenses such as imaging, courier services, and photocopying would be compensable. Here, however, it is clear that much of the time claimed by Centinela in its fee request was spent on noncompensable activities unrelated to either of its two motions. Looking at Centinela's billing entries, this Court cannot determine what portion of Centinela's expenses was used toward the filing of the two motions, and what portion was used toward other litigation activities which are not compensable (i.e. document review). As this Court has already ruled, ordinarily necessary litigation efforts are not directly associated with the filing of Centinela's Second Motion to Compel and are therefore not compensable. This Court will therefore deny Centinela's request for payment of expenses that the Court cannot reasonably link to the preparation of one of the two motions. Of the $8,578.58 in expenses sought by Centinela, the Court will award **$1,869** in reasonable expenses. This amount includes expenses for electronic research (Lexis) charged on May 31, 2007 and June 30, 2007, since this Court can draw a reasonable link between the research and the motions filed. The award further includes $77.00 in photocopying expenses incurred in connection with the fee motion. Centinela's claim to the remaining expenses for imaging, courier, photocopying and postage charges will be denied.

### III. CONCLUSION

Based on the foregoing analysis, the Court will grant Centinela's Motion [46] for Attorneys' Fees and Costs as modified by this opinion for a total award of $33,382.16.

A separate order shall issue this date.


Signed by Royce C. Lamberth, United States District Judge, on March 4, 2008.