**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTOINETTE WOODLAND, | |
| **Plaintiff,** | |
| v. | Civil Action No. 05-1611 (PLF/JMF) |
| VIACOM INC., | |
| **Defendant.** | |

**MEMORANDUM OPINION**

In a Memorandum Order [# 33] dated March 6, 2008, this Court ordered that

plaintiff pay all reasonable attorneys' fees and costs incurred by defendant in filing

Defendant Viacom Inc.'s Motion to Compel Plaintiff's Responses to Defendant's

Discovery Requests ("Def. Mot.") [# 17].  Order (3/6/08) at 2.  I have before me

defendant's Affidavit of John S. Ferrer Itemizing Attorneys' Fees and Costs Incurred by

Defendant ("Affidavit") [# 34] and plaintiff's Opposition to the Reasonableness of

Defendant's Request for Attorney's Fees ("Opposition") [# 35].  This case has been

referred to me for management of discovery.  Referral Order [# 24] at 1.  The present

issue is a determination of the amount of reimbursement due.

**I.  Background.**

On August 1, 2007, this Court denied in part as moot Defendant Viacom Inc.'s

Motion to Compel Plaintiff's Responses to Defendant's Discovery Requests.  Order

(8/1/07).  This Court ordered plaintiff to show cause why she should not be ordered to

pay the fees and costs that defendant incurred in bringing the motion to compel due to

plaintiff's missing a deadline. Id.

On August 15, 2007, plaintiff responded to the Court's order and filed a <u>Response to this Court's Show Cause Order</u> [# 27].  Defendant filed <u>Defendant Viacom Inc.'s Reply to Plaintiff's Response to Order to Show Cause</u> [# 29] on August 29, 2007.  In a <u>Memorandum Order</u>, this Court ordered that plaintiff pay to defendant the fees and expenses incurred in filing the motion to compel.  Order (3/6/08) at 2.  The Court also ordered defendant to file a petition seeking fees and expenses, accompanied by business records that support the amount sought, within ten business days. <u>Id.</u>  The Court permitted plaintiff to file an opposition, limited to the reasonableness of the fees and costs, no later than ten business days after the filing of defendant's petition.  <u>Id.</u> Thereafter, defendant filed an Affidavit on March 20, 2008 and, in response, plaintiff filed an Opposition on March 31, 2008.  Defendant seeks $2,246.98 in attorneys' fees. Affidavit at 3.  Defendant did not incur and, thus, does not seek any additional costs.  <u>Id.</u>

## II.  Analysis.

In calculating plaintiff's fee award, the Court must determine:  (1) the reasonableness of the hourly rate charged; and (2) the reasonableness of the hours expended on the litigation.  <u>Covington v. District of Columbia</u>, 57 F.3d 1101, 1107 (D.C. Cir. 1995).

### 1.      The reasonableness of the hourly rate charged.

In this Circuit, "an attorney's usual billing rate is presumptively the reasonable rate, provided that this rate is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'"  <u>Kattan ex rel. Kattan v. District of Columbia</u>, 995 F.2d 274, 278 (D.C. Cir. 1993) (quoting <u>Blum</u>

v. Stenson, 465 U.S. 886, 895 n.11 (1984)).  Accord Miller v. Holzmann, 575 F. Supp. 2d 2, 12 n.20 (D.D.C. 2008).

According to the Affidavit, John S. Ferrer prepared the motion to compel along with attorneys Grace E. Speights and Stephanie L. Hankin.  Statement of Attorneys' Fees and Costs Incurred in Connection with Motion to Compel Plaintiff's Responses to Defendant's Discovery Requests in Antoinette Woodland v. Viacom, Inc., Case No:  05-1611 (PLF/JMF), Exhibit B to Affidavit ("Exhibit B").  Morgan, Lewis & Bockius charged defendant for work completed by Speights, Ferrer, and Hankin, on preparing the motion to compel, at a rate of $690/hr, $420/hr, and $295/hr, respectively, less a 15% discount.  Affidavit at 2-3.  Therefore, Morgan Lewis charged $586.5/hr, $357/hr, and $250.75/hr for work completed by Speights, Ferrer, and Hankin, respectively because the client was granted the discount from the firm's ordinary billing rates.  At the time the motion to compel was filed, Speights was a partner at Morgan Lewis and was 24 years out of law school, Ferrer was an associate at Morgan Lewis and was ten years out of law school, and Hankin was an associate at Morgan Lewis and was one year out of law school.  See Affidavit at 2.

Defendant claims the hourly rates charged are reasonable within the D.C. market and refers the Court to the Laffey Matrix.[1]  Affidavit at 1.  In opposition, plaintiff argues that defendant had not provided the Court with sufficient evidence to show that the hourly rates charged are reasonable.  Plaintiff argues that the evidence is insufficient because defendant did not supply enough information on the attorneys' level of skill and

---

[1] The Laffey Matrix is a table that lists appropriate rates to be charged by legal professionals based on education and experience.

experience, did not identify the attorneys' customary fee, and only compared the fees

charged by the attorneys with fees listed in the Laffey Matrix.  Opposition at 2-3.

This Court, however, "looks to the Laffey rates as establishing the market rates

for lawyers in this jurisdiction."  M.R.S. Enter., Inc. v. Sheet Metal Workers' Int'l Ass'n,

No. 05-civ-1823, 2007 WL 950071 at *3 n.3 (D.D.C. Mar. 29, 2007) (citing Lopez v.

District of Columbia, 383 F. Supp. 2d 18, 24 (D.D.C. 2003)).  As Chief Judge Lamberth

has recently stated:

> In 1983, then-Chief Judge Aubrey Robinson adopted an
> hourly rates scheme for complex, federal litigation under
> which an attorney's years of experiences determined his
> reasonable hourly rate.  Laffey v. Northwest Airlines, Inc.,
> 572 F. Supp. 354, 371-75 (D.D.C.  1983).  In the ensuing
> twenty-five years, this scheme, the Laffey matrix, has
> achieved broad acceptance in this Circuit and has served as
> a guide in nearly every conceivable type of case.

Miller, 575 F. Supp. 2d at 14.

According to the Laffey Matrix, at the time the motion was filed, an attorney 24

years out of school, an attorney 10 years out of school, and an attorney 1 year out of

school could reasonably charge $614/hr, $452/hr, and $255/hr, respectively.  Laffey

Matrix, Exhibit A to Affidavit at 1.  Because defendant seeks reimbursement for work

completed at hourly rates below the Laffey rates, the Court finds the rates reasonable.

Indeed, plaintiff does not even suggest how the Court could determine a more reasonable

rate than the one defendant proposes.

### 2.        The reasonableness of the hours expended on the litigation.

To determine the reasonableness of the number of hours expended on the

litigation, the fee petitioner must submit evidence to the court that supports the hours

worked.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The fee petitioner does not

need to present (1) the exact number of minutes spent on the litigation, (2) the precise activity to which each hour was devoted, or (3) the specific attainments of each attorney. Nat'l Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1327 (D.C. Cir. 1982) (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)). However, "the application must be sufficiently detailed to permit the District Court to make an independent determination whether or not the hours claimed are justified." Concerned Veterans, 675 F.2d at 1327.

### A. Sufficiently detailed description of the hours expended.

Plaintiff argues that the affidavit provided by Defendant is not "sufficiently detailed" to determine whether the hours claimed are justified because plaintiff did not submit any bills or invoices to the Court. Opposition at 4. Plaintiff cites Tequila Centinela, S.A. DEC.V. v. Bacardi & Co. Ltd., 248 F.R.D. 64 (D.D.C. 2008), for the proposition that a party cannot recover attorneys' fees when that party failed to submit bills evidencing the amount charged to the client. Id.

Plaintiff misstates Tequila Centinela. In Tequila Centinela, the defendant recovered attorneys' fees for two different motions. See 248 F.R.D. at 69, 72. In regard to costs, and not attorneys' fees, the Court stated "[l]ooking at [defendant]'s billing entries, this Court cannot determine what portion of [defendant]'s expenses w[ere] used toward the filing of the two motions, and what portion w[ere] used toward other litigation activities which are not compensable (i.e. document review)." Id. at 73. Accordingly, the defendant only recovered the costs that the Court could reasonably link to the motions filed. Id. The Court did not object to the form in which the defendant submitted

evidence of the hours expended, but rather found that the description of costs was not sufficiently detailed.  Id.

Defendant submitted the following table as Exhibit B to his Affidavit.  Affidavit at 3.

| Date | Attorney | Description | Hours | Amount |
|------|----------|-------------|-------|--------|
| 4/20/07 | JOHN FERRER | Prepare e-mail to J. Bell re: discovery requests and plaintiff's deposition | .20 | 84.00 |
| 4/26/07 | JOHN FERRER | Call with Judge's law clerk re: plaintiff's failure to respond to discovery requests; call and prepare e-mail to J. Bell re: same. | .80 | 336.00 |
| 4/27/07 | JOHN FERRER | Call with Judge's law clerk re: plaintiff's failure to respond to discovery requests; prepare e-mail to client re:  same | 1.00 | 420.00 |
| 4/30/07 | STEPHANIE HANKIN | Draft motion to compel plaintiff's responses to defendant's discovery requests | .80 | 236.00 |
| 4/30/07 | JOHN FERRER | Revise motion to compel discovery responses | 1.50 | 630.00 |
| 5/01/07 | GRACE SPEIGHTS | Review and revise motion to compel | .50 | 345.00 |
| 5/01/07 | STEPHANIE HANKIN | Prepare certification and proposed order for motion to compel discovery responses | .30 | 88.50 |
| 5/01/07 | JOHN FERRER | Finalize and file motion to compel discovery responses. | 1.20 | 504.00 |

The table provided by defendant itemizes the following:  the date the activity was performed, the attorney who personally expended time on the activity, a description of the activity, the amount of time expended on the activity (to the tenth decimal place), and

the pre-discount amount charged for the performance of that activity.[2]  Exhibit B.

Accordingly, the Court finds the table to be "sufficiently detailed" because it allows this

Court to "make an independent determination whether or not the hours claimed are

justified."  <u>Concerned Veterans</u>, 675 F.2d at 1327.

### B.  Format of fee petition.

Plaintiff argues that all time charged by Speights and Hankin must be stricken

from the award of attorneys' fees because neither attorney has submitted an affidavit on

her own behalf.  Opposition at 1.  Plaintiff argues that Ferrer cannot attest to the hours

billed by Speights or Hankin.  <u>Id.</u>  In his sworn affidavit, Ferrer states that he reviewed

Morgan Lewis's records in preparing the Affidavit and Exhibit B.  Affidavit at 2.

Specifically, Ferrer maintains that he reviewed the time and other expense charges that

Morgan Lewis incurred in preparing the motion to compel.  <u>Id.</u>  Ferrer avers that the

records he examined are "kept in the normal course of business and include itemized

statements of disbursement and descriptions of services rendered, the amount of time

spent, and the applicable hourly rates of attorneys and other personnel who perform

billable services in connection with this matter."  <u>Id.</u> at 2-3.

The Affidavit, which Ferrer swore to under penalty of perjury, sufficiently

describes the hours expended by Speights and Hankin on preparing the motion to compel.

If Speights and Hankin submitted affidavits to this Court, defendant would merely incur

additional expenses in filing the fee petition, while the Court would learn no more about

the hours charged than that already described in Ferrer's affidavit.  Therefore, the hours

---

[2] In defendant's table, the "Amount" was calculated by multiplying the amount of hours expended by the hourly rate, before the 15% discount.

expended by Speights and Hankin will not be stricken from the award of attorneys' fees

on the basis that each attorney failed to provide an affidavit on her own behalf.

**C.  Compensation for work that is useful and of a type ordinarily necessary.**

Defendant requests reimbursement of the total 6.3 hours that its counsel expended

on filing the motion to compel. <u>See</u> Exhibit B.  Speights, Ferrer, and Hankin respectively

spent 0.5, 4.7, and 1.1 hours preparing the motion. <u>Id.</u>  Of the 4.7 hours Ferrer expended

on preparing the motion to compel, he spent two hours preparing e-mails and placing

telephone calls.  <u>Id.</u>  Plaintiff argues that "all fees associated with defendant's e-mails to

Plaintiff's Counsel, from Defense Counsel to its client, and telephone calls to the Court

are inappropriate and must not be awarded."  Opposition at 2.  Plaintiff cites <u>Tequila</u>

<u>Centinela</u> in support of the notion that when a Court awards attorneys' fees for the filing

of a motion to compel, fees associated with discussions regarding ongoing discovery

issues are an inappropriate award. <u>Tequila Centinela</u>, 248 F.R.D. at 64.  Plaintiff

therefore requests the Court strike $840.00 from the award of attorneys' fees, reflecting

the itemized hours expended on 4/20/07, 4/26/07, and 4/27/07.[3]  <u>See</u> Exhibit B.  <u>Id.</u>

"A near 'but for' relationship must exist between the [Federal Rules of Civil

Procedure] Rule 37 violation and the activity for which fees and expenses are awarded."

<u>Cobell v. Babbitt</u>, 188 F.R.D. 122, 127 (D.D.C. 1999) (citing <u>Westmoreland v. CBS, Inc.</u>,

770 F.2d 1168, 1179 (D.C. Cir. 1985)).  Additionally, "[a] party is only entitled to

compensation for the work that is 'useful and of a type ordinarily necessary' to secure the

final result obtained from the litigation."  <u>Kister v. District of Columbia</u>, 229 F.R.D. 326,

330 (D.D.C. 2005) (quoting <u>Pennsylvania v. Del. Valley Citizens' Counsel for Clean Air</u>,

---

[3] The amount that plaintiff has requested the Court to strike from the attorneys' fee award does not reflect
the 15% discounted rates.

478 U.S. 546, 561 (1986)).  Here, Ferrer prepared two e-mails to plaintiff's counsel and

called plaintiff's counsel to discuss plaintiff's failure to respond to defendant's discovery

requests.  Exhibit B.  Ferrer doubtlessly engaged in these activities in order to comply

with local rule 7(m), which requires counsel to discuss an anticipated non-dispositive

motion with opposing counsel before filing.  See LCvR 7(m).  Ferrer also placed two

telephone calls to Judge Friedman's chambers to discuss plaintiff's failure to respond to

discovery requests.  Exhibit B.  Judge Friedman required counsel to "arrange a telephone

conference with the Court by contacting chambers" if "counsel [were] unable to resolve

[a] discovery dispute" on their own.  Scheduling Order [# 16] at 2.  Judge Friedman also

stated that "[c]ounsel shall not file a discovery motion without a prior conference with the

Court and opposing counsel."  Id.  Finally, Ferrer e-mailed his client regarding plaintiff's

failure to respond to discovery requests.  Exhibit B.

Plaintiff argues that the Court should disallow fees for the phone calls and e-

mails.  In support, plaintiff cites Tequila Centinela, where Chief Judge Lamberth refused

to accept Tequila Centinela's argument that "activities such as attorney conferences and

client communications concerning Bacardi's lack of cooperation during discovery are

properly included in its fee request *even where those activities are not directly related to

the Second Motion to Compel*."  Tequila Centinela, 248 F.R.D. at 70 (emphasis added).

Instead, Chief Judge Lamberth agreed with Bacardi that a close relationship must exist

between the expenses incurred and the motion to compel such that internal conferences

about the defendant's failure to comply with discovery responses were not automatically

compensable if they did not relate to the motion to compel.  See id. ("[T]ime spent

discussing ongoing issues such as the status of and adequacy of Bacardi's discovery

responses do not necessarily constitute hours reasonably spent on filing the motion to compel nor do they directly arise from it."); id. at 70 n.3 (reducing entry by 50% because entry contained both an office conference related to the motion and a conference related to document indexing).

The fees associated with the calls and e-mails made by defendant's counsel were not incurred because of an ongoing discussion about plaintiff's failure to respond to discovery. Rather, Ferrer's activities were "useful and of a type ordinarily necessary" to properly file the motion to compel, particularly in light of Judge Friedman's explicit request that the parties contact the Court prior to filing and the meet and confer requirement of the Local Rules. Furthermore, this Court has previously awarded a party the attorneys' fees incurred for discussions between counsel and the client, the judge, or opposing counsel, regarding motions or hearings. See, e.g., Cobell v. Norton, 231 F. Supp. 2d 295, 310-12 (D.D.C. 2002).

As such, the Court finds that the hours expended by Ferrer on April 20, 2007, April 26, 2007, and April 27, 2007 fall within the scope of this Court's Order.

### D.  Reasonableness of the hours expended.

While plaintiff argues that the defendant's e-mails and telephone calls are activities which are not associated with filing a motion to compel, plaintiff does not contend that the hours expended on these activities are unreasonable and I do not find the hours expended to be unreasonable.

Plaintiff, however, argues that the hours spent by defendant in preparing the motion to compel are unreasonable because defendant's counsel prepared a motion that is only three pages in length, did not cite a single case within that motion, and did not raise

any unique subject matter.  Opposition at 3.  The motion to compel includes the following:  a one page motion, a three page memorandum in support of the motion, a one page proposed order, a one page certification, a one page certificate of service, and five exhibits.  <u>See</u> Def. Mot.  Defendant's counsel spent 2.8 hours drafting and revising the motion, 0.3 hours preparing the proposed order and certification, and 1.2 hours finalizing and filing the motion.  Exhibit B.

While this was admittedly a small document in its final form, I do not find the hours expended to be unreasonable.  Accordingly, the Court will order reimbursement of defendant's requested 6.3 hours.

### III.  Conclusion.

For the reasons stated above, the Clerk is directed to enter a Judgment for the defendant in the amount of $2,246.98 in attorneys' fees.

Dated:  November 24, 2008

_____/S/_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE
