**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ANTOINETTE WOODLAND,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 05-1611 (PLF/JMF)** |
| **VIACOM INC.,** | |
| **Defendant.** | |

**MEMORANDUM OPINION**

In a Memorandum Order [# 33] dated March 6, 2008, this Court ordered that

plaintiff pay all reasonable attorneys' fees and costs incurred by defendant in filing

Defendant Viacom Inc.'s Motion to Compel Plaintiff's Responses to Defendant's

Discovery Requests ("Def. Mot.") [# 17].  Order (3/6/08) at 2.  I have before me

defendant's Affidavit of John S. Ferrer Itemizing Attorneys' Fees and Costs Incurred by

Defendant ("Affidavit") [# 34] and plaintiff's Opposition to the Reasonableness of

Defendant's Request for Attorney's Fees ("Opposition") [# 35].  This case has been

referred to me for management of discovery.  Referral Order [# 24] at 1.  The present

issue is a determination of the amount of reimbursement due.

**I.  Background.**

On August 1, 2007, this Court denied in part as moot Defendant Viacom Inc.'s

Motion to Compel Plaintiff's Responses to Defendant's Discovery Requests.  Order

(8/1/07).  This Court ordered plaintiff to show cause why she should not be ordered to

pay the fees and costs that defendant incurred in bringing the motion to compel due to

plaintiff's missing a deadline. Id.

On August 15, 2007, plaintiff responded to the Court's order and filed a <u>Response to this Court's Show Cause Order</u> [# 27].  Defendant filed <u>Defendant Viacom Inc.'s Reply to Plaintiff's Response to Order to Show Cause</u> [# 29] on August 29, 2007.  In a <u>Memorandum Order</u>, this Court ordered that plaintiff pay to defendant the fees and expenses incurred in filing the motion to compel.  Order (3/6/08) at 2.  The Court also ordered defendant to file a petition seeking fees and expenses, accompanied by business records that support the amount sought, within ten business days. <u>Id.</u>  The Court permitted plaintiff to file an opposition, limited to the reasonableness of the fees and costs, no later than ten business days after the filing of defendant's petition.  <u>Id.</u> Thereafter, defendant filed an Affidavit on March 20, 2008 and, in response, plaintiff filed an Opposition on March 31, 2008.  Defendant seeks $2,246.98 in attorneys' fees. Affidavit at 3.  Defendant did not incur and, thus, does not seek any additional costs.  <u>Id.</u>

I initially granted defendant's petition in the full amount requested, but have since determined that I did so under a mistaken assumption.  Consequently, I vacated that Judgment and accompanying Memorandum Opinion.  There was attached to defendant's initial submission a document, identified as Exhibit A, entitled "Laffey Matrix."  I incorrectly assumed that this was the Laffey Matrix as published by the Civil Division of the United States Attorney's Office for the District of Columbia.  I have now realized it is not.  It is the Laffey Matrix which is adjusted upward by the "nationwide legal services component of the Consumer Price Index."  <u>Miller v. Holzmann</u>, 575 F. Supp. 2d 2, 13 (D.D.C. 2008). While one judge of this Court has accepted this upward adjustment,

others, including myself, have not.[1] As Chief Judge Lamberth has stated of the

methodology that adjusts the Laffey matrix upward:

> Unlike the USAO's matrix, which calculates inflation based on the metropolitan D.C. Consumer Price Index ("CPI"), Kavanaugh's version relies on a legal services sub-component of the broader, national CPI. (See Kavanaugh Decl. ¶ 9, Ex. 4 to Mot. for Fees, Costs, and Expenses [930].)
>
> Kavanaugh's alternative methodology has achieved only limited acceptance in this District.  As he did in Salazar, Kavanaugh presents a well-reasoned, if condensed, economic argument for his index's superiority. (See id. ¶¶ 9-14.)  Nevertheless, after reviewing his declarations, the Court is not convinced. Kavanaugh's matrix incorporates price inflation data specific to the market for legal services, while the USAO matrix relies on data specific to the Washington, D.C. metropolitan area. (Id. ¶ 9.) Kavanaugh's matrix thus reflects *national* inflation trends, while the USAO matrix accounts for price inflation within *the local community*--a crucial distinction. As the Supreme Court and our Court of Appeals have both emphasized, rates used in calculating the lodestar should accord with those "prevailing in *the community*." Blum, 465 U.S. [886,] 896 n.11 [(1984)] (emphasis added); see also Covington v. District of Columbia, 57 F.3d 1101, 1108 (D.C. Cir. 1995) ("plaintiff must produce data concerning the prevailing market rates in *the relevant community*") (emphasis added). Kavanaugh's matrix does not comply with this mandate for geographic specificity. Hence, with due respect to its colleagues, the Court declines to adopt Kavanaugh's methodology.

Miller, 575 F. Supp. 2d at 17-18.  My earlier opinion concluded that the rates that

defendant's counsel charged their client were unquestionably reasonable because they

---

[1]  Compare Smith v. District of Columbia, 466 F. Supp. 2d 151, 156 (D.D.C. 2006) (Kessler, J) (approving) and Salazar v. District of Columbia, 123 F. Supp. 2d 8, 13-14 (D.D.C. 2000) (Kessler, J) (same) with M.R.S. Enters., Inc. v. Sheet Metal Workers Int'l Ass'n, No. 05-civ-1823, 2007 WL 950071 at *3-5 (D.C.C. Mar. 29, 2007) (Facciola, M.J.) (declining to adopt); Am. Lands Alliance v, Norton, 525 F. Supp. 2d 135, 148-149 (D.D.C. 2007) (Walton J.) (same); and Muldrow v. Re-Direct, Inc., 397 F. Supp. 2d 1, 3-4 & n3 (D.D.C. 2005) (Huvelle, J) (same).

were below the prevailing "Laffey Rates," taking on faith that the rates submitted to the Court were the ones adopted by the Court.  As the rates published by the U.S. Attorney's Office, which are the rates I recognize, are lower than the rates at issue here, my initial rationale for upholding those fees cannot stand.  Accordingly, this Memorandum Opinion revisits the issue of the reasonableness of the hourly rate charged in this case.

## II.  Analysis.

In calculating plaintiff's fee award, the Court must determine:  (1) the reasonableness of the hourly rate charged; and (2) the reasonableness of the hours expended on the litigation.  Covington v. District of Columbia, 57 F.3d 1101, 1107 (D.C. Cir. 1995).

### 1.      The reasonableness of the hourly rate charged.

In this Circuit, "an attorney's usual billing rate is presumptively the reasonable rate, provided that this rate is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'"  Kattan ex rel. Kattan v. District of Columbia, 995 F.2d 274, 278 (D.C. Cir. 1993) (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)); Miller, 575 F. Supp. 2d  at 12 n.20.

According to the Affidavit, John S. Ferrer prepared the motion to compel along with attorneys Grace E. Speights and Stephanie L. Hankin.  Statement of Attorneys' Fees and Costs Incurred in Connection with Motion to Compel Plaintiff's Responses to Defendant's Discovery Requests in Antoinette Woodland v. Viacom, Inc., Case No:  05-1611 (PLF/JMF), Exhibit B to Affidavit ("Exhibit B").  Morgan, Lewis & Bockius charged defendant for work completed by Speights, Ferrer, and Hankin, on preparing the motion to compel, at a rate of $690/hr, $420/hr, and $295/hr, respectively, less a 15%

discount.  Affidavit at 2-3.  Therefore, Morgan Lewis charged $586.5/hr, $357/hr, and

$250.75/hr for work completed by Speights, Ferrer, and Hankin, respectively because the

client was granted the discount from the firm's ordinary billing rates.  At the time the

motion to compel was filed, Speights was a partner at Morgan Lewis and was 24 years

out of law school, Ferrer was an associate at Morgan Lewis and was ten years out of law

school, and Hankin was an associate at Morgan Lewis and was one year out of law

school.  See Affidavit at 2.

      Defendant claims the hourly rates charged are reasonable within the D.C. market

and refers the Court to the updated Laffey Matrix.  Affidavit at 1.  As noted above,

however, I have previously declined to adopt the rates outlined in the updated Laffey

Matrix.  M.R.S. Enters., No. 05-civ-1823, 2007 WL 950071 at *3 n.3 (citing Lopez v.

District of Columbia, 383 F. Supp. 2d 18, 24 (D.D.C. 2003)).  The rates outlined in the

Laffey Matrix published by the US Attorney's Office permit fees of $440/hr, $315/hr and

$215/hr for work done in 2007 by Speights, Ferrer and Hankin, respectively.  See United

States Attorney's Office for the District of Columbia, *Laffey Matrix 2003-2009*,

http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_7.html (June 19,

2008).  These figures are unquestionably lower than those charged by Morgan, Lewis &

Bockius, but that fact does not make the rates unreasonable.

      I have repeatedly held that "the most fundamental economic analysis indicates

that, all things considered, the rate that [a firm] charges its clients is the market rate.  In

an efficient market, the price that competitors charge is driven down to the lowest price

any competitor charges."  Adolph Coors Co. v. Truck Ins. Exchange, 383 F. Supp. 2d 93,

98 (D.D.C. 2005); see also Novak v. Capital Mgmt. & Dev. Corp., 496 F. Supp. 2d 156,

159 (D.D.C. 2007) ("The so called Laffey Matrix is promulgated . . . to indicate to the bar

those rates to which the government will not object when fees are sought . . . [l]awyers,

of course, may charge whatever the market will bear."); Yazdani v. Access ATM, 474 F.

Supp. 2d 134, 138 (D.D.C. 2007) ("the current case involves two private litigants and the

best measure of what the market will allow are the rates actually charged").

Here Ferrer has declared under penalty of perjury the hourly rates that Morgan

Lewis & Bockius customarily charges, and the discounted rates charged in this matter.

Plaintiff has not presented any evidence to suggest that Ferrer is being untruthful.  See

Novak, 496 F. Supp. 2d at 159.  Accordingly, I find that the plaintiff has not rebutted the

presumption that the rates that Morgan Lewis & Bockius actually charged to its clients

were reasonable.

> **2.      The reasonableness of the hours expended on the litigation.**

To determine the reasonableness of the number of hours expended on the

litigation, the fee petitioner must submit evidence to the court that supports the hours

worked.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  The fee petitioner does not

need to present (1) the exact number of minutes spent on the litigation, (2) the precise

activity to which each hour was devoted, or (3) the specific attainments of each attorney.

Nat'l Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1327 (D.C. Cir.

1982) (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)).

However, "the application must be sufficiently detailed to permit the District Court to

make an independent determination whether or not the hours claimed are justified."

Concerned Veterans, 675 F.2d at 1327.

## A.  Sufficiently detailed description of the hours expended.

Plaintiff argues that the affidavit provided by Defendant is not "sufficiently detailed" to determine whether the hours claimed are justified because plaintiff did not submit any bills or invoices to the Court.  Opposition at 4.  Plaintiff cites Tequila Centinela, S.A. DEC.V. v. Bacardi & Co. Ltd., 248 F.R.D. 64 (D.D.C. 2008), for the proposition that a party cannot recover attorneys' fees when that party failed to submit bills evidencing the amount charged to the client.  Id.

Plaintiff misstates Tequila Centinela.  In Tequila Centinela, the defendant recovered attorneys' fees for two different motions.  See 248 F.R.D. at 69, 72.  In regard to costs, and not attorneys' fees, the Court stated "[l]ooking at [defendant]'s billing entries, this Court cannot determine what portion of [defendant]'s expenses w[ere] used toward the filing of the two motions, and what portion w[ere] used toward other litigation activities which are not compensable (i.e. document review)." Id. at 73.  Accordingly, the defendant only recovered the costs that the Court could reasonably link to the motions filed.  Id.  The Court did not object to the form in which the defendant submitted evidence of the hours expended, but rather found that the description of costs was not sufficiently detailed.  Id.

Defendant submitted the following table as Exhibit B to his Affidavit.  Affidavit at 3.

| Date | Attorney | Description | Hours | Amount |
|---|---|---|---|---|
| 4/20/07 | JOHN FERRER | Prepare e-mail to J. Bell re: discovery requests and plaintiff's deposition | .20 | 84.00 |
| 4/26/07 | JOHN FERRER | Call with Judge's law clerk re: plaintiff's failure to respond to | .80 | 336.00 |

| | | discovery requests; call and prepare e-mail to J. Bell re: same. | | |
|---|---|---|---|---|
| 4/27/07 | JOHN FERRER | Call with Judge's law clerk re: plaintiff's failure to respond to discovery requests; prepare e-mail to client re:  same | 1.00 | 420.00 |
| 4/30/07 | STEPHANIE HANKIN | Draft motion to compel plaintiff's responses to defendant's discovery requests | .80 | 236.00 |
| 4/30/07 | JOHN FERRER | Revise motion to compel discovery responses | 1.50 | 630.00 |
| 5/01/07 | GRACE SPEIGHTS | Review and revise motion to compel | .50 | 345.00 |
| 5/01/07 | STEPHANIE HANKIN | Prepare certification and proposed order for motion to compel discovery responses | .30 | 88.50 |
| 5/01/07 | JOHN FERRER | Finalize and file motion to compel discovery responses. | 1.20 | 504.00 |

The table provided by defendant itemizes the following:  the date the activity was performed, the attorney who personally expended time on the activity, a description of the activity, the amount of time expended on the activity (to the tenth decimal place), and the pre-discount amount charged for the performance of that activity.[2]  Exhibit B. Accordingly, the Court finds the table to be "sufficiently detailed" because it allows this Court to "make an independent determination whether or not the hours claimed are justified."  Concerned Veterans, 675 F.2d at 1327.

## B.  Format of fee petition.

Plaintiff argues that all time charged by Speights and Hankin must be stricken from the award of attorneys' fees because neither attorney has submitted an affidavit on her own behalf.  Opposition at 1.  Plaintiff argues that Ferrer cannot attest to the hours

---

[2] In defendant's table, the "Amount" was calculated by multiplying the amount of hours expended by the hourly rate, before the 15% discount.

billed by Speights or Hankin.  Id.  In his sworn affidavit, Ferrer states that he reviewed

Morgan Lewis's records in preparing the Affidavit and Exhibit B.  Affidavit at 2.

Specifically, Ferrer maintains that he reviewed the time and other expense charges that

Morgan Lewis incurred in preparing the motion to compel.  Id.  Ferrer avers that the

records he examined are "kept in the normal course of business and include itemized

statements of disbursement and descriptions of services rendered, the amount of time

spent, and the applicable hourly rates of attorneys and other personnel who perform

billable services in connection with this matter."  Id. at 2-3.

The Affidavit, which Ferrer swore to under penalty of perjury, sufficiently

describes the hours expended by Speights and Hankin on preparing the motion to compel.

If Speights and Hankin submitted affidavits to this Court, defendant would merely incur

additional expenses in filing the fee petition, while the Court would learn no more about

the hours charged than that already described in Ferrer's affidavit.  Therefore, the hours

expended by Speights and Hankin will not be stricken from the award of attorneys' fees

on the basis that each attorney failed to provide an affidavit on her own behalf.

**C.  Compensation for work that is useful and of a type ordinarily necessary.**

Defendant requests reimbursement of the total 6.3 hours that its counsel expended

on filing the motion to compel. See Exhibit B.  Speights, Ferrer, and Hankin respectively

spent 0.5, 4.7, and 1.1 hours preparing the motion. Id.  Of the 4.7 hours Ferrer expended

on preparing the motion to compel, he spent two hours preparing e-mails and placing

telephone calls.  Id.  Plaintiff argues that "all fees associated with defendant's e-mails to

Plaintiff's Counsel, from Defense Counsel to its client, and telephone calls to the Court

are inappropriate and must not be awarded."  Opposition at 2.  Plaintiff cites Tequila

Centinela in support of the notion that when a Court awards attorneys' fees for the filing

of a motion to compel, fees associated with discussions regarding ongoing discovery

issues are an inappropriate award. Tequila Centinela, 248 F.R.D. at 64.  Plaintiff

therefore requests the Court strike $840.00 from the award of attorneys' fees, reflecting

the itemized hours expended on 4/20/07, 4/26/07, and 4/27/07.[3] See Exhibit B.  Id.

"A near 'but for' relationship must exist between the [Federal Rules of Civil

Procedure] Rule 37 violation and the activity for which fees and expenses are awarded."

Cobell v. Babbitt, 188 F.R.D. 122, 127 (D.D.C. 1999) (citing Westmoreland v. CBS, Inc.,

770 F.2d 1168, 1179 (D.C. Cir. 1985)).  Additionally, "[a] party is only entitled to

compensation for the work that is 'useful and of a type ordinarily necessary' to secure the

final result obtained from the litigation." Kister v. District of Columbia, 229 F.R.D. 326,

330 (D.D.C. 2005) (quoting Pennsylvania v. Del. Valley Citizens' Counsel for Clean Air,

478 U.S. 546, 561 (1986)).  Here, Ferrer prepared two e-mails to plaintiff's counsel and

called plaintiff's counsel to discuss plaintiff's failure to respond to defendant's discovery

requests.  Exhibit B.  Ferrer doubtlessly engaged in these activities in order to comply

with local rule 7(m), which requires counsel to discuss an anticipated non-dispositive

motion with opposing counsel before filing.  See LCvR 7(m).  Ferrer also placed two

telephone calls to Judge Friedman's chambers to discuss plaintiff's failure to respond to

discovery requests.  Exhibit B.  Judge Friedman required counsel to "arrange a telephone

conference with the Court by contacting chambers" if "counsel [were] unable to resolve

[a] discovery dispute" on their own.  Scheduling Order [# 16] at 2.  Judge Friedman also

stated that "[c]ounsel shall not file a discovery motion without a prior conference with the

[3] The amount that plaintiff has requested the Court to strike from the attorneys' fee award does not reflect the 15% discounted rates.

Court and opposing counsel." Id.  Finally, Ferrer e-mailed his client regarding plaintiff's failure to respond to discovery requests.  Exhibit B.

Plaintiff argues that the Court should disallow fees for the phone calls and e-mails.  In support, plaintiff cites Tequila Centinela, where Chief Judge Lamberth refused to accept Tequila Centinela's argument that "activities such as attorney conferences and client communications concerning Bacardi's lack of cooperation during discovery are properly included in its fee request *even where those activities are not directly related to the Second Motion to Compel*."  Tequila Centinela, 248 F.R.D. at 70 (emphasis added).  Instead, Chief Judge Lamberth agreed with Bacardi that a close relationship must exist between the expenses incurred and the motion to compel such that internal conferences about the defendant's failure to comply with discovery responses were not automatically compensable if they did not relate to the motion to compel.  See id. ("[T]ime spent discussing ongoing issues such as the status of and adequacy of Bacardi's discovery responses do not necessarily constitute hours reasonably spent on filing the motion to compel nor do they directly arise from it."); id. at 70 n.3 (reducing entry by 50% because entry contained both an office conference related to the motion and a conference related to document indexing).

The fees associated with the calls and e-mails made by defendant's counsel were not incurred because of an ongoing discussion about plaintiff's failure to respond to discovery.  Rather, Ferrer's activities were "useful and of a type ordinarily necessary" to properly file the motion to compel, particularly in light of Judge Friedman's explicit request that the parties contact the Court prior to filing and the meet and confer requirement of the Local Rules.  Furthermore, this Court has previously awarded a party

the attorneys' fees incurred for discussions between counsel and the client, the judge, or opposing counsel, regarding motions or hearings.  See, e.g., Cobell v. Norton, 231 F. Supp. 2d 295, 310-12 (D.D.C. 2002).

As such, the Court finds that the hours expended by Ferrer on April 20, 2007, April 26, 2007, and April 27, 2007 fall within the scope of this Court's Order.

### D.  Reasonableness of the hours expended.

While plaintiff argues that the defendant's e-mails and telephone calls are activities which are not associated with filing a motion to compel, plaintiff does not contend that the hours expended on these activities are unreasonable and I do not find the hours expended to be unreasonable.

Plaintiff, however, argues that the hours spent by defendant in preparing the motion to compel are unreasonable because defendant's counsel prepared a motion that is only three pages in length, did not cite a single case within that motion, and did not raise any unique subject matter.  Opposition at 3.  The motion to compel includes the following:  a one page motion, a three page memorandum in support of the motion, a one page proposed order, a one page certification, a one page certificate of service, and five exhibits.  See Def. Mot.  Defendant's counsel spent 2.8 hours drafting and revising the motion, 0.3 hours preparing the proposed order and certification, and 1.2 hours finalizing and filing the motion.  Exhibit B.

While this was admittedly a small document in its final form, I do not find the hours expended to be unreasonable.  Accordingly, the Court will order reimbursement of defendant's requested 6.3 hours.

### III.   Conclusion.

For the reasons stated above, the Clerk's Judgment for the defendant in the amount of $2,246.98 in attorneys' fees, entered on November 24, 2008, is hereby reinstated.

Dated:  November 25, 2008                                    /S/
                                                  JOHN M. FACCIOLA
                                                  UNITED STATES MAGISTRATE JUDGE